1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MORRIS, on Behalf of Himself and all Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SOLARCITY CORP., <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff George Morris ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

## NATURE OF THE ACTION

1.      Between October 3, 2015 and October 20, 2015, Defendant SolarCity Corp. ("SolarCity" or "Defendant") made 10 robocalls to Plaintiff, George Morris, on his residential telephone in order to sell him solar panels.  These calls were made using a computer voice imitating a live call center representative.  Mr. Morris did not give SolarCity prior express written consent to make these calls.  In fact, Mr. Morris's phone number is listed on the National Do Not Call Registry.

2.      Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of SolarCity in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3.      Plaintiff George Morris is, and at all times mentioned herein was, a resident of Plano, Texas and a citizen of the State of Texas.

4.      Defendant SolarCity is a Delaware corporation with its principal place of business at 3055 Clearview Way, San Mateo CA 94402.  Defendant designs, finances and installs solar power systems.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in

the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

6.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

7.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District, a substantial part of the events giving rise to Plaintiff's claims took place within this District and Defendant's principal place of business is in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.     The Telephone Consumer Protection Act Of 1991**

8.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.     Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

10.     According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

11.     The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

12.     In addition, The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation [to] . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**B.     Defendant's Robocalls to Plaintiff and Class Members**

13.     Prior to the calls at issue in this action, Plaintiff had never had any contact with Defendant.  Plaintiff has never consented in writing, or otherwise, to receive telephone calls from Defendant.  Plaintiff has never provided Defendant with his residential telephone number.

14.     Plaintiff's residential telephone number has also been listed on the National Do Not Call Registry since at least 2011.

15.     The following chart shows each date and time that Defendant called Plaintiff on his residential telephone number to sell him solar panels, the phone number that Defendant used to place the calls and whether the calls were made by an artificial or prerecorded voice or a live caller:

<u>**Defendant's Calls to Plaintiff**</u>

| <u>**Date**</u> | <u>**Time**</u> | <u>**Number Calling**</u> | <u>**Type of Call**</u> |
|---|---|---|---|
| 10/3/2015 | 2:05:44 PM | (530) 378-3060 | Artificial/Prerecorded Voice |
| 10/6/2015 | 12:07:30 PM | (714) 782-9030 | Artificial/Prerecorded Voice |
| 10/6/2015 | 2:27:54 PM | (301) 804-9035 | Artificial/Prerecorded Voice |
| 10/6/2015 | 3:35:35 PM | (301) 804-9035 | Artificial/Prerecorded Voice |
| 10/6/2015 | 5:51:51 PM | (301) 804-9035 | Artificial/Prerecorded Voice |
| 10/12/2015 | 9:34:52 AM | (602) 687-4901 | Artificial/Prerecorded Voice |
| 10/12/2015 | 3:52:08 PM | (847) 429-3132 | Artificial/Prerecorded Voice |
| 10/17/2015 | 1:56:10 PM | (520) 686-5187 | Artificial/Prerecorded Voice |
| 10/19/2015 | 2:13:56 PM | (520) 686-5187 | Artificial/Prerecorded Voice |
| 10/20/2015 | 1:43:31 PM | (520) 686-5187 | Artificial/Prerecorded Voice |
| 10/21/2015 | 3:21:32 PM | (877) 373-7652 | Live |

16.     In total, Defendant called Plaintiff at least 10 times using an artificial or prerecorded voice without his prior express written consent, and once with a live caller despite the fact that his residential telephone number is on the National Do Not Call Registry.

17.     When Plaintiff answered these calls, or called back one of these numbers to see who was trying to contact him, he was greeted by a computer-generated voice imitating a live call center representative who identified herself as "Rochelle."  "Rochelle" told Plaintiff that she was calling "to provide free of cost consultation on solar program with no obligation so you can have solar panels with no money out of your pocket."

18.     During each call, "Rochelle" robotically and with the exact same intonation asked Plaintiff the same questions over and over again, including:

- Are you the home owner?
- Is it a single family home?
- Are there any big trees or buildings around your house that may block the sun from hitting your roof?
- What is your average electrical billing this year?  Is it over $100?
- What is your highest and lowest electrical bill?
- What is the name of your current electricity provider?
- What is your zip code?

19.     When Plaintiff asked to speak to a live person or a supervisor, "Rochelle" would either keep asking questions, laugh without responding, claim that she was a live person or hang up.

20.     On one call, "Rochelle" stated that "a senior solar consultant will contact you shortly to provide you all the information.  They may do this using an autodialer, e-mail or text message which will override any do not call registry.

Would this be ok?"  Plaintiff declined to consent and asked that Defendant not call him back, but this did not stop Defendant from repeatedly calling him thereafter.

21.     Online consumer complaints regarding Defendant's unsolicited telemarketing robocalls from these same numbers are legion:

- Got a call from josh at solar city...said they were looking for Carlos.  No one in my home is named Carlos?![1]

- Keeps calling claiming that we made an inquiry into solar, but we did not.  Never do business with Solar City![2]

- Lead generator Solar America called today, followed soon after by a call from SolarCity using this 877 #. . . .  Then told caller I'm not interested, but since then they've called 6x+ after buying leads from outfits like Solar America. The left hand at SolarCity doesn't know what the right hand is doing!![3]

- I wasn't sure what this was, so I called back and sure enough it was Solar City.  They tried to tell me my neighborhood homes were getting solar panels and that they were saving half of their utility bills.  My neighborhood is older and for the most part the homes do not have solar panels, nor do I see them going in.  So, I told them I am not interested in having a sales person come to my home and tell me all about solar panels. NOT INTERESTED! So, I said politely no and then hung up on them.  Then, not more than 30 seconds later, I get a call from the 877 number and let it go to voice mail.  They did leave a message for me to call back, which I don't plan to.  I'm not sure where they got my phone number, as I didn't sign up on any website saying I was interested in their product.  I will probably block their number from future calls. Don't know what else I can do.[4]

- This gal called me two times today... each time I had to say hello twice before the caller responded.  It is a solar sales company.  The first time this morning I asked that my number be removed as I am on the Do Not Call List.  She was actually rude!!!  And she did say my number would be removed immediately.  But low and behold, a few hours later I received another call with the same no response to my hello for a few

---

[1] http://800notes.com/Phone.aspx/1-877-373-7652
[2] *Id.*
[3] *Id.*
[4] *Id.*

seconds and it was the same gal.... then insisted her spiel would not take long....  It didn't ... thanks to my click that ended the call.[5]

- I am on the National Do Not Call List, evidently it does not seem to bother these people.  Why can't something be done to stop this from happening???[6]

- They called my cell and an automated system said, "I'm sorry, a representative is currently busy" and then a woman picked up and asked about me being a homeowner and that she was from some solar business. I asked her to remove me from her list and she kept asking questions, and when I told her a second time to remove me she hung up.[7]

- They called my work number and an automated system said, "I'm sorry, a representative is currently busy".  I hung up before anyone came on. Repeated calls with automated system.[8]

- Another solar call I read all the posts and it's the same thing on my side[9]

- this number has called my cell phone 7 times in last 48 hrs, they leave no message, and when I went to call them back the line doesnt even ring.[10]

- multiple calls between 6 and 630 am[11]

- Continuously keep calling when asked to be removed from their calling list.[12]

- I have told these people numerous times not to call me I wasn't interested I don't know how they got my number when I asked them they wouldn't tell meI told them not to call me anymore and take me off their call list and yet they still continue to call and I continue to hang up[13]

- Told them to take me off the calling list. They call three to four times a day.[14]

---

[5] http://800notes.com/Phone.aspx/1-602-687-4901
[6] *Id.*
[7] http://800notes.com/Phone.aspx/1-714-782-9030
[8] *Id.*
[9] *Id.*
[10] http://800notes.com/Phone.aspx/1-530-378-3060
[11] *Id.*
[12] https://www.callercenter.com/530-378-3060.html
[13] http://www.whytheycalled.com/530-378-3060/
[14]

- Trying to sell solar but keep telling them i dont own a home. Pls stop calling.[15]

- Calling me every half hour. No message left. Picked up once sounded like a women's recorded voice but it was jumble and then it hung up. Very strange[16]

- This number keeps calling me[17]

- They are calling my work number every day, several times a day, when I pick up all I hear is a beep and it hangs up. When I call it back it says the number is no good??? Weird[18]

- Yet another number that has recently started "call harassing" me and my wife. I've received over a dozen calls from this number in the past week or so, they never leave a message. Calls come anywhere from 7am - 930pm. It's ridiculous![19]

- This number called SIX times today between 9:30am and 4:30pm. Left a message (sounded recorded) of a female asking "How are you doing today?", then hung up. Other sites report this as a home solar company. Since I don't know anyone who lives in Benson AZ, I did not answer. I think I'll add this to my blocked list.[20]

- This number (520)686-5187 has called me 4 times in 2 days, finally answered. Asked her to stop calling my cell phone, she tells me "this isnt a cell phone that she called and needs to speak to home owner" oh boy, Im so sick of these damn telemarketers calling my CELL PHONE!!! Blocked list added![21]

- Called 10 times in row after told her not interested.  Within an hour 10 times.....block it.[22]

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

---

[15] http://www.whytheycalled.com/714-782-9030/
[16] http://800notes.com/Phone.aspx/1-301-804-9035
[17] http://phonenumberdirectory.us/phone-number/301-804-9035
[18] http://whocalledchecker.com/phone-number/8474293132
[19] *Id.*
[20] http://800notes.com/Phone.aspx/1-520-686-5187
[21] *Id.*
[22] *Id.*

23.     Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

Collectively, all these persons will be referred to as the "Robocall Class."  Plaintiff represents, and is a member of, this proposed class.  Excluded from the Robocall Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

24.     Plaintiff also proposes the following Autodialer Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

25.     Collectively, all these persons will be referred to as the "Autodialer Class."  Plaintiff represents, and is a member of, this proposed class.  Excluded from the Autodialer Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

26.     Plaintiff also proposes the following National Do Not Call Class definition:

> All persons in the United States who: (a) received more than one telephone solicitation call, initiated by Defendants to promote its products or services; (b) in a 12–month period; (c) on their cellular telephone line or residential telephone line; (d) more than 30 days after registering their telephone number(s) on the National Do Not Call Registry; and (e) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

Collectively, all these persons will be referred to as the "National Do Not Call Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the National Do Not Call Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

27.     Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of autodialed robocalls that he received, that the classes are so numerous that individual joinder would be impracticable.

28.     Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

29.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

30.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims

predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a.   Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b.   Whether Defendant made telephone calls to class members on the National Do Not Call Registry

    c.   Whether Defendant's conduct was knowing and/or willful;

    d.   Whether Defendant is liable for damages, and the amount of such damages, and

    e.   Whether Defendant should be enjoined from engaging in such conduct in the future.

31.    As a person who received numerous and repeated calls on his telephone using an artificial or prerecorded voice, without his prior express written consent, and despite the fact that he is on the National Do Not Call Registry, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

32.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

33.    A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer

difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

34.     Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

35.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

36.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

37.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

38.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

39.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

---

CLASS ACTION COMPLAINT                                                            11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND COUNT**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47**
**U.S.C. § 227, *et seq.***

40.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

41.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

43.    Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

44.    Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

     a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

     b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

f. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  November 6, 2015                Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: ___/s/ L. Timothy Fisher___
         L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email: ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiffs*