RANDALL S. LUSKEY (STATE BAR NO. 240915)
rluskey@orrick.com
KATIE LIEBERG STOWE (STATE BAR NO. 257206)
kstowe@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

ELYSE D. ECHTMAN (admitted *pro hac vice*)
eechtman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

CHRISTINA GUEROLA SARCHIO (admitted *pro hac vice*)
csarchio@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

Attorneys for Defendant
SolarCity Corp.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MORRIS, on Behalf of Himself and all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SOLARCITY CORP.,<br><br>    Defendant. | Case No. 3:15-cv-05107<br><br>**DEFENDANT SOLARCITY CORP.'S NOTICE OF MOTIONS; RULE 12(B)(6) MOTION TO DISMISS, RULE 12(F) MOTION TO STRIKE, AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hon. Richard Seeborg**<br>**Action Filed: November 6, 2015**<br><br>**Hearing Date: March 17, 2016**<br>**Time: 1:30 PM** |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................2

II. FACTUAL BACKGROUND ...................................................................................3

    A. The Parties ...................................................................................................3

    B. The Alleged Unlawful Calls .........................................................................3

    C. Plaintiff's Asserted Claims ..........................................................................4

III. LEGAL STANDARDS ..........................................................................................5

    A. Fed. R. Civ. P. 12(b)(6) Standard ................................................................5

    B. Fed. R. Civ. P. 12(f) Standard ....................................................................6

IV. LEGAL ARGUMENT ...........................................................................................7

    A. The Complaint Fails to State a Claim Under the TCPA.............................7

        1. Plaintiff Fails to Adequately Plead That SolarCity Made or Initiated Any Artificial or Prerecorded Calls ............................................................7

        2. The Only Actionable Live Call Pled Against SolarCity Cannot State a Claim for Relief Under the Do-Not-Call Provisions of the TCPA ..........................................................................................................8

        3. Plaintiff Fails to Plead That an Autodialer Was Used ...............................9

        4. Plaintiff Fails to Adequately Allege Willful or Knowing Violations........10

    B. The Court Should Strike the Class Allegations .......................................11

        1. Plaintiff Lacks Standing to Represent the Broad Classes He Sets Forth............................................................................................................11

        2. A Fragmented Class Cannot Proceed ......................................................13

        3. The Court Cannot Ascertain Plaintiff's Overbroad Class Definitions ......14

    C. The Court Should Stay Discovery in This Action Until Plaintiff States a Claim...........................................................................................................16

    D. In the Alternative, the Court Should Stay This Action Pending the Supreme Court's Ruling in *Spokeo* ..........................................................................16

V. CONCLUSION......................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Akaosugi v. Benihana Nat'l,*
  No. C 11-01272 WHA, No. 2011 WL 5444265 (N.D. Cal. Nov. 9, 2011) ............................ 12

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .................................................................................................................5, 8

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ...................................................................................................................... 5

*Bentley v. Bank of Am., N.A.,*
  773 F. Supp. 2d 1367 (S.D. Fla. 2011) ...................................................................................... 15

*Brazil v. Dell Inc.,*
  585 F. Supp. 2d 1158 (N.D. Cal. 2008) ................................................................................11, 15

*In re Bridgestone/Firestone, Inc.,*
  288 F.3d 1012 (7th Cir. 2002) .................................................................................................... 14

*Bull v. City and County of San Francisco,*
  595 F.3d 964 (9th Cir. 2010) ...................................................................................................... 13

*Bull v. City and County of San Francisco,*
  758 F. Supp. 2d 925 (N.D. Cal. 2010) ....................................................................................... 13

*Burney v. North Am. Rockwell Corp.,*
  302 F. Supp. 86 (C.D. Cal. 1969) .............................................................................................. 11

*Christ v. Beneficial Corp.,*
  547 F.3d 1292 (11th Cir. 2008) .................................................................................................. 14

*Collins v. Gamestop Corp.,*
  No. 10-1210, 2010 WL 3077671 (N.D. Cal. Aug. 6, 2010) ......................................................... 6

*DaimlerChrysler Corp. v. Cuno,*
  547 U.S. 332 (2006) .................................................................................................................... 11

*Daniels v. ComUnity Lending, Inc.,*
  No. 13CV488-WQH-JMA, 2014 WL 51275 (S.D. Cal. Jan. 6, 2014) ....................................... 10

*Diacakis v. Comcast Corp.,*
  No. C-11-3002 SBA, 2013 WL 1878921 (N.D. Cal. May 3, 2013) ........................................... 14

*Doninger v. Pac. Nw. Bell, Inc.,*
  564 F.2d 1304 (9th Cir. 1977) .................................................................................................... 13

*Federal Sav. & Loan Ins. Corp. v. Musacchio*,
    695 F. Supp. 1053 (N.D. Cal. 1988) ........................................................................ 9

*Fields v. Mobile Messengers Am., Inc.*,
    No. C 12-05160 WHA, 2013 WL 6073426 (N.D. Cal. Nov. 18, 2013) ................... 15

*General Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982) ................................................................................................ 6, 11

*Hovsepian v. Apple, Inc.*,
    No. 08-5788, 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ................................. 6, 14

*Huricks v. Shopkick, Inc.*,
    No. C-14-2464 MMC, 2014 WL 3725344 (N.D. Cal. Jul. 24, 2014) ...................... 10

*Ibey v. Taco Bell Corp.*,
    12-CV-0583-H WVG, 2012 WL 2401972 (S.D. Cal. June 18, 2012) ...................... 10

*In the Matter of the Joint Petition Filed by Dish Network, LLC*,
    28 F.C.C. Rcd. 6574 (2013) ........................................................................................ 8

*Kamar v. RadioShack Corp.*,
    375 F. App'x 734 (9th Cir. 2010) .............................................................................. 15

*Kamm v. Cal. City Dev. Co.*,
    509 F.2d 205 (9th Cir. 1975) ..................................................................................... 11

*Knutson v. Reply!, Inc.*,
    10-CV-1267 BEN WMC, 2011 WL 291076 (S.D. Cal. Jan. 27, 2011) ................... 10

*Kremens v. Bartley*,
    431 U.S. 119 (1977) .................................................................................................... 13

*Lary v. Trinity Physician Fin. & Ins. Servs.*,
    780 F.3d 1101 (11th Cir. 2015) .................................................................................. 11

*Lasky v. Camden Cnty.*,
    No. Civ. 09-4338, 2010 WL 323220 (D.N.J. Jan. 20, 2010) ...................................... 9

*Lee v. Am. Nat'l Ins. Co.*,
    260 F.3d 997 (9th Cir. 2001) ..................................................................................... 12

*Levya v. Certified Grocers of Cal., Ltd.*,
    593 F.2d 857 (9th Cir. 1979) ..................................................................................... 16

*Mann v. Brenner*,
    375 F. App'x 232 (3d Cir. 2010) ............................................................................... 16

*Mazur v. eBay Inc.*,
    257 F.R.D. 563 (N.D. Cal. 2009) ............................................................................... 15

*Mazza v. American Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ......................................................................... 14

*McKenna v. WhisperText*,
   No. 5:14-cv-00424-PSG, 2015 WL 5264750 (N.D. Cal. Sept. 9, 2015) .................. 3

*Miletak v. Allstate Ins. Co.*,
   No. C 06-03778, 2009 WL 1371412 (N.D. Cal. May 15, 2009) ........................... 12

*Munoz v. PHH Corp.*,
   No. 08-0759, 2011 WL 4048708 (E.D. Cal. Sept. 9, 2011) ............................... 17

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*,
   208 F.R.D. 625 (W.D. Wash. 2002) ................................................................ 11

*Robins v. Spokeo, Inc.*,
   No. CV10-05306, 2011 WL 597867 (C.D. Cal. Jan. 27, 2011) ........................... 17

*Robins v. Spokeo, Inc.*,
   742 F.3d 409 (9th Cir. 2014) ....................................................................... 17

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................................................ 6

*Sepehry-Fard v. MB Fin. Servs.*,
   No. 13-CV-02784-BLF, 2014 WL 2191994 (N.D. Cal. May 23, 2014) ............ 8, 13

*Spokeo, Inc. v. Robins*,
   135 S. Ct. 1892 (2015) ........................................................................ 1, 16, 17

*Spokeo, Inc. v. Robins*,
   No. 13-1339, 2014 WL 1802228 (U.S. May 1, 2014) ....................................... 17

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ......................................................................... 5

*State of Cal. ex rel. State Lands Comm'n v. United States*,
   512 F. Supp. 36 (N.D. Cal. 1981) ................................................................... 6

*Stearns v. Select Comfort Retail Corp.*,
   No. 08-2746, 2009 WL 4723366 (N.D. Cal. Dec. 4, 2009) ............................... 14

*Stirman v. Exxon Corp.*,
   280 F.3d 554 (5th Cir. 2002) ....................................................................... 14

*Thomas v. Taco Bell Corp.*,
   879 F. Supp. 2d 1079 (C.D. Cal. 2012) ........................................................... 7

*Thorpe v. Abbott Labs., Inc.*,
   534 F. Supp. 2d 1120 (N.D. Cal. 2008) ........................................................... 6

*Tietsworth v. Sears*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010) ................................................................. 6, 14, 16

*Williams v. T-Mobile USA, Inc.*,
15-CV-03384-JSW, 2015 WL 5962270 (N.D. Cal. Oct. 14, 2015) ......................................... 10

*Wood v. McEwan*,
644 F.2d 797 (9th Cir. 1981) ................................................................................ 16

*Young v. Nationwide Mut. Ins. Co.*,
693 F.3d 532 (6th Cir. 2012) ................................................................................ 15

*In re Zynga Inc. Sec. Litig.*,
No. C 12-04007 JSW, 2014 WL 721948 (N.D. Cal. Feb. 25, 2014) ........................................ 11

**Federal Statutes**

47 U.S.C. § 227(a)(1) .......................................................................................... 9

47 U.S.C. § 227(b) ...................................................................................... 7, 8, 12

47 U.S.C. § 227(b)(1) ........................................................................................... 7

47 U.S.C. § 227(b)(1)(A)(iii) ......................................................................... 7, 9, 10

47 U.S.C. § 227(b)(1)(B) ....................................................................................... 7

47 U.S.C. § 227(b)(3)(C) ...................................................................................... 11

47 U.S.C. § 227(c)(5) .......................................................................................... 9

47 U.S.C. § 927(b)(1)(A)(iii) ................................................................................ 14

**Rules**

Fed. R. Civ. P. 8(a)(2) ......................................................................................... 5

Fed. R. Civ. P. 12(b)(6) .................................................................................... 1, 5

Fed. R. Civ. P. 12(e) ........................................................................................... 9

Fed. R. Civ. P. 12(f) .................................................................................... 1, 6, 16

Fed. R. Civ. P. 23 ......................................................................................... 13, 14

Fed. R. Civ. P. 23(a) ......................................................................................... 13

Fed. R. Civ. P. 23(b) ......................................................................................... 13

Fed. R. Civ. P. 26 .............................................................................................. 1

**Regulations**

47 C.F.R. § 64.1200(a)(2) ..................................................................................................... 13

47 C.F.R. § 64.1200(f)(8) ..................................................................................................... 12

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*
        27 F.C.C. Rec'd 15391 (2012) .................................................................................... 9

*In the Matter of the Joint Petition Filed by Dish Network, LLC,*
        28 F.C.C. Rcd. 6574 (2013) ........................................................................................ 8

**Treatises**

1 McLaughlin on Class Actions § 3:4 (12th ed. 2015) .................................................... 6

# NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that on March 17, 2016, or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Richard Seeborg, United States District Judge for the Northern District of California, San Francisco Courthouse, Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant SolarCity Corp. ("Defendant" or "SolarCity") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Complaint of Plaintiff George Morris ("Plaintiff"), on Behalf of Himself and all Others Similarly Situated (hereinafter, the "Complaint").

Defendant respectfully moves this Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff does not state a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), because the Complaint fails to plead facts suggesting that Defendant made any artificial or prerecorded calls, that Defendant made more than one call to a number listed on the national Do Not Call Registry, that Defendant used an autodialer in making calls to Plaintiff, or that Defendant knowingly and willfully violated the TCPA.

In addition, Defendant moves this Court to strike from the Complaint all class allegations pursuant to Federal Rule of Civil Procedure 12(f). Further, Defendant respectfully moves to stay discovery in this matter pursuant to Federal Rule of Civil Procedure 26 pending resolution of the instant motion. In the alternative to dismissal, Defendant respectfully requests a stay in this litigation pending the upcoming decision of the United States Supreme Court in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

SolarCity bases this motion on this Notice of Motion, the following Memorandum of Points and Authorities, the Request for Judicial Notice ("RJN") and accompanying exhibits, the argument of counsel, all pleadings, records, and papers on file, and such other matters that may be presented to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant SolarCity—one of the country's leading providers of residential solar power—is Plaintiff George Morris's latest target. In what is at least Plaintiff's twentieth lawsuit alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), Plaintiff once again contends that he is the victim of unlawful calls, this time calls soliciting him for solar services. He alleges he received these calls—ten prerecorded calls and one live call—over a three-week period in October 2015 on his residential landline, apparently listed on the National Do Not Call ("DNC") Registry. His 13-page pleading, however, lacks one critical fact: that it was *SolarCity* who actually made or initiated *any* of the prerecorded calls. This leaves Plaintiff with the lone allegation that SolarCity made a single live call. Because liability cannot rest on a single live call under the TCPA, Plaintiff's claims are fatally deficient, warranting the Complaint's dismissal.

Plaintiff's attempts to bring his claims on behalf of three putative classes also suffers from fundamental defects. He pleads an autodialer class; a robocall class; and a National DNC Registry class among his claims. Yet Plaintiff, who can only rely on a single live call by SolarCity to his residential landline, has no standing to represent individuals within those classes who received calls on their cellular phones, or those who received calls made by parties other than SolarCity. Further, by requesting that the Court include in the class individuals who may have received calls anytime within the past four years, Plaintiff has proposed a class that covers two iterations of TCPA regulations—and two different standards for TCPA liability—thereby making the class impermissibly fragmented. These things he cannot do, and the Court should therefore strike the class claims.

## II. **FACTUAL BACKGROUND**[1]

### A. **The Parties**

Defendant SolarCity, founded by brothers Peter and Lyndon Rive in 2006, makes clean solar energy available to homeowners, businesses, schools, nonprofits and government organizations at a lower cost than they pay for energy generated by burning fossil fuels. RJN Exs. A, B. By finding ways to offer renewable energy at affordable prices, SolarCity has become the leading solar provider in the United States. RJN Ex. C.

Plaintiff George Morris, a Texas resident, presents as a serial litigant. He specializes in TCPA actions, having filed more than 20 such lawsuits.[2] Plaintiff even teaches a "Rec Center" class on "How to Sue Telemarketers using the TCPA law."[3] RJN Exs. H, I.

### B. **The Alleged Unlawful Calls**

Plaintiff claims he received 11 telephone calls in October 2015 soliciting him for solar services, all in violation of the TCPA. Plaintiff alleges the following in support of his claims:

- Plaintiff never consented in writing to receive telephone calls from SolarCity;
- His residential telephone number has been listed on the National DNC Registry since 2011;
- He received ten artificial or prerecorded voice calls on his residential line offering to sell him solar services and discussing solar programs; and
- He received one live (i.e., not prerecorded) call on his residential line from SolarCity offering to sell him solar services.

Dkt. 1 ¶ 15; ¶ 17.

---

[1] For purposes of this motion, SolarCity treats the well-pleaded factual allegations of the Complaint as true. SolarCity does not, however, credit any implausible or conclusory allegation because a "court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences." *McKenna v. WhisperText*, No. 5:14-cv-00424-PSG, 2015 WL 5264750, at *2 (N.D. Cal. Sept. 9, 2015) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007)).

[2] *See* RJN Ex. D (Complaint, *Morris v. Plattform Advertising, Inc.*, No. 13-cv-00703 (E.D. Tex. Nov. 25, 2013)); RJN Ex. E (Notice of Removal, *Morris v. United Health Care*, No. 15-cv-00638 (E.D. Tex. Sept. 18, 2015)); RJN Ex. F (Notice of Removal, *Morris v. Copart*, No. 15-cv-00724 (E.D. Tex. Oct. 15, 2015)); RJN Ex. G (small claims docket report showing 26 cases filed by George Morris in Collin County, Texas).

[3] According to his class outline, dated July 23, 2013, Morris "has sued more than a dozen illegal telemarketers" with the goal "to get an out of court settlement." RJN Ex. H.

Plaintiff provides the dates, times, and phone numbers of each allegedly illegal call. *Id.* ¶ 15 (listing ten prerecorded calls and one live call). Yet the Complaint contains none of the following:

- It does not allege any fact linking any of the prerecorded calls to SolarCity;
- It does not allege that any of the prerecorded callers ever mentioned SolarCity; and
- It does not allege that Plaintiff's Caller ID identified the prerecorded calls as coming from SolarCity.

Thus, the Complaint fails to connect SolarCity directly to the telephone numbers credited with the prerecorded calls. In short, the only call that Plaintiff actually claims SolarCity made is the *single live* call. Dkt. 1. ¶¶ 15, 21 (referencing a live call from (877) 373-7652). Even then, however, the Complaint neglects to identify facts to suggest a finding that an autodialer was used for this call.

**C.**     **Plaintiff's Asserted Claims**

On November 6, 2015, Plaintiff filed the instant Complaint, alleging two causes of action: one for violations of the TCPA and the second for knowing and/or willful violations of the TCPA. Dkt. 1 ¶¶ 35-44. Plaintiff asserts four theories of liability: (1) that Defendant placed unlawful calls using an artificial or prerecorded voice; (2) that Defendant impermissibly called phone numbers listed on the national DNC registry; (3) that Defendant employed an "autodialer" in making these calls; and (4) that Defendant knowingly and willfully violated the TCPA when it made these calls. Dkt. 1 ¶¶ 23-26. Plaintiff seeks recovery of statutory damages for the TCPA violations, treble damages claiming that SolarCity willfully and knowingly violated the TCPA, and injunctive relief.

Plaintiff brings this action on behalf of three putative classes: (1) a class of individuals who, within the past four years, received calls to their cellular or residential lines by or on behalf of SolarCity made with the use of an artificial or prerecorded voice (i.e., the "Robocall Class"); (2) a class of individuals who, also within the past four years, received calls to their cellular or residential lines by or on behalf of SolarCity made with the use of an automatic dialing system as defined under the TCPA (the "Autodialer Class"); and (3) a class of individuals who, again, within the past four years, received more than one phone solicitation call in a 12-month period to

1  their cellular or residential lines initiated by SolarCity more than 30 days after the telephone

2  numbers were added to the National Do Not Call Registry (i.e., the "DNC Class"). *Id.* ¶¶ 23-26.

3  * * *

4  Defendant now seeks dismissal of the Complaint in its entirety for failure to state a TCPA

5  claim. In the alternative, Defendant moves to strike Plaintiff's class allegations and to stay this

6  action.

7  **III.  LEGAL STANDARDS**

8  **A.  Fed. R. Civ. P. 12(b)(6) Standard**

9  When a complaint fails to state a claim upon which relief may be granted, it cannot

10  survive a motion to dismiss. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a

11  complaint must contain a "short and plain statement of the claim showing that the pleader is

12  entitled to relief." Fed. R. Civ. P. 8(a)(2). Satisfying this standard "requires more than labels and

13  conclusions, and a formulaic recitation of the elements of a cause of action[;]" a complaint must

14  "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

15  face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678

16  (2009) (citation omitted). "A claim has facial plausibility when the pleaded factual content

17  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

18  alleged." *Iqbal*, 556 U.S. at 665. "A court considering a motion to dismiss may begin by

19  identifying allegations that, because they are mere conclusions, are not entitled to the assumption

20  of truth." *Id.* at 664. A court need not accept as true "unwarranted deductions of fact or

21  unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001);

22  *see also Iqbal*, 556 U.S. at 678 (a complaint must contain more than "an unadorned, the

23  defendant-unlawfully-harmed-me accusation").

24  Allegations that are "merely consistent with" a defendant's liability fall short of the

25  plausibility required for relief. *Iqbal*, 556 U.S. at 678. The doors of discovery, the Supreme

26  Court concluded, do not open for a plaintiff "armed with nothing more than conclusions." *Id.* at

27  678-79. This is particularly true in cases such as this action, where denial of a defendant's motion

28

1  would require the defendant to undertake extensive discovery without any factual allegation that

2  it did anything wrong.

3        **B.**      <u>**Fed. R. Civ. P. 12(f) Standard**</u>

4        The Court may strike from the Complaint "any redundant, immaterial, impertinent, or

5  scandalous matter." Fed. R. Civ. P. 12(f); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D.

6  Cal. 2010). Such matters include unsupported class allegations: "Where the complaint

7  demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move

8  to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 989-90

9  (N.D. Cal. 2009); *see also Collins v. Gamestop Corp.*, No. 10-1210, 2010 WL 3077671, at *2

10  (N.D. Cal. Aug. 6, 2010); *Hovsepian v. Apple, Inc.*, No. 08-5788, 2009 WL 5069144, at *2 (N.D.

11  Cal. Dec. 17, 2009) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f),

12  this Court has authority to strike class allegations prior to discovery if the complaint demonstrates

13  that a class action cannot be maintained.").

14        Although motions to strike are disfavored, "where the motion may have the effect of

15  making the trial of the action less complicated, or have the effect of otherwise streamlining the

16  ultimate resolution of the action," it will nonetheless be well taken. *State of Cal. ex rel. State*

17  *Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). A motion for class

18  certification, while more common, is not a prerequisite to testing the viability of class allegations.

19  *See, e.g.*, *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008)

20  (acknowledging class allegations are usually tested after one party has filed a motion for class

21  certification); *cf. General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the

22  issues are plain enough from the pleadings to determine whether" class claims are appropriate);

23  *see also* 1 McLaughlin on Class Actions § 3:4 (12th ed. 2015) (concluding that courts can

24  appropriately strike class allegations when it appears that a plaintiff cannot meet the requirements

25  for class action or "where the unsuitability of class treatment is evident on the face of the

26  complaint and incontrovertible facts").

27

28

## IV. LEGAL ARGUMENT

### A. The Complaint Fails to State a Claim Under the TCPA

Plaintiff premises his two TCPA claims—one for straightforward statutory damages and the other for treble damages—on four alleged theories: (1) that Defendant placed unlawful calls using an artificial or prerecorded voice; (2) that Defendant impermissibly called phone numbers listed on the national DNC registry; (3) that Defendant employed an "autodialer" in making these calls; and (4) that Defendant knowingly and willfully violated the TCPA when it made these calls. Dkt. 1 ¶¶ 23-26.

Each of these theories suffers from fatal defects that preclude Plaintiff's claims. First, the Complaint does not establish that SolarCity actually made or initiated any artificial or prerecorded calls to Plaintiff. Second, the allegation that SolarCity placed a single live call to Plaintiff does not support a private right of action under the DNC provisions of the TCPA. Third, the Complaint does not allege that SolarCity used an "autodialer" to call him on a cellular telephone line. Finally, the Complaint lacks any allegation that SolarCity willfully or knowingly violated the TCPA.

#### 1. Plaintiff Fails to Adequately Plead That SolarCity Made or Initiated Any Artificial or Prerecorded Calls

Plaintiff's bald assertion that SolarCity used artificial or prerecorded voices in violation of the TCPA lacks any factual support. Section 227(b) of the TCPA makes it unlawful "to **make** any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a . . . ***cellular telephone service***" (47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added)) or "to ***initiate*** any telephone call to ***any residential telephone*** line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party" (47 U.S.C. § 227(b)(1)(B) (emphasis added)).

That is, Section 227(b) liability extends only to persons that "make" or "initiate" a telephone call. 47 U.S.C. § 227(b)(1); *see also Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012) ("[t]he plain language of [Section 227(b) of] the TCPA assigns civil

liability to the party who 'makes' a call"); *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6583 (2013) (Section 227(b) of the TCPA holds as directly liable only the party that "***physically places***" the call) (emphasis added).[4]

Here, the Complaint fails to plead sufficient facts to show that SolarCity **made** or **initiated** a single artificial or prerecorded call. At best, the Complaint asserts in conclusory fashion that "Defendant called Plaintiff" and provides a list of "phone number[s] that Defendant used to place the calls." Dkt. 1 ¶ 15. That list in turn includes ten alleged artificial or prerecorded calls from six different phone numbers. *Id.* Glaringly absent from the list, however, is *any* well-pleaded fact connecting SolarCity to any of the six phone numbers. *Id.* Plaintiff seeks to obfuscate this omission by citing online consumer complaints about the six phone numbers, but this is of no moment. *Id.* ¶ 21. Plaintiff's "mere conclusions" cannot enjoy "the assumption of truth." *Iqbal*, 556 U.S. at 664; *see also Sepehry-Fard v. MB Fin. Servs.*, No. 13-CV-02784-BLF, 2014 WL 2191994, at *2 (N.D. Cal. May 23, 2014) (the court could not "reasonably infer from the sparse factual allegations that Defendant [was] liable" where plaintiff simply alleged that defendant "violated the TCPA by 'mak[ing] offending telephone calls'" but did not plead facts "explaining why he believe[d] that Defendant made the offending calls" and did not plead further details about the calls).

In short, the Court should disregard Plaintiff's unsupported conclusion that SolarCity made or initiated the alleged prerecorded calls. As that conclusion rests on nothing short of "sparse factual allegations," the Court should dismiss Plaintiff's TCPA claims.

### 2. The Only Actionable Live Call Pled Against SolarCity Cannot State a Claim for Relief Under the Do-Not-Call Provisions of the TCPA

Unable to plead that SolarCity made the ten alleged prerecorded calls, Plaintiff is left with one live call that, taken in the light most favorable to Plaintiff, he has plausibly tied to SolarCity. However, this one live call does not a TCPA violation make.

The TCPA creates a private right of action only for "[a] person who has received ***more***

---

[4] Plaintiff alleges the calls were made only to his residential telephone number, Dkt. 1 ¶¶ 15-16, 23, so he must allege that SolarCity "initiate[d]" the call under 227(b)(1)(B) rather than "ma[d]e" the call under 227(b)(1)(A)(iii). Plaintiff pleads neither.

| | |
|---|---|
| 1 | ***than one*** telephone call within any 12-month period by or on behalf of the same entity in |
| 2 | violation of the regulations [governing the do-not-call registry]." 47 U.S.C. § 227(c)(5) |
| 3 | (emphasis added). Plaintiff has only alleged facts from which the Court can infer[5] that SolarCity |
| 4 | called Plaintiff on ***one*** occasion in 2015, and thus Plaintiff has no private right of action: he has |
| 5 | not alleged the requisite "***more than one***" call from SolarCity in violation of the DNC |
| 6 | regulations. *Id.* (emphasis added). Indeed, the Complaint itself concedes that the TCPA requires |
| 7 | more than one live call. Dkt. 1 ¶ 26 (DNC class definition correctly limits class membership to |
| 8 | those who received more than one call from SolarCity). Because the Complaint fails to plead the |
| 9 | facts necessary for a private right of action under the DNC provisions, the Court should |
| 10 | summarily dismiss Plaintiff's claims under Section 227(c)(5). |

### 3.     Plaintiff Fails to Plead That an Autodialer Was Used

| | |
|---|---|
| 12 | Plaintiff's attempt to claim that SolarCity improperly used an automatic telephone dialing |
| 13 | system ("ATDS" or "autodialer") in making any offending call similarly fails. The TCPA defines |
| 14 | an ATDS as any "equipment which has the capacity–(A) to store or produce telephone numbers |
| 15 | to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 |
| 16 | U.S.C. § 227(a)(1).[6] The TCPA prohibits the use of an autodialer to make a telemarketing call to |
| 17 | a ***cellular*** telephone line. 47 U.S.C. § 227(b)(1)(A)(iii). |
| 18 | Here, Plaintiff utterly fails to establish that SolarCity made any calls to his cellular |
| 19 | telephone. To the contrary, his Complaint makes clear that he received calls only on his |

[5] Plaintiff does not provide details of the one live call, such as the identity of the individual with whom he spoke or specifics of the call. Indeed, Plaintiff fails to provide the names or details of any of the 11 alleged callers. Accordingly, to the extent the Court denies the motion to dismiss, SolarCity respectfully requests that the Court order a more definite statement under Fed. R. Civ. P. 12(e) providing the caller information and other details to enable SolarCity to properly respond to the Complaint. *See Federal Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988); *Lasky v. Camden Cnty.*, No. Civ. 09-4338 (RBK/KMW), 2010 WL 323220, at *2 (D.N.J. Jan. 20, 2010) ("[T]he court finds it desirable to pare down 'shotgun' pleadings to make the litigation more manageable through more controlled discovery.").

[6] The FCC has clarified that Section 227(a)(1)'s definition of an ATDS covers "any equipment" with the capacity to "generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rec'd 15391, 15399 n.5 (2012) (citing *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rec'd 14014, 14091–92 (2003)).

DEFENDANT SOLARCITY'S MOTION TO DISMISS
3:15-CV-05107

residential line. Dkt. 1 ¶¶ 15-16, 23. This alone is dispositive and warrants dismissal.

Even if the Court generously considered Plaintiff's bare-bones allegation that "such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA" as somehow reaching a cellular telephone, Dkt. 1 ¶ 24, the Complaint fails to explain Plaintiff's basis for believing SolarCity used an autodialer. Indeed, Plaintiff offers nothing more than passing references to "autodialed robocalls." *Id.* ¶ 27; *id.* ¶ 33 ("calls at issue are all automated").

The Court should dismiss such meager allegations. *See Knutson v. Reply!, Inc.*, 10-CV-1267 BEN WMC, 2011 WL 291076, at *2 (S.D. Cal. Jan. 27, 2011) (dismissing TCPA claim despite affirmative allegation that defendant used an ATDS where complaint lacked factual allegations demonstrating that calls were randomly generated or impersonal); *Daniels v. ComUnity Lending, Inc.*, No. 13CV488-WQH-JMA, 2014 WL 51275, at *5 (S.D. Cal. Jan. 6, 2014), *appeal dismissed* (Feb. 26, 2014) (dismissing 47 U.S.C. § 227(b)(1)(A)(iii) claim where the allegations contained only a "formulaic recitation of the elements of a cause of action, and d[id] nothing more than assert a speculation") (quotations omitted); *Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H WVG, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) (dismissing TCPA claim where "[i]n a conclusory manner, [p]laintiff allege[d] that [d]efendant used an ATDS"); *Williams v. T-Mobile USA, Inc.*, No. 15-cv-03384-JSW, 2015 WL 5962270, at *2 (N.D. Cal. Oct. 14, 2015) (dismissing TCPA complaint where plaintiff's allegations that "the equipment used to place the calls to [her] has the capacity to … store and call numbers without human intervention" were "no more than legal conclusions couched as fact") (citation omitted); *Huricks v. Shopkick, Inc.*, No. C-14-2464 MMC, 2014 WL 3725344, at *2 (N.D. Cal. Jul. 24, 2014) (plaintiff's allegations that defendant used ATDS were conclusory where the allegations "consist[ed] solely of paraphrases" of the relevant TCPA provision).

Because Plaintiff does not plead that SolarCity called him using an ATDS (or on his cellular telephone line at all), the Court should dismiss Plaintiff's autodialer claims.

### 4. Plaintiff Fails to Adequately Allege Willful or Knowing Violations

In addition to his unsupported claim that SolarCity violated the TCPA, Plaintiff attempts to invoke the TCPA's provisions for "willful" or "knowing" violations. Without offering a shred

of evidence to justify his request, Plaintiff seeks treble damages against SolarCity, Dkt. 1 ¶¶ 35-37, pursuant to the statute's provision for such damages in case of a defendant's "willful[] or knowing[]" violations. 47 U.S.C. § 227(b)(3)(C). "The requirement of 'willful[] or knowing[]' conduct requires the violator to know he was performing the conduct that violates the statute." *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015). But Plaintiff fails to allege any facts suggesting a "willful" or "knowing" violation. The Complaint contains no allegation that SolarCity willfully or knowingly ignored the law. Thus, Plaintiff does not state a claim for treble damages, and the Court should dismiss Plaintiff's First Count.

## B.   The Court Should Strike the Class Allegations

Courts may dismiss or strike class allegations when the plaintiff cannot establish the requisite standing to represent a class. Moreover, classes too broadly defined can render a plaintiff's claims not typical or common to all class members or can make it difficult for the Court to ascertain membership. *See Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (affirming district court's order granting motion to strike class allegations); *Burney v. North Am. Rockwell Corp.*, 302 F. Supp. 86, 90 (C.D. Cal. 1969) (granting motion to strike class allegations where plaintiff lacked standing to represent absent class members); *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008) (granting motion to strike class allegations); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 208 F.R.D. 625, 634 (W.D. Wash. 2002) (granting motion to strike class allegations). This is the case here.

### 1.   Plaintiff Lacks Standing to Represent the Broad Classes He Sets Forth

Each of the Complaint's three putative classes encompasses a range of individuals whom Plaintiff has no standing to represent. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) ("[P]laintiff must demonstrate standing for each claim he seeks to press"); *Falcon*, 457 U.S. at 156 ("[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members."); *In re Zynga Inc. Sec. Litig.*, No. C 12–04007 JSW, 2014 WL 721948, at *3 (N.D. Cal. Feb. 25, 2014) (holding same for statutory standing in a class action).

First, Plaintiff seeks to represent individuals who received calls on both their cellular and

residential numbers, although he does not contend that he received any allegedly offending calls to his cellular phone. Indeed, the Complaint unequivocally states that Plaintiff received calls "on his residential telephone number" and that he had listed his residential telephone number on the National Do Not Call Registry. Dkt. 1. ¶¶ 15-16, 23.

Second, Plaintiff seeks to represent individuals who may have received calls "at any time in the period that begins four years before the filing of the complaint . . . ." *Id*. ¶ 23. The Complaint recognizes that in 2012 the FCC announced new requirements for TCPA liability. *Id*. ¶ 11. These regulations, which added the requirement for an individual's prior express ***written*** consent and eliminated the preexisting business relationship exception under Section 227(b), went into effect on October 16, 2013. 47 C.F.R. § 64.1200(f)(8). The allegations in the Complaint make clear, however, that Plaintiff only received calls on his residential line in October 2015, well after the amendments went into effect. As the facts required to establish liability now differ from what they were prior to October 16, 2013, Plaintiff has no standing to pursue claims on behalf of individuals whose claims are subject to the old law.

Third, Plaintiff seeks to represent individuals whom SolarCity allegedly called as well as those who received calls from third parties calling ***on behalf of*** SolarCity. Plaintiff has explicitly stated, however, that "Defendant SolarCity Corp." made the allegedly illegal calls to his residential telephone and that he had never given *SolarCity* prior express written consent to make these calls. Dkt. 1 ¶ 1. As Plaintiff has not alleged that he received calls from third parties on behalf of SolarCity, he has no standing to represent class members who received such calls, if any. *See Lee v. Am. Nat'l Ins. Co*., 260 F.3d 997, 1002-03 (9th Cir. 2001) (no standing under Article III to assert class action claims against both parent and wholly owned subsidiary where plaintiff only had contact with parent); *Akaosugi v. Benihana Nat'l*, No. C 11–01272 WHA, 2011 WL 5444265, at *2 (N.D. Cal. Nov. 9, 2011) (same).

Because Plaintiff has not, and seemingly cannot, plead facts that confer the necessary standing on him to represent all the individuals his class definitions encompass, his putative class action fails as a matter of law. *See Miletak v. Allstate Ins. Co.*, No. C 06-03778, 2009 WL 1371412, at *7 (N.D. Cal. May 15, 2009) (dismissing class action with prejudice where plaintiff

1    lacked standing and thus amendment would be futile).

2                    **2.    A Fragmented Class Cannot Proceed**

3         Plaintiff also cannot pursue a class action subject to two different consent standards under

4    the FCC's changed regulations, as his claims are neither typical of all class members nor are there

5    common issues of law and fact that predominate.  For a class action to proceed, a plaintiff must

6    establish a *prima facie* showing of each of the elements of Rule 23.  *Doninger v. Pac. Nw. Bell,*

7    *Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).  Rule 23 requires, *inter alia*, that the claims or defenses

8    of the representative party be typical of the claims or defenses of the class and that common

9    questions of law or fact exist among the class.  *See* Fed. R. Civ. P. 23(a).  Rule 23 also compels a

10   plaintiff to establish that common questions of law or fact predominate over individual ones.  *See*

11   Fed. R. Civ. P. 23(b).  When the enactment of new law fragments a class, the controverted issues

12   are not homogenous across the class.  *See, e.g.*, *Kremens v. Bartley*, 431 U.S. 119, 134-35 (1977)

13   ("[B]efore the 'live' claims of the fragmented subclasses remaining in this litigation can be

14   decided on the merits, the case must be remanded to the District Court for reconsideration of the

15   class definition, exclusion of those whose claims are moot, and substitution of class

16   representatives with live claims."); *Bull v. City and County of San Francisco*, 758 F. Supp. 2d

17   925, 929 (N.D. Cal. 2010) (concluding that the Ninth Circuit's decision in *Bull v. City and County*

18   *of San Francisco*, 595 F.3d 964 (9th Cir. 2010), "did affect the fitness of the original class

19   representatives to represent the group of class members now contained within subclass 2").

20        Plaintiff glosses over the fact that the regulations at the center of this case markedly

21   changed on October 16, 2013, and improperly seeks to represent individuals who allegedly

22   received offending calls from November 2011 to the present.  To state a claim under the TCPA, a

23   plaintiff needs to allege that (1) a defendant called (2) a cellular telephone number using an

24   automatic telephone dialing system ("ATDS") or a residential telephone number using an

25   artificial or prerecorded voice call (3) without the recipient's prior express consent.  *See Sepehry-*

26   *Fard*, 2014 WL 2191994, at *2 (citing *Meyer v. Portfolio Recovery Assocs., LLC*, 707

27   F.3d 1036, 1043 (9th Cir. 2012)).  For calls made on or after October 16, 2013, the FCC requires

28   prior express **written** consent (47 C.F.R. § 64.1200(a)(2)), whereas the FCC previously only

required "prior express consent" (47 U.S.C. § 927(b)(1)(A)(iii)). In addition, calls made before October 16, 2013, exempted entities with established business relationships from obtaining written consent, but the FCC eliminated that exemption under the amended regulations.

Plaintiff does not describe receiving any calls from SolarCity under the prior regulations; thus, his claims, and SolarCity's defenses, are not typical of the putative class members that did– if any. *See, e.g., Christ v. Beneficial Corp.*, 547 F.3d 1292, 1298 n.12 (11th Cir. 2008) ("[T]hese claims are determined by application of state law, and each state has a different law on the matter. Therefore, Christ's claims, which are determined by Florida's definition of 'insurance,' are not 'typical of the claims of the class.'"); *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) ("Given the differences among the state laws, it cannot be said that [the named plaintiff's] claims are 'typical' of the class[.]").

Furthermore, given the Ninth Circuit's firm holding in *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012), that "variances in state law overwhelm common issues and preclude predominance for a single nationwide class," Plaintiff cannot meet Rule 23's rigorous requirements for class certification. *See also In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002) ("No class action is proper unless all litigants are governed by the same legal rules."). Therefore, the Court can properly strike class allegations at this stage, before the parties needlessly spend time and money on discovery and certification briefing. *See Stearns v. Select Comfort Retail Corp.*, No. 08-2746, 2009 WL 4723366, at *15-16 (N.D. Cal. Dec. 4, 2009) (granting motion to strike).

### 3. The Court Cannot Ascertain Plaintiff's Overbroad Class Definitions

In defining the class so broadly that it captures calls made by parties other than SolarCity and includes individuals who consented to receiving calls, the Court cannot ascertain who might be a member of each class without delving into the merits of the case. Dkt. 1 ¶¶ 23-26. Where the identification of members requires fact-intensive mini-trials, courts reject class claims for lack of ascertainability. *Tietsworth*, 720 F. Supp. 2d at 1146-47 (striking class allegations where the putative class "cannot be ascertained"); *Hovsepian*, 2009 WL 5069144, at *6 (striking class allegations where the putative class "is not ascertainable"); *Diacakis v. Comcast Corp.*, C-11-

3002 SBA, 2013 WL 1878921 (N.D. Cal. May 3, 2013) (denying class certification for lack of ascertainability where class definition could have included a substantial number of people who had no claim under the theory advanced by the named plaintiff). Courts, moreover, look with disfavor on "fail-safe" classes where a court cannot define a class until the case is resolved on the merits. *See Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) (finding that a class that "cannot be defined until the case is resolved on its merits" is an impermissible "fail-safe" class); *Brazil*, 585 F. Supp. 2d at 1167 (granting motion to strike plaintiff's class definitions where the classes were defined as all purchasers of Dell computer products that "Dell falsely advertised" because in order to determine membership in the classes, the court would have to reach a legal conclusion that Dell had falsely advertised); *see also Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010) (explaining that fail-safe class defining the class to "preclude[] membership unless the liability of the defendant is established ... is palpably unfair to the defendant, and is also unmanageable...").

As an initial measure here, since the RoboCall and Autodialer Classes encompass calls made both by SolarCity and other parties, the Court will need to conduct individualized inquiries to determine who called each putative class member.[7] *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1374 (S.D. Fla. 2011) (holding plaintiff failed to state a claim under the TCPA where plaintiff failed to identify which defendant called him). Next, the Court will need to determine whether SolarCity can be held liable for each one of those calls.

In addition, because Plaintiff fails to exclude from the class definitions those who consented through their preexisting business relationships or by providing unwritten express consent prior to October 16, 2013, the Court will have to conduct individualized inquiries on the issue of consent. *See generally* Dkt. 1 ¶ 26. *See Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009) ("Because the class as currently defined would include these non-harmed auction winners, this portion of the class definition is both imprecise and overbroad."); *Fields v. Mobile Messengers Am., Inc.*, No. C 12–05160 WHA, 2013 WL 6073426, at *4 (N.D. Cal. Nov. 18, 2013) (denying TCPA class action where "even if consent [was] an affirmative defense,

---

[7] The DNC Class proscribes calls that were "initiated by Defendants." Dkt. 1 ¶ 26.

individualized inquiries regarding consent remain[ed]").

Given the need for mini-trials on these issues, the class definitions on their face "demonstrate[] that a class action cannot be maintained." *Tietsworth*, 720 F. Supp. 2d at 1146. Accordingly, the Court should strike the overbroad class definition (and supporting allegations). *Id.*; Fed. R. Civ. P. 12(f).

## C. The Court Should Stay Discovery in This Action Until Plaintiff States a Claim

Defendant respectfully requests that the Court stay discovery in this action pending the outcome of Defendant's Motion to Dismiss and until such time as Plaintiff states a claim for relief. A court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief," *Wood v. McEwan,* 644 F.2d 797, 801 (9th Cir. 1981), or where "if the motion is granted, discovery would be futile," *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010). A stay is appropriate here. Plaintiff has already served extensive discovery requests. Unless the Court stays discovery, Defendant will need to invest significant time and expense, which will be futile if the Court dismisses the Complaint.

## D. In the Alternative, the Court Should Stay This Action Pending the Supreme Court's Ruling in *Spokeo*

If the Court does not dismiss this action, SolarCity respectfully requests that the Court issue a stay pending the U.S. Supreme Court's decision in *Spokeo*, 135 S. Ct. 1892, which could ultimately dispose of this action. The Court has discretion to do so: "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In determining whether to grant a stay, a district court considers:

> (1) the possible damage which may result from granting the stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay.

*Munoz v. PHH Corp.*, No. 08-0759, 2011 WL 4048708, at *2 (E.D. Cal. Sept. 9, 2011) (citing *CMAX, Inc. v. Hall*, 300 F.3d 265, 268 (9th Cir. 1962)). This includes whether "a stay will reduce the additional expenditure of the parties' time and resources, which is of particular importance if the Supreme Court's decision ultimately disposes of this action." *Munoz*, 2011 WL 4048708, at *4.

In *Spokeo*, the Supreme Court will determine whether a plaintiff must allege actual damages in order to have Article III standing under statutes that provide for statutory damages. *See* Pet. for Writ of Cert. at i, *Spokeo, Inc. v. Robins*, No. 13-1339, 2014 WL 1802228, at *i (U.S. May 1, 2014). The plaintiff in *Spokeo* brought a claim under the Fair Credit Reporting Act, which, like the TCPA, provides for statutory damages. *Robins v. Spokeo, Inc.*, No. CV10-05306 ODW (AGRx), 2011 WL 597867, at *1 (C.D. Cal. Jan. 27, 2011). The district court dismissed the complaint for failure to allege an injury-in-fact. *Id.* at *1-2. The Ninth Circuit Court of Appeals reversed, finding Article III standing based on the alleged statutory injury even in the absence of tangible harm. *Robins v. Spokeo, Inc.*, 742 F.3d 409, 413-14 (9th Cir. 2014). The Supreme Court granted certiorari. *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (Apr. 27, 2015).

Like the plaintiff in *Spokeo*, Plaintiff here has not alleged actual damages resulting from injury-in-fact. Rather, Plaintiff seeks damages based only on the statutory provisions for damages. Dkt. 1 ¶ 37, ¶ 42. Thus, if the Supreme Court finds that the plaintiff must allege an injury-in-fact, Plaintiff's claims here will not proceed. A stay is thus warranted: it would prevent both parties from investing significant resources into litigating a matter that the Supreme Court could resolve imminently, and it would not damage Plaintiff, who has not suffered any actual injury for which he must recover expeditiously. In addition, the duration of a stay would be minimal, avoiding any interference with the orderly course of justice, as the Supreme Court has already heard arguments in the *Spokeo* case and will likely render its decision this term. *See* U.S. Supreme Court Docket, *Spokeo, Inc. v. Robins*, No. 13-1339 (argued on Nov. 2, 2015).

## V.   **CONCLUSION**

For the above reasons, SolarCity respectfully requests that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and that the Court grant the dismissal with prejudice.  There is no utility in granting Plaintiff leave to amend because Plaintiff has no plausible basis to allege that SolarCity made the alleged prerecorded phone calls.

If the Court does not dismiss the Complaint with prejudice, Defendant respectfully requests that the Court strike Plaintiff's class allegations and require Plaintiff to provide a more definite statement.  In the alternative, SolarCity respectfully requests that the Court stay this litigation pending the Supreme Court's decision in *Spokeo* and that the Court stay discovery in this matter.

Dated:  January 25, 2016

ELYSE D. ECHTMAN (admitted *pro hac vice*)
CHRISTINA GUEROLA SARCHIO (admitted *pro hac vice*)
RANDALL S. LUSKEY
KATIE LIEBERG STOWE
Orrick, Herrington & Sutcliffe LLP


By:  _____*/s/ Randall S. Luskey*_____
RANDALL S. LUSKEY
Attorneys for Defendant SolarCity Corp.