**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Annick M. Persinger (SBN 272996)
Yeremey O. Krivoshey (SBN 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
              apersinger@bursor.com
              ykrivoshey@bursor.com

*Attorneys for Plaintiff*

RANDALL S. LUSKEY (SBN 240915)
rluskey@orrick.com
KATIE LIEBERG STOWE (SBN 257206)
kstowe@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105
Telephone:  (415) 773-5700
Facsimile:  (415) 773-5759

ELYSE D. ECHTMAN (admitted *pro hac vice*)
eechtman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York  10019-6142
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

CHRISTINA GUEROLA SARCHIO (admitted *pro hac vice*)
csarchio@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 339-8400
Facsimile:  (202) 339-8500

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE MORRIS, on Behalf of Himself and all Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>SOLARCITY CORP.,<br><br>                              Defendant. | Case No. 3:15-cv-05107-RS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    February 4, 2016<br>Time:   10:00 a.m.<br>Judge:   Honorable Richard Seeborg |

The parties to the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. **Jurisdiction and Service**

Defendant in this action has been served. There are no challenges to personal or subject matter jurisdiction or to venue.

2. **Facts**

   A. **Plaintiff's Statement**

This is a class action lawsuit brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Plaintiff George Morris ("Plaintiff") alleges that between October 3, 2015 and October 20, 2015, Defendant SolarCity Corp. ("SolarCity" or "Defendant") made 10 robocalls to him on his residential telephone in order to sell him solar panels. These calls were made using a computer voice imitating a live call center representative. Mr. Morris did not give SolarCity prior express written consent to make these calls. In fact, Mr. Morris's phone number is listed on the National Do Not Call Registry.

   B. **Defendant's Statement**

As addressed in more detail in Defendant's Motion to Dismiss, Motion to Strike, and Motion to Stay filed on January 25, 2016, Plaintiff George Morris fails to state a claim against SolarCity in his complaint. Plaintiff has not alleged facts suggesting that the robocalls he allegedly received were made by SolarCity; they were not. Plaintiff's other claims should be dismissed due to the deficiencies identified in Defendant's Motion to Dismiss: (i) Plaintiff cannot rest a claim for violation of the DNC regulations on a single live call, (ii) Plaintiff has not pled the use of an autodialer by SolarCity, and (iii) Plaintiff pleads no facts suggesting a knowing or willful violation of the TCPA by SolarCity.

3. **Legal Issues**

Plaintiff asserts claims on behalf of himself and a nationwide class for (1) knowing and/or willful violations of the TCPA, and (2) violations of the TCPA.

As set forth in further detail in Defendant's Motion to Dismiss, Motion to Strike, and

Motion to Stay, Defendant contends that the Court should strike these class claims as (i) Plaintiff has no standing to represent these classes; (ii) the proposed classes are impermissibly fragmented; and (iii) the proposed classes are overbroad, fail-safe classes.

4. **Motions**

Defendant filed a Motion to Dismiss, Motion to Strike, and Motion to Stay on January 25, 2016.

Plaintiff will move for class certification in accordance with the schedule set by the Court.

5. **Amendment of Pleadings**

Defendant has not yet answered the Complaint, and instead filed the Motion to Dismiss, Motion to Strike, and Motion to Stay on January 25, 2016. Plaintiff intends to file an amended complaint on or before February 5, 2016.

6. **Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**

The Parties served their initial disclosures on January 25, 2016.

8. **Discovery**

Discovery in this case is underway. Plaintiff served his first round of interrogatories and requests for production of documents on January 11, 2016. Defendant's responses to those requests are presently due February 16, 2016.

Counsel for Plaintiff and Defendant will negotiate an ESI protocol and a protective order.

Plaintiff anticipates that discovery will be needed on at least the following subjects: (1) Defendant's use of an autodialer; (2) Defendant's use of an artificial or prerecorded voice; (3) Defendant's failure to obtain prior express written consent before contacting consumers with an autodialer and/or an artificial or prerecorded voice; (4) Defendant's procedures for ensuring compliance with the TCPA; (5) the identities of consumers improperly contacted by Defendant;

and (6) Defendant's calls to consumers on the National Do Not Call Registry.

Defendant seeks to stay discovery until after the Court rules on the Defendant's Motion to Dismiss the Complaint, filed January 25, 2016. Defendant does not agree that the discovery described above is appropriate in this matter, as Plaintiff has not pled (i) facts suggesting that Defendant used an autodialer; (ii) facts suggesting that Defendant made calls using an artificial or prerecorded voice; or (iii) facts suggesting more than one call by Defendant to Plaintiff.

9. **Class Actions**

Plaintiff brings this action on his own behalf and seeks to represent all other persons similarly situated pursuant to the provisions of Fed. R. Civ. Proc. 23. Plaintiff seeks certification of the following classes:

> **The Robocall Class.** All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.
>
> **The Autodialer Class.** All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.
>
> **The National Do Not Call Class.** All persons in the United States who: (a) received more than one telephone solicitation call, initiated by Defendants to promote its products or services; (b) in a 12–month period; (c) on their cellular telephone line or residential telephone line; (d) more than 30 days after registering their telephone number(s) on the National Do Not Call Registry; and (e) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

A proposed schedule for class certification briefing is set out below under (17) Scheduling.

10. **Related Cases**

None.

11. **Relief**

Plaintiff seeks an order certifying the proposed class and awarding damages, injunctive

relief and attorney's fees, costs and such other relief as the Court may deem appropriate.

12. **Settlement and ADR**

The Parties have not yet discussed resolution of this matter through ADR, but are amenable to considering participating in either private mediation or a settlement conference with a magistrate judge after the Court has ruled on Defendant's pending Motion to Dismiss, Motion to Strike, and Motion to Stay.

13. **Consent to Magistrate Judge For All Purposes**

The Parties do not consent to assignment of this case to a magistrate judge.

14. **Other References**

The Parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

15. **Narrowing of Issues**

This case is still in its initial stages and, as such, there are no issues that can be narrowed by agreement or motion at the present time. The parties will continue to meet and confer about issues that can be narrowed.

Defendant has filed a motion to dismiss/strike claims in this case.

16. **Expedited Trial Procedure**

The parties agree that this action cannot proceed on an expedited basis.

17. **Scheduling**

The parties have not agreed on a case schedule, and include their separate proposals below.

Defendant proposes the following schedule:

| | |
|---|---|
| Amended Complaint | February 5, 2016 |
| Opposition to Motion to Stay Discovery | February 8, 2016 |
| Reply on Motion to Stay Discovery | February 16, 2016 |
| Answer/Defendant's Motion to Dismiss Amended Complaint | February 26, 2016 |
| Opposition to Motion to Dismiss Amended Complaint | March 11, 2016 |

| | |
|---|---|
| Hearing on Motion to Stay Discovery | March 17, 2016 |
| Reply on Motion to Dismiss Amended Complaint | March 18, 2016 |
| Hearing on Motion to Dismiss Amended Complaint | April 7, 2016 |
| Plaintiff's motion for class certification, and any expert reports Plaintiff intends to use in support of class certification, to be filed and served | May 13, 2016 |
| Defendant's opposition to Plaintiff's motion for class certification, and any expert reports Defendant intends to use in opposition to class certification, to be filed and served | June 17, 2016 |
| Plaintiff's reply in support of class certification, and any rebuttal expert reports Plaintiff intends to use in connection with class certification, to be filed and served | July 8, 2016 |
| Hearing on motion for class certification | August 4, 2016 |
| Close of Fact Discovery | Six months following the Court's decision on Plaintiff's motion for class certification |
| Close of Expert Discovery | Three months following the close of fact discovery |
| Last day to file dispositive motions<br>Last day to file *Daubert* motions | 45 days after close of expert discovery |

Plaintiff proposes the following case schedule:

| | |
|---|---|
| All documents must be produced | March 1, 2016 |
| Close of fact discovery | October 14, 2016 |
| Plaintiff's motion for class certification, and any expert reports Plaintiff intends to use in support of class certification, to be filed and served | |
| Defendant's opposition to Plaintiff's motion for class certification, and any expert reports Defendant intends to use in opposition to class certification, to be filed and served | November 14, 2016 |
| Plaintiff's reply in support of class certification, and any rebuttal expert reports Plaintiff intends to use in connection with class certification, to be filed and served | December 14, 2016 |
| Hearing on motion for class certification | January 12, 2017 |
| Parties' expert designations on issues other than class certification, including expert reports and information required by Fed. R. Civ. P. 26(a)(2), to be served | February 10, 2017 |
| Parties' rebuttal expert designations on issues other than class certification, including expert reports and information required by Fed. R. Civ. P. 26(a)(2), to be served | March 10, 2017 |
| Discovery cutoff | April 10, 2017 |
| Last day to file dispositive motions<br>Last day to file *Daubert* motions | May 10, 2017 |

18. **Trial**

Plaintiff has demanded a jury trial, and expects the trial to last approximately two to three weeks. Defendant has no estimation of trial length at this early stage.

19. **Disclosure of Non-party Interested Entities or Persons**

The Parties have complied with Civil Local Rule 3-15 by filing a Certification of Interested

1  Entities or Persons.

2  20.     **Professional Conduct**

3  All attorneys of record for the Parties have reviewed the Guidelines for Professional

4  Conduct for the Northern District of California.

5  21.     **Professional Conduct**

6  The Parties are not presently aware of any other matters that may facilitate the just, speedy,

7  and inexpensive disposition of this matter.

9  Dated: January 28, 2016            **BURSOR & FISHER, P.A.**

10                                     By:   /s/ L. Timothy Fisher
11                                           L. Timothy Fisher

12                                     L. Timothy Fisher (SBN 191626)
                                       Annick M. Persinger (SBN 272996)
13                                     Yeremey O. Krivoshey (SBN 295032)
                                       1990 North California Blvd., Suite 940
14                                     Walnut Creek, CA 94596
                                       Telephone: (925) 300-4455
15                                     Facsimile: (925) 407-2700
                                       E-Mail: ltfisher@bursor.com
16                                             apersinger@bursor.com
17                                             ykrivoshey@bursor.com

18                                     *Attorneys for Plaintiff*

20  Dated:  January 28, 2016           **ORRICK HERRINGTON & SUTCLIFFE, LLP**

21                                     By:      /s/ *Randall S. Luskey*
                                                Randall S. Luskey
22
                                          RANDALL S. LUSKEY
23                                        ELYSE D. ECHTMAN (admitted *pro hac vice*)
                                          CHRISTINA GUEROLA SARCHIO (admitted *pro hac
24                                        vice* )
                                          KATIE LIEBERG STOWE
25
                                       *Attorneys for Defendant SolarCity Corp.*
26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                                    7
CASE NO. 3:15-CV-05107-RS

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT JUDGE

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 3:15-CV-05107-RS

8