UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MORRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>SOLARCITY CORP.,<br><br>    Defendant. | Case No. 15-cv-05107-RS<br><br>**ORDER DENYING MOTION TO STAY** |

       Defendant SolarCity Corp. moves for either (1) a stay of discovery pending any determination that plaintiff has stated a viable claim, or (2) a stay of the entire action pending a Supreme Court decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), which involves the question of whether a claim for statutory damages gives rise to Article III standing in the absence of actual damages. The motion has been submitted without oral argument pursuant to Civil Local Rule 7-1(b), and will be denied.

       Although a court generally has discretion to impose stays of the nature requested, SolarCity has not shown that discretion should be exercised to grant such relief in the circumstances here. SolarCity argues that it should not be put to the burden and expense of responding to written discovery where, it believes, it may be able to obtain dismissal of the complaint, without leave to amend, through an anticipated motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. SolarCity, however, has not advanced a basis for distinguishing this case from the vast majority of those in which defendants contend plaintiffs have not stated a

claim and have little chance of ever doing so.  Yet, other than in actions governed by the Private Securities Litigation Reform Act, the general rule is that the pendency of a motion to dismiss does not stay discovery.

Similarly, the possibility that a future decision in *Spokeo* will be instructive on what plaintiffs must plead to go forward does not support staying the action at this juncture.  The timing, the potential scope, and the applicability of that ruling all remain uncertain.  Accordingly, the stay motion is denied.

**IT IS SO ORDERED**.

Dated:  February 17, 2016

RICHARD SEEBORG
United States District Judge