UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE MORRIS,

    Plaintiff,

v.

SOLARCITY CORP.,

    Defendant.

Case No. 15-cv-05107-RS

**ORDER DENYING MOTION TO DISMISS**

## I. INTRODUCTION

This putative class action asserts that defendant SolarCity has violated Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), by placing marketing telephone calls to consumers that (1) utilized "an artificial or prerecorded voice" ("Robocalls"), and/or (2) utilized an "automatic telephone dialing system" as defined under the TCPA ("autodialer calls") and/or (3) that were made to telephone numbers listed on the "National Do Not Call Registry." SolarCity moves to dismiss, contending that named plaintiff George Morris has not alleged sufficient facts to show that any of the ten telephone calls he is complaining about were actually made by it, as opposed to by some unspecified third party. SolarCity alternatively seeks to strike the class allegations. Pursuant to Civil Local Rule 7-1(b), the motion has been submitted without oral argument.

The first amended complaint alleges facts from which it may plausibly be inferred that the ten calls in question were placed by SolarCity or by a party closely enough connected to it for

liability to attach. That other plausible inferences could also be drawn, or that Morris may ultimately be unable to prove that SolarCity is legally responsible for the calls, does not support dismissal at the pleading stage. Nor are the challenges to class certification appropriately addressed at this juncture. Accordingly, the motion will be denied.

## II. BACKGROUND

Morris asserts that during a seventeen day period in October of 2015, SolarCity made ten "robocalls" from various phone numbers to his residential telephone line "in order to sell him solar panels." To support his allegations that these calls were made by an automatic telephone dialing system, Morris relies on the number of calls made, and on his further averment that each time he answered one of these calls he heard a "pause or dead air before anyone on the line began to speak."

Morris alleges that when he answered or returned any of the calls, he was greeted by a "computer-generated voice" identifying itself as "Rochelle." The voice allegedly repeatedly asked several questions "robotically and with the exact same intonation." If plaintiff asked to speak to a live person or a supervisor, "Rochelle" would either keep asking questions, laugh without responding, claim she was a live person, or hang up.

During the last of the ten calls, Morris gave "Rochelle" a fictitious name and address, neither of which he had ever provided to anyone else. The following day, Morris received a phone call from a live operator who identified himself as a representative of SolarCity, and who asked him to confirm the fictitious name and address he had given to "Rochelle."

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 652, 678 (2009) (citing *Bell Atlantic v. Twombly*,

550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id*. The determination is a context-specific task requiring the court "to draw in its judicial experience and common sense." *Id*. at 1950.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party.  *Twombly*, 550 U.S. at 570.  "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true).

## IV.  DISCUSSION

SolarCity argues the allegations of the First Amended Complaint[1] are insufficient to show that it either placed the calls in dispute or can be held vicariously liable for some other entity having done so.  SolarCity points out that Morris does not claim that any of the robocallers stated they were calling on behalf of SolarCity or mentioned SolarCity or its solar services by name. Nor does Morris allege that SolarCity's name appeared on the caller ID for any of those calls.

---

[1] Morris responded to SolarCity's motion to dismiss the original complaint by amending, rather than opposing the motion.

SolarCity characterizes Morris as therefore relying merely on the "temporal proximity" of the live call from its representative to the call the preceding day. SolarCity insists there is "no factual basis whatsoever, nor is there any legal authority, that would support an inference that SolarCity made all of the alleged calls, based on these allegations alone." The inference, however, is not only possible, it is entirely plausible.

First, the *only* reasonable inference is that the ten robocalls were all made or directed by the same entity or entities, given the allegations regarding their content and "Rochelle." Second, it is perfectly reasonable to infer Solar City was in some manner responsible for the prior calls, from the fact that its live representative asked Morris to confirm the fictitious name and address he had given to Rochelle. It is more than mere "temporal proximity."

SolarCity insists it is *more* reasonable to infer that the ten robocalls were placed by some independent third party, from which it merely purchased the "sales lead," without any knowledge of, or responsibility for, potential TCPA violations. SolarCity points to an allegation in the First Amended Complaint quoting an online consumer complaint about a "lead generator" known as Solar America. While it certainly is plausible that the calls could have been made by some such third party, it is not Morris's burden at this juncture to come forward with allegations or evidence conclusively negating the possibility that Solar City neither made the calls itself nor can be held indirectly liable. He has alleged facts from which SolarCity's direct or indirect liability may plausibly be inferred. *See Iqbal*, 566 U.S. at 678 (stating a claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

SolarCity distinguishes *Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147 (N.D. Ill. 2014), a case upon which Morris relies, on grounds that the complaint there specifically alleged a third party caller specifically mentioned the defendant during the robocall, and even transferred the plaintiff directly from a robocall to an internal representative of the defendant. While *Charvat* may have presented a more clear case for indirect liability, it does not undermine the conclusion that the allegations here are also sufficient to survive dismissal.

SolarCity's challenge to the class allegations is not ripe for disposition at this point in time. While class allegations may be stricken at the pleading stage in the appropriate case, doing so is not warranted here. SolarCity's contentions, if accepted, might alter the scope of the class definitions and/or the particular claims that could go forward on a class basis, but it has not presented any argument that would completely preclude class certification. As such, the points SolarCity raises are better addressed in the context of a certification motion.

## V. CONCLUSION

SolarCity's motion to dismiss or to strike the class allegations is denied. SolarCity shall file an answer to the First Amended Complaint within 20 days of the date of this order.

**IT IS SO ORDERED**.

Dated: April 6, 2016

_____
RICHARD SEEBORG
United States District Judge