BURSOR & FISHER, P.A.
L. Timothy Fisher (SBN 191626)
Annick M. Persinger (SBN 272996)
Yeremey O. Krivoshey (SBN 295032)
Joshua Arisohn (admitted *pro hac vice*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com
          jarisohn@bursor.com

*Attorneys for Plaintiff*

RANDALL S. LUSKEY (STATE BAR NO. 240915)
rluskey@orrick.com
KATIE LIEBERG STOWE (STATE BAR NO. 257206)
kstowe@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105
Telephone:  (415) 773-5700
Facsimile:  (415) 773-5759

ELYSE D. ECHTMAN (admitted *pro hac vice*)
eechtman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York  10019-6142
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

CHRISTINA GUEROLA SARCHIO (admitted *pro hac vice*)
csarchio@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 339-8400
Facsimile:  (202) 339-8500

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MORRIS, on Behalf of Himself and all Others Similarly Situated,<br><br>                     Plaintiffs,<br><br>          v.<br><br>SOLARCITY CORP.,<br><br>                     Defendant. | Case No. 3:15-cv-05107<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Hon. Richard Seeborg**<br>**Action Filed:  November 6, 2015** |

## I.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.     DEFINITIONS

Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

"CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY".

Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-CV-05107

Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

### III.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

### IV.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### V.   DESIGNATING PROTECTED MATERIAL

#### A.   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-cv-05107

1   which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2       Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

3   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

4   unnecessarily encumber or delay the case development process or to impose unnecessary

5   expenses and burdens on other parties) may expose the Designating Party to sanctions.

6       If it comes to a Designating Party's attention that information or items that it designated

7   for protection do not qualify for protection at all or do not qualify for the level of protection

8   initially asserted, that Designating Party must promptly notify all other parties that it is

9   withdrawing the mistaken designation.

10      **B.**    **Manner and Timing of Designations.**

11      Except as otherwise provided in this Order, or as otherwise stipulated or ordered,

12   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

13   designated before the material is disclosed or produced.

14      Designation in conformity with this Order requires:

15      (a)    for information in documentary form (e.g., paper or electronic documents, but

16   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

17   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS'

18   EYES ONLY" to each document that contains protected material.  A Party or Non-Party that

19   makes original documents or materials available for inspection need not designate them for

20   protection until after the inspecting Party has indicated which material it would like copied and

21   produced.  During the inspection and before the designation, all of the material made available for

22   inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After

23   the inspecting Party has identified the documents it wants copied and produced, the Producing

24   Party must determine which documents, or portions thereof, qualify for protection under this

25   Order.  Then, before producing the specified documents, the Producing Party must affix the

26   appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS'

27   EYES ONLY") to each document that contains Protected Material.

28      (b)    for electronically stored information ("ESI") produced in native format, the

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-CV-05107

1    Designating Party shall include the appropriate confidentiality designation within the file name.

2          (c)    for ESI produced in tiff format, if the document is "CONFIDENTIAL" or

3    "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", the designation should appear on

4    every page.

5          (d)    for testimony given in deposition or in other pretrial or trial proceedings, the

6    Designating Party shall identify on the record, before the close of the deposition, hearing, or other

7    proceeding or by written notification within thirty (30) days after receipt of the clean transcript,

8    all protected testimony and specify the level of protection being asserted.

9          Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

10   other proceeding to include Protected Material so that the other parties can ensure that only

11   authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

12   (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

13   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

14   CONFIDENTIAL— ATTORNEYS' EYES ONLY."

15         Transcripts containing Protected Material shall have an obvious legend on the title page

16   that the transcript contains Protected Material, and the title page shall be followed by a list of all

17   pages (including line numbers as appropriate) that have been designated as Protected Material and

18   the level of protection being asserted by the Designating Party.  The Designating Party shall

19   inform the court reporter of these requirements.  Any transcript that is prepared before the

20   expiration of a 21-day period for designation shall be treated during that period as if it had been

21   designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in its entirety unless

22   otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

23   actually designated.

24         (e)    other tangible items, that the Producing Party affix in a prominent place on the

25   exterior of the container or containers in which the information or item is stored the legend

26   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY".

27         **C.     Inadvertent Failures to Designate.**

28         An inadvertent failure to designate qualified information or items does not, standing

- 5 -

1  alone, waive the Designating Party's right to secure protection under this Order for such material.

2  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to

3  assure that the material is treated in accordance with the provisions of this Order.

4  **VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5         **A.    Timing of Challenges.**

6         Any Party or Non-Party may challenge a designation of confidentiality at any time.

7  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to

8  avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

9  disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

10  designation by electing not to mount a challenge promptly after the original designation is

11  disclosed.

12         **B.    Meet and Confer.**

13         The Challenging Party shall initiate the dispute resolution process by providing written

14  notice of each designation it is challenging and describing the basis for each challenge.  To avoid

15  ambiguity as to whether a challenge has been made, the written notice must recite that the

16  challenge to confidentiality is being made in accordance with this specific paragraph of the

17  Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin

18  the process by conferring directly (in voice to voice dialogue; other forms of communication are

19  not sufficient) within 7 days of the date of service of notice.  In conferring, the Challenging Party

20  must explain the basis for its belief that the confidentiality designation was not proper and must

21  give the Designating Party an opportunity to review the designated material, to reconsider the

22  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

23  designation.  A Challenging Party may proceed to the next stage of the challenge process only if

24  it has engaged in this meet and confer process first or establishes that the Designating Party is

25  unwilling to participate in the meet and confer process in a timely manner.

26         **C.    Judicial Intervention.**

27         If the Parties cannot resolve a challenge without court intervention, the Designating Party

28  shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-CV-05107

with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

### A.   Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and

1    in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

2    **B.    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>**

3        Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

4    Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

5        (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

6    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

7    information for this litigation;

8        (b)    the officers, directors, and/or employees (including House Counsel) of the

9    Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

10   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11       (c)    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is

12   reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

13   Agreement to Be Bound" (Exhibit A);

14       (d)    the court and its personnel;

15       (e)    court reporters and their staff, and professional jury or trial consultants and

16   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

17   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18       (f)    during their depositions, witnesses in the action to whom disclosure is reasonably

19   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

20   unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed

21   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

22   bound by the court reporter and may not be disclosed to anyone except as permitted under this

23   Stipulated Protective Order;

24       (g)    the author or recipient of a document containing the information or a custodian or

25   other person who otherwise possessed or knew the information;

26       (h)    special masters, mediators, or other Non-Parties who are appointed by the Court or

27

28   ---

[1]   It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-cv-05107

1   retained by the Parties for settlement purposes or resolution of discovery or other disputes, along

2   with their necessary personnel, and who (in the case of persons retained by the Parties) have

3   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4        (i)     individual Parties, including Plaintiffs, to the extent deemed necessary by Counsel

5   of Record for the prosecution, defense, or settlement of this action; and

6        (j)     any jury consultants or "mock jurors" retained by the Parties in connection with

7   this action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8        **C.**     **Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"**

9               **Information or Items.**

10       (a)     Unless otherwise ordered by the court or permitted in writing by the Designating

11   Party, a Receiving Party may disclose any information or item designated "HIGHLY

12   CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

13          (i)     the Receiving Party's Outside Counsel of Record in this action, as well as

14       employees of said Outside Counsel of Record to whom it is reasonably necessary to

15       disclose the information for this litigation;

16          (ii)     Experts of the Receiving Party (1) to whom disclosure is reasonably

17       necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to

18       Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph

19       7.4(D)(a), below, have been followed;

20          (iii)    the court and its personnel;

21          (iv)    court reporters and their staff; and professional jury or trial consultants, and

22       Professional Vendors to whom disclosure is reasonably necessary for this litigation and

23       who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24          (v)    the author or recipient of a document containing the information or a

25       custodian or other person who otherwise possessed or knew the information.

26          (vi)    during their depositions, (1) witnesses from the Party that designated the

27       Document; (2) the author, recipient, or custodian of a document containing the

28       information or (3) other persons who through testimony or through corroborating

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-CV-05107

documents, have been demonstrated to have received or authored the document.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(viii)   special masters, mediators, or other Non-Parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes, along with their necessary personnel, and who (in the case of persons retained by the Parties) have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(ix)   any jury consultants or "mock jurors" retained by the Parties in connection with this action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(b)   If Counsel for Receiving Party wishes to disclose "Highly Confidential - Attorneys' Eyes Only" Material to any person not designated above, counsel shall follow the following procedure:

(i)   Counsel for the Receiving Party shall make a written request to the Designating Party that sets forth (1) the names of the persons to whom "Highly Confidential - Attorneys' Eyes Only" Material are to be disclosed and (2) a description of the general categories of Protected Material to be disclosed to such person.

(ii)   The Designating Party shall have seven days from receipt of the written request to object to the disclosure of the Protected Material. Any such objection must set forth in detail the grounds on which it is based.

(iii)   A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 days of receiving the written objection.  If no agreement is reached, the Receiving Party may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to make the disclosure.  Any such motion must describe the circumstances with

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-CV-05107

1   specificity, set forth in detail the reasons why the disclosure is reasonably necessary,

2   assess the risk of harm that the disclosure would entail, and suggest any additional means

3   that could be used to reduce that risk.  In addition, any such motion must be accompanied

4   by a competent declaration describing the parties' efforts to resolve the matter by

5   agreement (i.e., the extent and the content of the meet and confer discussions) and setting

6   forth the reasons advanced by the Designating Party for its refusal to approve the

7   disclosure.

8        (iii)    All persons to whom disclosures are permitted and made hereunder shall

9   comply with the terms of this Stipulated Protective Order.

10   **D.**    **Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL"**

11   **AND "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items to Experts.**

12       (a)    Unless otherwise ordered by the court or agreed to in writing by the Designating

13   Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

14   that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS'

15   EYES ONLY" pursuant to paragraph 7.2(c) or 7.3(b) first must make a written request to the

16   Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her

17   primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's

18   current employer(s), (4) identifies each person or entity from whom the Expert has received

19   compensation or funding for work in his or her areas of expertise or to whom the expert has

20   provided professional services, including in connection with a litigation, at any time during the

21   preceding five years,[2] and (5) identifies (by name and number of the case, filing date, and location

22   of court) any litigation in connection with which the Expert has offered expert testimony,

23   including through a declaration, report, or testimony at a deposition or trial, during the preceding

24   five years.[3]

---

25   [2]  If the Expert believes any of this information is subject to a confidentiality obligation to a third-party,

26   then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

27   [3]  It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited

28   work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information.

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-CV-05107

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d)     In any such proceeding, the Party or Non-Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER  LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

- 12 -

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[4]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a

---

[4]   The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

Non-Party;

      2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      3.      make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[5]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED  MATERIAL</u>

Production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege.  A Producing Party may notify the

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Receiving Party in writing that produced documents or information are subject to the attorney-client privilege, work product immunity, or any other applicable privilege.  Within five (5) business days of this notice, the Receiving Party shall return or destroy all such documents or information and all copies thereof, including those that have been shared with Experts, consultants, and vendors, and confirm in writing that all such documents or information have been returned or destroyed.  No use shall be made of such documents or information during depositions, through motion practice, or at trial.  In the case of such returned production, the Producing Party shall provide a privilege log identifying such documents or information within ten (10) business days of its original notice to the Receiving Party.  The Receiving Party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure, the Northern District Local Rules, or any Standing Orders or General Orders of this Court.  The motion shall be filed under seal pursuant to Northern District Local Rule 79-5 and shall not assert as a ground for production the fact of the earlier production, nor shall the motion disclose or otherwise use the content of the previously produced and returned documents or information in any way (beyond any information appearing on the above-referenced privilege log).

If a disclosing party marks for identification or offers into evidence documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege at trial, at a hearing, at a deposition, or on a motion—or proffers or elicits testimonial or other evidence that incorporates or relies on documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege, including evidence within Federal Rule of Evidence 703—that act shall be deemed to effect a waiver and forfeiture by the disclosing party of attorney-client privilege and work product protection that would otherwise apply to undisclosed information concerning the same subject matter, within Federal Rule of Evidence 502(a).  The preceding sentence shall not apply to:  (i) proceedings to determine whether the documents or information are protected by the attorney-client privilege, work product immunity, or any other applicable privilege, or (ii) documents or information that are marked for identification, offered into evidence, or incorporated into evidence proffered or

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-cv-05107

1    elicited by an adverse party, or relied on by a witness proffered by an adverse party.

2    XII.   **MISCELLANEOUS**

3          A.   **Right to Further Relief.**

4          Nothing in this Order abridges the right of any person to seek its modification by the court

5    in the future.

6          B.   **Right to Assert Other Objections.**

7          By stipulating to the entry of this Protective Order no Party waives any right it otherwise

8    would have to object to disclosing or producing any information or item on any ground not

9    addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on

10   any ground to use in evidence of any of the material covered by this Protective Order.

11         C.   **Filing Protected Material.**

12         Without written permission from the Designating Party or a court order secured after

13   appropriate notice to all interested persons, a Party may not file in the public record in this action

14   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

15   with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court

16   order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local

17   Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material

18   at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the

19   law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

20   Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in

21   the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

22         D.   Nothing in this Order shall preclude or impede Outside Counsel of Record's

23   ability to communicate with or advise their client in connection with this litigation only based on

24   such counsel's review and evaluation of Protected Material, provided however, that such

25   communications or advice shall not disclose or reveal the substance or content of any Protected

26   Material other than as permitted under this Order.

27   XIII.  **FINAL DISPOSITION**

28         Within 60 days after the final disposition of this action, as defined in paragraph 4, each

- 16 -

Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated: May 13, 2016                         **BURSOR & FISHER, P.A.**

By: _____ _/s/ Joshua Arisohn_____
                                                    JOSHUA ARISOHN
                                                    Attorneys for Plaintiff


Dated: May 13, 2016                         **ORRICK HERRINGTON & SUTCLIFFE, LLP**

By: _____ _/s/ Randall S. Luskey_____
                                                    RANDALL S. LUSKEY
                                                    Attorneys for Defendant
                                                    .


**Filer's Attestation:**  Pursuant to Civil Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

1   Dated: May 13, 2016                    Respectfully submitted,

2                                                    */s/ Randall S. Luskey*
                                             RANDALL S. LUSKEY
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-CV-05107

1     **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3     Dated:  May 16, 2016

4     _____          HONORABLE ELIZABETH D. LAPORTE
      United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 3:15-CV-05107

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4        I, _____ [print or type full name], of _____

5    [print or type full address], declare under penalty of perjury that I have read in its entirety and

6    understand the Stipulated Protective Order that was issued by the United States District Court for

7    the Northern District of California on _____, 2016 in the case of *Morris v. SolarCity Corp.,*

8    Case No. 3:15-CV-05107.  I agree to comply with and to be bound by all the terms of this

9    Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10   expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

11   not disclose in any manner any information or item that is subject to this Stipulated Protective

12   Order to any person or entity except in strict compliance with the provisions of this Order.

13       I further agree to submit to the jurisdiction of the United States District Court for the

14   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16       I hereby appoint _____ [print or type full name] of

17   _____ [print or type full address and telephone number] as my

18   California agent for service of process in connection with this action or any proceedings related to

19   enforcement of this Stipulated Protective Order.

20

21   Date: _____

22   City and State where sworn and signed: _____

23   Printed name: _____
24                          [print name]

25   Signature: _____
26                      [signature]

27

28