RANDALL S. LUSKEY (STATE BAR NO. 240915)
rluskey@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

ELYSE D. ECHTMAN (admitted *pro hac vice*)
eechtman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

CHRISTINA GUEROLA SARCHIO (admitted *pro hac vice*)
csarchio@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: +1 202 339 8400
Facsimile: +1 202 339 8500

Attorneys for Defendant
SolarCity Corp.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ALBINO LUCERO JR., on Behalf of Himself and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOLARCITY CORP. and LEAD GENESIS, INC.,<br><br>Defendants. | Case No. 3:15-cv-05107-RS<br><br>**DEFENDANT SOLARCITY CORP.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Hon. Richard Seeborg<br>Action Filed: November 6, 2015 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendant SolarCity Corp. hereby moves to file under seal portions of its: (1) Opposition to Plaintiff's Motion for Class Certification, and supporting materials; (2) Expert Report of Ray Horak; and (3) Motion to Exclude the Expert Report and Testimony of Randall A. Snyder.

## I. SOLARCITY'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, AND SUPPORTING DOCUMENTS

The Stipulated Protective Order entered by the Court, ECF No. 67, states that when material has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" (collectively "Confidential Material"), a party must seek to file the Confidential Material under seal pursuant to Civil Local Rule 79-5.

SolarCity's Opposition to Plaintiff's Class Certification Motion contains confidential proprietary information, some of which SolarCity and Lead Genesis have designated as Confidential Material pursuant to the Protective Order. Therefore, SolarCity moves to seal the following SolarCity/Lead Genesis Confidential Material:

| **DOCUMENT** | **DESCRIPTION** |
|---|---|
| Text in SolarCity's Opposition to Plaintiff's Class Certification Motion which reflects or is derived from material designated by SolarCity under the Protective Order. | SolarCity proprietary information about lead generation and legal compliance produced with a confidential designation. |
| Text in SolarCity's Opposition to Plaintiff's Class Certification Motion which reflects or is derived from material designated by Plaintiff under the Protective Order. | Confidential or sensitive personal information about Plaintiff or Plaintiff's experts. |
| Text in the Declaration of Christina Sarchio in Support of SolarCity's Opposition to Plaintiff's Class Certification Motion. | SolarCity proprietary information about lead generation and legal compliance. |
| Text in the Declaration of Jonathan Raymond | SolarCity proprietary information about lead generation and legal compliance. |
| Text in the Declaration of Alexander Sebenius | SolarCity proprietary information about lead generation and legal compliance. |
| Text in the Declaration of Kouri Rosenberg | Confidential information related to SolarCity phone systems. |
| Text in the Declaration of James Duband | Confidential information related to Lead Genesis, including proprietary information |

| DOCUMENT | DESCRIPTION |
|---|---|
| | about Lead Genesis contracts, websites, lead generator partners, and compliance practices. |
| Text in the Declaration of Jason Polka | SolarCity proprietary information related to lead generation and legal compliance. |
| Sarchio Decl. Exhibits B, D-Q | SolarCity proprietary information about lead generation and legal compliance produced with a confidential designation. |
| Sebenius Decl. Exhibits A, B, D, E, G, H | SolarCity proprietary information about lead generation and legal compliance produced with a confidential designation. |
| Jason Polka Decl. Exhibits A-D | SolarCity proprietary information about lead generation and legal compliance produced with a confidential designation. |
| Duband Decl. Exhibits A, G, I, J | Confidential information related to Lead Genesis contracts. |
| Duband Decl. Exhibits C, D, E | Confidential information related to Lead Genesis websites. |
| Duband Decl. Exhibit H | Confidential information related to Lead Genesis's lead generators. |
| Duband Decl. Exhibits B, F | Confidential information related to Lead Genesis's legal compliance practices. |

## II.     EXPERT REPORT OF RAY HORAK

SolarCity also moves to file under seal the following confidential portions of the Expert Report of Ray Horak:

| DOCUMENT | DESCRIPTION |
|---|---|
| Text in the Expert Report of Ray Horak in Support of SolarCity's Opposition to Plaintiff's Class Certification Motion. | Confidential information related to SolarCity's phone systems' capabilities and uses. |

## III.    SOLARCITY'S MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF RANDALL A. SNYDER

SolarCity also moves to file under seal confidential portions of its Motion to Exclude the Expert Report and Testimony of Randall A. Snyder, and supporting documents:

| DOCUMENT | DESCRIPTION |
|---|---|
| Text in SolarCity's Motion to Exclude the Expert Report and Testimony of Randall A. Snyder. | Proprietary information related to SolarCity's technologies and telephone systems. |
| Declaration of Paul Meyer in Support of SolarCity's Motion to Exclude the Expert Report and Testimony of Randall A. Snyder. | Proprietary information related to SolarCity's technologies and telephone systems. |
| Exhibits A-C in SolarCity's Motion to Exclude the Expert Report and Testimony of Randall A. Snyder. | Proprietary information related to SolarCity's technologies and telephone systems. |

This Court has discretion to seal documents or portions thereof if those documents are privileged, protectable as trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material." *Id*. There must be compelling reasons supported by specific factual findings that outweigh the history of access and public policies favoring disclosure. *Monster, Inc. v. Dolby Labs. Licensing Corp*., No. 12-cv-2488-YGR, 2013 WL 163774, at *1 (N.D. Cal. Jan. 15, 2013). Protecting against the public disclosure of trade secrets is a "compelling reason[] sufficient to outweigh the public's interest in disclosure and justify sealing court records." *Kamankana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

As set forth in the Declaration of Christina Sarchio, the limited material SolarCity requests sealed is sensitive commercial information that SolarCity maintains in confidence. SolarCity develops proprietary and confidential protocols for locating and acquiring potential customers and developing strategies to contact them by legal means. SolarCity expends significant resources to develop its lead generation and legal compliance strategies. Allowing public disclosure of SolarCity's lead generation and legal compliance strategies would harm SolarCity's competitive ability. Public disclosure of such information would advantage SolarCity's competitors by giving them, at no cost, marketing strategies that SolarCity invested significant financial and human resources to develop.

The limited information SolarCity seeks to seal qualifies as a trade secret under the applicable standards because public disclosure of the information, including SolarCity's lead

1  generation and compliance strategies, will give a competitive advantage to SolarCity's
2  competitors.  *See Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864-JD,
3  2006 WL 4091388, at *4 (N.D. Cal. Aug. 2, 2016) (sealing information that would have given an
4  "unfair advantage" to competitors); *Monster, Inc. v. Dolby Labs. Licensing Corp.*, No. 12-cv-
5  2488-YGR, 2013 WL 163774, at *4 (N.D. Cal. Jan. 15, 2013) (granting motion to seal internal
6  information about product evaluation, testing procedures, and technical information that would
7  have given competitors an unfair advantage); *OpenTV, Inc. v. Apple, Inc*. No. 14-cv-01622-HSG,
8  2015 WL 2120504, at *2 (N.D. Cal. May 2, 2015) (granting motion to seal where disclosure of
9  information would cause specific competitive harm).

10       Certain text in SolarCity's Opposition to Plaintiff's Class Certification Motion, and
11  supporting documents, also contain information Plaintiff designated as Confidential Material.
12  Plaintiff described that material as sensitive personal information about Plaintiff or Plaintiff's
13  experts, including phone and email contact information.  "Under Civil Local Rule 79-5, a party
14  filing documents under seal may indicate that it has done so because another party designated
15  certain documents or portions thereof as confidential, in which case it is up to the party that seeks
16  the information to remain confidential to come forward with a declaration establishing the
17  information is sealable."  *Moussouris v. Microsoft Corp.*, No. 16-MC-80170-MEJ, 2016 WL
18  5870010, at *1 (N.D. Cal. Oct. 7, 2016).  Because Plaintiff has designated such information as
19  "CONFIDENTIAL," SolarCity now moves to file it under seal.  As sensitive personal
20  information, it should be protected from public disclosure to avoid exposing Plaintiff or
21  Plaintiff's experts to ""annoyance, embarrassment, oppression, or undue burden or expense." *Id*.

22       Further, as described by the Declaration of James Duban in Support of SolarCity's
23  Administrative Motion to File Documents Under Seal, certain documents at issue relate to Lead
24  Genesis contracts, website, lead generators, and TCPA compliance efforts.  Lead Genesis
25  contracts are confidential because, as a business that acts as a lead generation network that
26  purchases and sells consumer leads, the contracts contain information about pricing, refund
27  policies, and dates of execution of the lead purchases and sales.  Public disclosure will allow Lead
28  Genesis competitors to undercut Lead Genesis pricing to gain an unfair competitive advantage—

which is why Lead Genesis requires its contracting partners keep such information confidential. Lead Genesis also invests considerable resources developing a TCPA compliance strategy, the public disclosure of which would allow competitors to unfairly take advantage of Lead Genesis's investment.

Finally, SolarCity's Motion to Exclude the Expert Report and Testimony of Randall A. Snyder, and supporting documents, includes information related to the specific telephone systems that SolarCity used to contact potential customers, including specific hardware and software products SolarCity has purchased. Public disclosure of that information would advantage competitors by allowing them to duplicate the specific telephone system configurations that SolarCity has strategically developed and deployed.

## IV.   CONCLUSION

For the foregoing reasons, SolarCity respectfully requests the Court grant the narrowly tailored relief requested.

Dated: January 26, 2017

ELYSE D. ECHTMAN (admitted *pro hac vice*)
CHRISTINA GUEROLA SARCHIO (admitted *pro hac vice*)
RANDALL S. LUSKEY
Orrick, Herrington & Sutcliffe LLP

By: */s/ Randall S. Luskey*
RANDALL S. LUSKEY
Attorneys for Defendant SolarCity Corp.