February 8, 2017

*Via ECF*

The Honorable Elizabeth D. Laporte, Magistrate Judge
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom E - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   ***Morris v. SolarCity Corp.*, Case No. 3:15-cv-05107 (RS)** –
       Joint Statement Regarding Rule 26(a) Disclosures of Plaintiffs' Expert Anya Verkhovskaya

Dear Judge Laporte:

Pursuant to the Court's Order re Discovery Procedures (Dkt. No. 45), the parties respectfully
submit this joint letter brief with respect to Defendant SolarCity Corp.'s motion pursuant to
Fed.R.Civ.P. 26(a)(2)(B)(ii) to compel production of *all* facts and data considered by Plaintiff
Jose Albino Lucero's expert Anya Verkhovskaya.

## I.      SOLARCITY'S POSITION

Plaintiff moved for class certification in this Telephone Consumer Protection Act ("TCPA") case
on December 14, 2016, and submitted a supporting expert report from Anya Verskhovskaya.
Ms. Verkhovskaya analyzed SolarCity's call logs, opining on the number of unique wireless
telephones that SolarCity called as well as the number of phone calls made to those telephones.
She further described other work that she might perform at a later stage of the case.  The Federal
Rules of Civil Procedure require that an expert disclose "the facts or data considered by the
witness in forming [her opinions]."  Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).  Plaintiff violated his
obligation to produce the facts and data Ms. Verkhovskaya considered, which interfered with
SolarCity's ability to take a meaningful expert deposition, as well as its ability to respond to the
opinions in connection with its January 26, 2017 class certification opposition.  SolarCity moves
to compel immediate production of all facts and data considered, and further moves for leave to
serve a responsive expert report three weeks following completion of that production.

The parties have conferred on this discovery dispute.  Prior to Ms. Verkhovskaya's January 23,
2017 deposition, SolarCity's counsel made two email requests for the facts and data considered.
*See* Exhibit 1.  At the deposition, Plaintiff's counsel requested a formal letter, which was sent the
following day.  *See* Exhibit 2.  Counsel conferred by telephone on Monday, January 30.

Ms. Verkhovskaya repeatedly conceded at deposition that she failed to disclose facts and data
she considered.  *See* Exhibit 3 at 51:16-60:18, 71:9-74:20, 77:9-78:16, 96:17-97:25, 182:25-
183:17, 195:17-196:13, 200:10-205:1.  Among the facts and data that Plaintiff improperly
refuses to produce are:

The Honorable Elizabeth D. Laporte, Magistrate Judge
February 8, 2017
Page 2

1. The specific telephone numbers that Ms. Verkhovskaya opines to be wireless and the outbound telephone calls to those numbers.
2. All reports or outputs that went into the summary tables on pages 5 and 6 of Ms. Verkhovskaya's report, which set forth tallies of telephone numbers and telephone calls.
3. The SQL database files used by Ms. Verkhovskaya and her support team to identify telephone numbers and outbound telephone calls.
4. The code employed by Ms. Verkhovskaya and her team on A.B. Data's SQL database files as well as on the files received from vendor Tel-Lingua (which Ms. Verkhovskaya used to identify cellphones, and belatedly produced on the eve of her deposition).
5. Ms. Verkhovskaya's and her team's communications with vendor Tel-Lingua, including but not limited the files sent to Tel-Lingua for analysis, instructions as to the analysis sought and information or explanation on the analysis performed.
6. Ms. Verkhovskaya's and her team's data tabulations and queries or code designed to produce those tabulations.
7. The specific materials Ms. Verkhovskaya relied upon to understand or interpret SolarCity's call logs.

Without the materials listed above, which were required to be disclosed concurrent with Ms. Verkhovskaya's report, another expert cannot meaningfully respond to her opinions. Attached as Exhibit 4 is a declaration from Shannon Seitz of Analysis Group describing the facts and data that should have been produced with the report. Ms. Verkhovskaya describes her conclusions without providing sufficient information for another expert to understand how she came to those conclusions or to test those conclusions. *See* Exhibit 4 at ¶¶ 7-12. For instance, from the limited information provided, SolarCity's Analysis Group consultants cannot discern which telephone numbers Ms. Verkhovskaya opines to be wireless or which telephone calls she opines to have been made to those numbers. The process she testified to have used to identify wireless telephone numbers in Tel-Lingua's output for the Genesys call records does not add up to the numbers in her summary tables. Exhibit 4 at ¶ 15.

A party's obligation to disclose "the facts or data considered by the witness" is "interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients." Fed. R. Civ. P. 26, Adv. Comm. Notes on 2010 Amend. This broad disclosure obligation "extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." *Id.* In *Republic of Ecuador v. Mackay*, 742 F.3d 860, 863-71 (9th Cir. 2014), the Ninth Circuit affirmed two district court decisions ordering the disclosure of thousands of documents considered by two experts. In *Jackson Family Wines, Inc. v. Diageo N. Am., Inc.*, No. 11-5639 EMC (JSC), 2013 WL 5913749 (N.D. Cal. Oct. 31, 2013), this Court held that the defendants "violated Federal Rule of Civil

The Honorable Elizabeth D. Laporte, Magistrate Judge
February 8, 2017
Page 3

Procedure 26(a)(2)(B)(ii)" by failing to disclose financial documents that the defendants' expert relied on in calculating certain corporate expenses. Similarly, in *Starkey v. McHugh*, No. 14-CV-02525-PSG, 2015 WL 6438762, at *2 (N.D. Cal. Oct. 23, 2015), this Court ordered a mental health expert to disclose "the raw data from his examination—that is, the questions and answers," explaining that Rule 26 "requires [the expert] to produce 'the facts or data' he considered in forming his opinions" and that the "raw data from his psychological examination fall within this category." The case of *In re: Autozone, Inc.*, No. 10MD02159CRBJSC, 2016 WL 4136520, at *1 (N.D. Cal. May 16, 2016), is yet another example, where this Court ordered the plaintiffs to disclose the identities of class members who responded to the plaintiffs' expert's telephone survey. Plaintiff may not skirt his obligations by claiming that Ms. Verkhovskaya no longer "possesses" the facts and data because she changed firms. It is within Plaintiff's control.

Rule 26(a)(2)(B) requires disclosure when the report is produced, without the need for any document demands from the other side. *See Percelle v. Pearson*, No. 12-cv-05343, 2016 WL 6427883, at *2 (N.D. Cal. Oct. 31, 2016) (facts and data must be disclosed with expert's report, without the necessity of any subpoena or production request); *see also Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928, 949 (N.D. Cal. 2015) (precluding expert from relying on information not disclosed in expert report). This disclosure should occur before the expert's deposition to allow full examination on the facts and data underlying the expert's opinions. *JS Prod., Inc. v. Kabo Tool Co.*, No. 2:11-CV-01856-RCJ, 2014 WL 2919184, at *4 (D. Nev. June 26, 2014).

## II.     PLAINTIFF'S POSITION

Ms. Verkhovskaya has already provided Defendant with all of the facts and data that she considered in forming her expert opinions in this case. Nevertheless, Defendant continues to insist that she should produce documents that it either already has, that do not exist, that are not in Ms. Verkhovskaya's possession or that it is not entitled to.

As part of her assignment in this case, Ms. Verkhovskaya was asked to take Defendant's voluminous call logs and determine which of the phone numbers listed therein were cellular numbers. Defendants already possess the call logs that Ms. Verkhovskaya analyzed (SCPROD00029816-21) as well a document explaining the various fields in its call logs (Verkhovskaya Ex. 7). After conducting initial data processing, Ms. Verkhovskaya sent the call logs to a company called Tel-Lingua to identify wireless phone numbers. On January 20, 2017, Ms. Verkhovskaya provided Defendant with three files containing both the data that she provided to Tel-Lingua and the data that Tel-Lingua sent back to Ms. Verkhovskaya (OUTPUT_AsteriskLogs _SendToTelLingua; OUTPUT_ GenesysLogs_SendToTelLingua;

The Honorable Elizabeth D. Laporte, Magistrate Judge
February 8, 2017
Page 4

OUTPUT_ MitelLogs_SendToTelLingua).  As Plaintiff has repeatedly explained to Defendant, Ms. Verkhovskaya does not possess any other responsive documents subject to Fed. R. Civ. P 26(a)(2).

(1)  List Of Wireless Phone Numbers And Outbound Calls To Wireless Numbers
The Tel-Lingua files that Ms. Verkhovskaya provided to Defendant contain the list of phone numbers that she opines to be wireless.  At her deposition, Ms. Verkhovskaya explained how she used the Tel-Lingua files to make this determination.  Records of the outbound telephone calls associated with these wireless numbers are found in Defendant's own call logs.  Ms. Verkhovskaya does not possess any other discrete files responsive to this request and she is not required to create evidence.

(2)  Reports Or Outputs That Went Into The Summary Tables
Ms. Verkhovskaya does not possess any documents responsive to this request.  The numbers reflected in the summary tables are all derived from Defendant's original call logs and the Tel-Lingua files that Ms. Verkhovskaya has already produced.  Ms. Verkhovskaya does not possess any other discrete files responsive to this request and she is not required to create evidence.

(3)  SQL Database Files
The SQL database at issue does not contain any files.  To the extent that Defendant requests the database itself, such a request goes beyond the disclosure requirements of Fed. R. Civ. P. 26(a)(2) because the database constitutes a draft and working notes as opposed to facts and data that Ms. Verkhovskaya considered in forming her expert opinions.

Fed. R. Civ. P. 26(b)(4)(B) provides that "Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), **regardless of the form in which the draft is recorded**."  (Emphasis added).  Accordingly, courts have routinely found that experts need not disclose drafts, notes, calculations and the like.  *See, e.g.*, *Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 21, 35 (1st Cir. 2004) (Rule 26(a)(2) does not require disclosure of an expert's working notes or recordings); *Etherton v. Owners Ins. Co.*, 2011 WL 684592, at *2 (D. Colo. Feb. 18, 2011) ("Rule 26(a)(2) does not require a party to disclose all of its expert's notes, calculations, and preliminary analysis."); *McDonald v. Sun Oil Co.*, 423 F. Supp. 2d 1114, 1122 (D. Or. 2006), *rev'd in part on other grounds* (same); *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006) ("Nor is there any suggestion in Rule 26(a)(2) that an expert report is incomplete unless it contains sufficient information and detail for an opposing expert to replicate and verify in all respects both the method and results described in the report."); *Helmert v. Butterball, LLC*, 2011 WL 3157180, at *2 (E.D. Ark. July 27, 2011) (while the opposing party was entitled to the underlying data used by an expert, the expert did not have to produce all of his

The Honorable Elizabeth D. Laporte, Magistrate Judge
February 8, 2017
Page 5

notes and calculations); *Flebotte v. Dow Jones & Co.*, 2000 WL 35539238, at *7 (D. Mass. Dec. 6, 2000) ("Therefore, neither the plain language of [Rule 26] nor its purpose compels disclosure of every calculation or test conducted by the expert during formation of the report.").

Here, the SQL database that Ms. Verkhovskaya used to calculate the numbers in her final report is the equivalent of a draft or set of working notes. It contains her notations, annotations and a preliminary analysis, not the factual ingredients on which she relied. Ms. Verkhovskaya's opinions are based entirely on the data that Defendant itself provided and the analysis done by Tel-Lingua that she has already provided to Defendant. Her analysis conducted in the SQL database is not data that she relied upon, but—like a draft—the work she conducted in preparation for her report.

(4)  SQL Database Code
For the same reasons described above, this request goes beyond the required disclosures under Fed. R. Civ. P. 26(a)(2). In any event, because Ms. Verkhovskaya no longer works at A.B. Data, she no longer possesses or controls the code used in "A.B. Data's SQL database." That proprietary code is in the sole possession of A.B. Data.

Plaintiff cannot fathom why Defendant is requesting "files received from vendor Tel-Lingua" given that those documents have already been produced. Indeed, Defendant even introduced excerpts from these documents at Ms. Verkhovskaya's deposition.

(5)  Communications With Tel-Lingua
Ms. Verkhovskaya does not possess any documents responsive to this request.

(6)  Data Tabulations and Related Queries/Code
For the reasons described above, Ms. Verkhovskaya's data tabulations constitute draft materials and working notes that need not be disclosed. In any event, Ms. Verkhovskaya does not possess any discrete files responsive to this request and she is not required to create evidence.

(7)  Materials Relied Upon To Understand Or Interpret SolarCity's Call Logs
As Ms. Verkhovskaya explained at her deposition, she relied solely on a document that Defendant produced to interpret the columns in Defendant's call logs (Verkhovskaya Ex. 7).

The Honorable Elizabeth D. Laporte, Magistrate Judge
February 8, 2017
Page 6

Respectfully submitted,


Orrick Herrington & Sutcliffe LLP        Bursor & Fisher, P.A.

By: */s/ Elyse D. Echtman*                By: By: */s/ Joshua D. Arisohn*
Elyse D. Echtman (admitted *pro hac vice*)    Joshua D. Arisohn (admitted *pro hac vice*)
Attorneys for Defendant SolarCity Corp.   Attorneys for Plaintiff

## **Local Rule 5-1(i)(3) Attestation**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

*/s/ Elyse D. Echtman*