**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Joshua D. Arisohn (*Admitted Pro Hac Vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail:  scott@bursor.com
           jarisohn@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBINO LUCERO JR., on Behalf of Himself and all Others Similarly Situated,<br><br>            Plaintiff,<br><br>     v.<br><br>SOLARCITY CORP.,<br><br>            Defendant. | Case No. 3:15-cv-05107-RS<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Hon. Richard Seeborg |


Case 3:15-cv-05107-RS   Document 120   Filed 02/23/17   Page 2 of 4

## NOTICE OF MOTION AND ADMINISTRATIVE MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Northern District of California Civil Rule Local Rules 7-11 and 79-5, Plaintiff Jose Albino Lucero Jr. ("Plaintiff") hereby moves the Court for an order allowing it to file under seal the following information (collectively, the "Confidential Information"):

a. Certain confidential portions of the Plaintiff's Reply In Further Support Of Motion For Class Certification;

b. Certain confidential portions of the Reply Declaration of Joshua D. Arisohn In Support of Plaintiff's Motion For Class Certification ("Arisohn Declaration");

c. Exhibits A-F to the Arisohn Declaration; and

d. The Supplemental Declaration of Randall A. Snyder.

This administrative motion is filed in connection with Plaintiff's Reply In Further Support Of Motion For Class Certification.

## MEMORANDUM OF POINTS AND AUTHORITIES

Northern District Civil Local Rule 79-5(c) provides that counsel seeking to file portions of documents under seal may file a motion under Local Rule 7-11 and may lodge with the Court documents for which redacting is requested. Civil Local Rule 79-5(a) provides that the Court may order documents sealed if they are "privileged or protectable as trade secret or otherwise entitled to protection under the law . . . ." Plaintiff has lodged the Documents in the manner provided for in Local Rule 79-5(c). There is good cause to permit the Confidential Information to be redacted from the public versions of the Documents.

This Court has the power to seal records to protect confidential and proprietary business information. Both federal and California law recognize that courts should employ reasonable means to protect trade secrets or other confidential commercial and that allowing the redaction of such information from publicly filed documents is one of those means. *See* Civil Local Rule


PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 3:15-CV-05107-RS

1

79-5; Fed. R. Civ. P. 26(c)(1)(G) (a court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed"); Cal. Civ. Code § 3426.5 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of an action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.")

Though the courts recognize a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has stated that this right is limited:

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

In discussing examples of improper purposes, the Court observed that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.* As the Ninth Circuit has put it:

> The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (internal citations omitted).

The documents described above contain Defendant's purportedly confidential and proprietary information regarding its dialing systems and have been marked as confidential. Accordingly, the parties consider the Confidential Information a "trade secret[s] or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The interest in public disclosure is also outweighed by Parties' confidentiality interest. Public disclosure of the Confidential Information may harm Defendant SolarCity's competitive standing and thus cause the Court's file to serve as a potential vehicle for an improper purpose. Such

disclosure will also subject Defendant to "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1)(G).

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant this Administrative Motion and permit Plaintiff to redact the Confidential Information from the public version of the Documents.

Dated:  February 23, 2017                                       Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  /s/ *Joshua D. Arisohn*
            Joshua D. Arisohn

Scott A. Bursor (State Bar No. 276006)
Joshua D. Arisohn (*Admitted Pro Hac Vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
            jarisohn@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

*Attorneys for Plaintiff*