**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Joshua D. Arisohn (*Admitted Pro Hac Vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail:  scott@bursor.com
        jarisohn@bursor.com

[Additional counsel on signature page]

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBINO LUCERO JR., on Behalf of Himself and all Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>SOLARCITY CORP.,<br><br>                              Defendant. | Case No. 3:15-cv-05107-RS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: August 31, 2017<br>Time: 1:30 PM<br>Courtroom 3, 17th Floor<br><br>Hon. Richard Seeborg |

1

## NOTICE OF MOTION AND MOTION

2

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3 **PLEASE TAKE NOTICE THAT** on August 31, 2017 at 1:30 p.m., or as soon thereafter as

4 the matter may be heard by the above-captioned Court, located at 450 Golden Gate Avenue, San

5 Francisco, CA 94102, Courtroom 3, 17th Floor, in the courtroom of the Honorable Richard Seeborg,

6 Plaintiff will and hereby does move, pursuant to Fed. R. Civ. P. 23(e), for the Court to:  (i) grant

7 preliminary approval of the proposed Settlement Agreement, (ii) provisionally certify the Settlement

8 Class for the purposes of preliminary approval, designate Plaintiff Jose Albino Lucero Jr. as the

9 Class Representative, and appoint Bursor & Fisher, P.A. and Nathan & Associates, APC as counsel

10 for the Settlement Class, (iii) establish procedures for giving notice to members of the Settlement

11 Class, (iv) approve forms of notice to Settlement Class Members, (v) mandate procedures and

12 deadlines for exclusion requests and objections, and (vi) set a date, time, and place for a final

13 approval hearing.

14 This motion is made on the grounds that preliminary approval of the proposed class action

15 settlement is proper, given that each requirement of Rule 23(e) has been met.

16 This motion is based on the attached Memorandum of Points and Authorities, the

17 accompanying Declaration of Joshua D. Arisohn, the pleadings and papers on file herein, and any

18 other written and oral arguments that may be presented to the Court.

19

## CIVIL RULE 7-4(a)(3) STATEMENT OF ISSUE TO BE DECIDED

20 Whether the Court should preliminarily approve the proposed class action settlement

21 pursuant to Fed. R. Civ. P. 23(e).

22

23 Dated:  July 14, 2017                    Respectfully submitted,

24                                         **BURSOR & FISHER, P.A.**

25
                                          By:   */s/ Joshua D. Arisohn*
26                                                  Joshua D. Arisohn

27                                         Scott A. Bursor (State Bar No. 276006)
                                          Joshua D. Arisohn (*Admitted Pro Hac Vice*)
28                                         888 Seventh Avenue
                                          New York, NY  10019

Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com
          jarisohn@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan, Esq. (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Tel: (619) 272-7014
Fax: (619) 330-1819
Email: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

PAGE(S)

I.      INTRODUCTION ................................................................................................ 1

II.     PROCEDURAL BACKGROUND.................................................................... 3

        A.      Pleadings And Motions.................................................................. 3

        B.      Discovery ....................................................................................... 4

        C.      Settlement ...................................................................................... 5

III.    THE LEGAL STANDARD FOR PRELIMINARY APPROVAL.................... 5

IV.     THE SETTLEMENT AGREEMENT IS FAIR, ADEQUATE, AND
        REASONABLE ................................................................................................ 7

        A.      Strength Of Plaintiff's Case .......................................................... 7

        B.      Risk Of Continuing Litigation ...................................................... 8

        C.      Risk Of Maintaining Class Action Status .................................... 9

        D.      The Extent Of Discovery And Status Of Proceedings.................. 9

        E.      Experience And Views Of Counsel ............................................ 10

V.      THE COURT SHOULD PROVISIONALLY CERTIFY THE SETTLEMENT
        CLASS FOR THE PURPOSES OF PRELIMINARY APPROVAL ................ 10

VI.     THE PROPOSED NOTICE PROGRAM PROVIDES ADEQUATE NOTICE
        AND SHOULD BE APPROVED ................................................................... 11

VII.    CONCLUSION................................................................................................ 14

**TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*Alaniz v. California Processors, Inc.,*
  73 F.R.D. 269 (N.D. Cal. 1976)............................................................................................ 5

*Amchem Products, Inc. v. Windsor,*
  521 U.S. 591 (1997)............................................................................................................ 10

*Apple Computer Sec. Litig.,*
  1991 U.S. Dist. LEXIS 15608 (N.D. Cal. Sept. 6, 1991) .................................................... 8

*Boyd v. Bechtel Corp.,*
  485 F. Supp. 610 (N.D. Cal. 1979) ...................................................................................... 7

*Churchill Village, L.L.C. v. Gen. Elec.,*
  361 F.3d 566 (9th Cir. 2004) ............................................................................................... 7

*Curtis-Bauer v. Morgan Stanley & Co., Inc.,*
  2008 WL 4667090 (N.D. Cal. Oct. 22, 2008)...................................................................... 8

*Dunk v. Ford Motor Company,*
  48 Cal. App. 4th 1794 (1996) .............................................................................................. 6

*Fulford v. Logitech, Inc.,*
  2010 U.S. Dist. LEXIS 29042 (N.D. Cal. Mar. 5, 2010)..................................................... 9

*Garner v. State Farm. Mut. Auto. Ins. Co.,*
  2010 WL 1687832 (N.D. Cal. Apr. 22, 2010) ..................................................................... 8

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998) .................................................................................... 6, 7, 10

*In re Mego Fin. Corp. Sec. Litig.,*
  213 F.3d 454 (9th Cir. 2000) ............................................................................................... 9

*In re Netflix Privacy Litig.,*
  2013 WL 1120801 (N.D. Cal. Mar. 18, 2013)..................................................................... 9

*In re Omnivision Techns., Inc.,*
  559 F. Supp. 2d 1036 (N.D. Cal. 2008) ............................................................................. 10

*In re Pac. Enters. Sec. Litig.,*
  47 F.3d 373 (9th Cir. 1995) ............................................................................................ 6, 10

*In re Syncor ERISA Litig.,*
  516 F.3d 1095 (9th Cir. 2008) ......................................................................................... 5, 6

*In re Tableware Antitrust Litig.,*
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................................... 5

*Officers for Justice v. Civil Serv. Comm'n,*
  688 F.2d 615 (9th Cir. 1982) ............................................................................................ 6, 7

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,
   390 U.S. 414 (1968) .................................................................................................. 6

*Rodriguez v. West Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ............................................................................. 8, 10

*Spokeo, Inc. v. Robins*,
   135 S. Ct. 1892 (2015) .............................................................................................. 3

**STATUTES**

47 U.S.C. § 227 .............................................................................................................. 3

**RULES**

Fed. R. Civ. P. 23 ................................................................................................. passim

**OTHER AUTHORITIES**

Newberg on Class Actions § 11.25 (1992) .................................................................. 5

## I.      INTRODUCTION

Plaintiff Jose Albino Lucero Jr. ("Plaintiff"), through his counsel Bursor & Fisher, P.A. ("Bursor & Fisher") and Nathan & Associates, APC, respectfully submits this memorandum of law in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

The Settlement Agreement states that Defendant SolarCity Corp. ("Defendant" or "SolarCity") will pay $15 million into a Settlement Fund for the settlement of all claims in this action.  Arisohn Decl. Ex. A (Settlement Agreement) at ¶ 4.1.  The Settlement Agreement defines the Settlement Class to include:

> all individuals in the United States, from November 6, 2011 to the date the class notice is disseminated, who received from or on behalf of Defendant: (1) one or more calls on their cellphones, or (2) at least two telemarketing calls during any 12-month period where their phone numbers appeared on a National or State Do Not Call Registry or Solar City's Internal Do Not Call List more than 15 days before the calls.

*Id.* ¶ 1.1.35.  "Each Settlement Class Member who timely submits a valid Claim Form by the Claims Deadline shall be entitled to a single payment from Defendant in an amount equivalent to his or her *pro rata* share of the Settlement Fund after any approved Fee Award, any approved incentive award for Representative Plaintiffs, and Settlement Administration Costs are deducted."  *Id.* ¶ 4.3.4.  The monetary benefits afforded the Class through the Settlement Agreement fulfills the purpose of this action, is in-line with agreements approved in comparable cases nationwide, and far exceeds what is required for preliminary approval.  Accordingly, this Court should preliminarily approve the Settlement.

As in any class action, the proposed Settlement is initially subject to preliminary approval and then to final approval by the Court after notice to the class and a hearing.  Plaintiff now requests that this Court enter an order in the form of the accompanying [Proposed] Order Preliminarily Approving Class Action Settlement, which will:

(1)      Grant preliminary approval of the proposed Settlement;

(2)      Provisionally certify the Settlement Class on a nationwide basis for the purposes of preliminary approval, designate Plaintiff Jose Albino Lucero Jr. as the Class Representative, and Bursor

& Fisher, P.A. and Nathan & Associates, APC as counsel for
the Settlement Class;

(3)    Establish procedures for giving notice to members of the
Settlement Class;

(4)    Approve forms of notice to Settlement Class Members;

(5)    Mandate procedures and deadlines for exclusion requests and
objections; and

(6)    Set a date, time and place for a final approval hearing.

The proposed Settlement is fair and reasonable and falls within the range of approval.  It is the product of extended arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case, including an in-person settlement conference before Hon. Morton Denlow (Ret.) of JAMS, Inc., former Magistrate Judge of the Northern District of Illinois. Additionally, Class Counsel has conducted an extensive investigation into the facts and law relating to this matter through the course of discovery.  This investigation has included serving 33 interrogatories and 82 requests for production, reviewing more than 30,000 pages of documents and analyzing call logs with millions of entries.  Class Counsel has also taken the depositions of four current or former SolarCity employees, as well as Defendant's expert witness.  Class Counsel has also interviewed and retained experts and done significant legal research and briefing.  As a result of these efforts, Class Counsel is fully informed of the merits of this action and the proposed settlement.

The proposed Settlement Class meets every element of Rule 23(a) and (b)(3).  The Settlement Class is so numerous that the joinder of all members is impracticable; there are questions of law or fact common to the proposed Settlement Class; the proposed Class Representative's claims are typical of those of the Settlement Class; and the proposed Class Representative will fairly and adequately protect the interests of the proposed Settlement Class.  In addition, common issues of law and fact predominate over any questions affecting only individual class members, and a class action as proposed here is superior to other available methods for the fair and efficient adjudication of the controversy.

## II.      PROCEDURAL BACKGROUND

### A.      Pleadings And Motions

On November 5, 2015, former Plaintiff George Morris filed his Class Action Complaint (ECF No. 1), which alleged that SolarCity called him in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").  Mr. Morris alleged claims on behalf of himself and nationwide classes of all those whom SolarCity had allegedly called using an autodialer or whom were registered on the National Do-Not-Call Registry ("NDNCR").

On January 25, 2016, SolarCity filed a motion to dismiss (ECF No. 25).  As part of that motion, SolarCity also moved to stay discovery pending the Court's decision on its forthcoming motion to dismiss the FAC and the Supreme Court's anticipated decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).  Rather than respond to the motion to dismiss, Mr. Morris filed a First Amended Complaint ("FAC") (ECF No. 28) on February 3, 2016.  The Court denied the motion to stay by Order dated February 17, 2016 (ECF No. 34).

On February 22, 2016, SolarCity moved to dismiss the FAC and to strike the class allegations.  On April 6, 2016, the Court issued an Order denying that motion in full.   Thereafter, on May 25, 2016, Plaintiffs filed a Second Amended Complaint ("SAC") (ECF No. 68).  The SAC added Jose Albino Lucero Jr. and David Hall as plaintiffs and Lead Genesis, Inc. as a Defendant. Messrs. Lucero and Hall alleged that SolarCity called them using an autodialer without their consent and although they had been registered on the NDNCR.  SolarCity filed an Answer to SAC (ECF No. 71) on June 15, 2016 stating that it did not call plaintiffs using an autodialer, had proper consent to make the calls at issue, and did not improperly call consumers on the NDNCR.  Messrs. Morris and Hall later withdrew their claims pursuant to stipulations of dismissal (ECF Nos. 90, 91 and 109).

On July 12, 2016, Plaintiffs moved to have their lawyers appointed as interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3).  The Court issued an Order (ECF No. 87) on August 29, 2016 granting that motion and holding that "plaintiffs have made an adequate showing that Bursor & Fisher, P.A. and Nathan & Associates, APC are qualified for appointment as interim class counsel. . . ."

On December 14, 2016, Lucero filed a Motion For Class Certification (ECF No. 94).[1] Plaintiffs' class certification motion was fully brief on February 23, 2017 and the Court held oral argument on that motion on March 9, 2017.  SolarCity moved to strike Plaintiff's expert Randall Snyder on January 27, 2017 (ECF No. 100).  On March 6, 2017, SolarCity also moved to strike portions of Plaintiff's reply in support of its motion for class certification (ECF No. 134).  On February 23, 2017, Plaintiff moved to strike Defendant's expert Ray Horak (ECF No. 140).  These motions were all still pending when the Parties informed the Court on May 19, 2017 that they had reached an agreement on all material terms of a class action settlement.

### B.    Discovery

Plaintiff served SolarCity with his first round of interrogatories and requests for production of documents on January 11, 2016.  Plaintiff also served defendant Lead Genesis, Inc. with interrogatories and requests for production of documents on July 29, 2016.  SolarCity served its interrogatories and requests for production on all three Plaintiffs on July 27, 2016.  Lead Genesis served similar discovery requests on July 29, 2016.  In connection with these requests, the parties produced documents on a rolling basis, and substantially completed document production as of September 22, 2016.  In total, SolarCity produced over 30,000 pages of documents, as well as call logs referencing millions of calls.

Plaintiff's counsel deposed four current or former SolarCity employees:  Jonathan Raymond (in both his individual capacity and as a Rule 30(b)(6) witness) on November 7, 2016; Ryan Van Tricht on November 8, 2016; Sean Peterson on November 14, 2016 and Alexander Sebenius (as a 30(b)(6) witness) on November 22, 2016.  Plaintiff's counsel also deposed SolarCity's expert Ray Horak on February 17, 2017.  SolarCity deposed Lucero on November 28, 2016 and former plaintiff Morris on March 6, 2017.  SolarCity also deposed Plaintiff's two experts:  Randall Snyder on January 12, 2017 and Anya Verkhovskaya on January 23, 2017.

Throughout the discovery process, the Court was asked to mediate several disputes.  These disputes involved: (1) whether Plaintiff was entitled to SolarCity's call logs (ECF No. 41), (2)

---

[1] This motion was later refiled at ECF No. 137 without redactions pursuant to the Court's Order and Amended Order denying the Parties' sealing motions.  (ECF Nos. 134-135).

1  whether SolarCity was entitled to depose former plaintiff Morris (ECF No. 95), (3) whether

2  Plaintiff's expert Anya Verkhovskaya had made all necessary disclosures (ECF Nos. 112, 116), and

3  (4) whether SolarCity was entitled to inspect Mr. Lucero's electronic devices (ECF No. 163).

4       **C.**    **Settlement**

5       On January 31, 2017, the parties attended an in-person Settlement Conference before Hon.

6  Morton Denlow (Ret.) of JAMS, Inc., former Magistrate Judge of the Northern District of Illinois, in

7  Chicago, Illinois.  However, the parties were unable to reach an agreement at that mediation.  On

8  May 19, 2017, the parties executed a Class Action Settlement Term Sheet agreeing to all material

9  terms.  The Parties were unable to negotiate a formal settlement agreement and Plaintiff moved to

10  enforce the term sheet on June 22, 2017 (ECF No. 168).  SolarCity filed a response to Plaintiff's

11  motion to enforce on July 6, 2017 (ECF No. 169).  On July 12, 2017, the Parties executed a formal

12  Stipulation of Settlement, Arisohn Decl. Ex. A, and Plaintiff withdrew his motion to enforce the

13  term sheet.

14  **III.**    **THE LEGAL STANDARD FOR PRELIMINARY APPROVAL**

15       Approval of class action settlements involves a two-step process.  First, the Court must make

16  a preliminary determination whether the proposed settlement appears to be fair and is "within the

17  range of possible approval."  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008); *In re*

18  *Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *Alaniz v. California*

19  *Processors, Inc.*, 73 F.R.D. 269, 273 (N.D. Cal. 1976), *cert. denied sub nom. Beaver v. Alaniz*, 439

20  U.S. 837 (1978).  If so, notice can be sent to class members and the Court can schedule a final

21  approval hearing where a more in-depth review of the settlement terms will take place.  *See Manual*

22  *for Complex Litigation, 3d Edition*, § 30.41 at 236-38 (hereafter, the "Manual").

23       The purpose of preliminary approval is for the Court to determine whether the parties should

24  notify the putative class members of the proposed settlement and proceed with a fairness hearing.

25  *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079.  Notice of a settlement should be

26  disseminated where "the proposed settlement appears to be the product of serious, informed,

27  non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential

28  treatment to class representatives or segments of the class, and falls within the range of possible

approval." *Id.* (*quoting* NEWBERG ON CLASS ACTIONS § 11.25 (1992).  Preliminary approval does not require an answer to the ultimate question of whether the proposed settlement is fair and adequate, for that determination occurs only after notice of the settlement has been given to the members of the settlement class.  *See Dunk v. Ford Motor Company*, 48 Cal. App. 4th 1794, 1801 (1996).

Nevertheless, a review of the standards applied in determining whether a settlement should be given *final* approval is helpful to the determination of preliminary approval.  One such standard is the strong judicial policy of encouraging compromises, particularly in class actions.  *See In re Syncor*, 516 F.3d at 1101 (citing *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983)).

> Beginning with the first [pretrial] conference, and from time to time throughout the litigation, the court should encourage the settlement process.  The judge should raise the issue of settlement at the first opportunity, inquiring whether any discussions have taken place or might be scheduled.  As the case progresses, and the judge and counsel become better informed, the judge should continue to urge the parties to consider and reconsider their positions on settlement in light of current and anticipated developments.

*Manual*, § 23.11 at 166.

While the district court has discretion regarding the approval of a proposed settlement, it should give "proper deference to the private consensual decision of the parties."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).  In fact, when a settlement is negotiated at arm's-length by experienced counsel, there is a presumption that it is fair and reasonable.  *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).  Ultimately, however, the Court's role is to ensure that the settlement is fundamentally fair, reasonable, and adequate.  *See In re Syncor* 516 F.3d at 1100.

Beyond the public policy favoring settlements, the principal consideration in evaluating the fairness and adequacy of a proposed settlement is the likelihood of recovery balanced against the benefits of settlement.  "[B]asic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation."  *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968).  That said, "the court's intrusion upon what is otherwise a private consensual agreement negotiated

1   between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment

2   that the agreement is not the product of fraud or overreaching by, or collusion between, the

3   negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all

4   concerned." *Officers for Justice*, 688 F.2d at 625.

5         In evaluating preliminarily the adequacy of a proposed settlement, particular attention should

6   be paid to the process of settlement negotiations.  Here, the negotiations were conducted by

7   experienced class action counsel and included the involvement of Magistrate Denlow.  Thus,

8   counsel's assessment and judgment are entitled to a presumption of reasonableness, and the court is

9   entitled to rely heavily upon their opinion.  *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622-23 (N.D.

10   Cal. 1979).

11   **IV.    THE SETTLEMENT AGREEMENT IS FAIR, ADEQUATE, AND REASONABLE**

12         Rule 23(e)(2) provides that "the court may approve [a proposed class action settlement] only

13   after a hearing and on finding that it is fair, reasonable, and adequate."  When making this

14   determination, the Ninth Circuit has instructed district courts to balance several factors:  (1) the

15   strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation;

16   (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in

17   settlement; (5) the extent of discovery completed and the stage of the proceedings; and (6) the

18   experience and views of counsel.  *Hanlon*, 150 F.3d at 1026;[2] *Churchill Village, L.L.C. v. Gen.*

19   *Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).  Here, the balance of these factors readily establishes that

20   the proposed settlement should be preliminarily approved.

21       **A.    Strength Of Plaintiff's Case**

22         In determining the likelihood of a plaintiff's success on the merits of a class action, "the

23   district court's determination is nothing more than an amalgam of delicate balancing, gross

24   approximations and rough justice."  *Officers for Justice*, 688 F.2d at 625 (internal quotations

25   omitted).  The court may "presume that through negotiation, the Parties, counsel, and mediator

26   arrived at a reasonable range of settlement by considering Plaintiff's likelihood of recovery."

---

27   [2] In *Hanlon*, the Ninth Circuit also instructed district courts to consider "the reaction of the class
members to the proposed settlement."  *Hanlon*, 150 F.3d at 1026.  This consideration is more
28   germane to final approval, and will be addressed at the appropriate time.

---

1    *Garner v. State Farm. Mut. Auto. Ins. Co.*, 2010 WL 1687832, at *9 (N.D. Cal. Apr. 22, 2010)

2    (citing *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

3            Here, Plaintiff's counsel engaged in an arms-length negotiation with SolarCity's counsel, and

4    were thoroughly familiar with the applicable facts, legal theories, and defenses.  Although Plaintiff

5    and his counsel believe that Plaintiff's claims have merit, they also recognize that they will face risks

6    at class certification, summary judgment, and trial.  SolarCity would no doubt present a vigorous

7    defense at trial, and there is no assurance that the class would prevail.  SolarCity states that it has

8    strong defenses evidence that it only called consumers who had expressed an interest in learning

9    about solar products, that it did not use an autodialer, did not call consumers without proper consent,

10   and did not improperly call consumers on the NDNCR.  Thus, in the eyes of Plaintiff's counsel, the

11   proposed Settlement provides the Settlement Class with an outstanding opportunity to obtain

12   significant relief at this stage in the litigation.  The Settlement Agreement also abrogates the risks

13   that might prevent them from obtaining relief.

14           **B.      Risk Of Continuing Litigation**

15           As referenced above, proceeding in this litigation in the absence of settlement poses various

16   risks such as failing to certify a class, having summary judgment granted against Plaintiff, or losing

17   at trial.  As noted, SolarCity states that it has strong defenses based on evidence that it only called

18   consumers who had expressed an interest in learning about solar products, never used an autodialer,

19   did not call consumers without proper consent, and did not improperly call consumers on the

20   NDNCR.  Such considerations have been found to weigh heavily in favor of settlement.  *See*

21   *Rodriguez*, 563 F.3d at 966; *Curtis-Bauer v. Morgan Stanley & Co., Inc.*, 2008 WL 4667090, at *4

22   (N.D. Cal. Oct. 22, 2008) ("Settlement avoids the complexity, delay, risk and expense of continuing

23   with the litigation and will produce a prompt, certain, and substantial recovery for the Plaintiff

24   class.").  Even assuming that Plaintiff were to survive summary judgment, he would face the risk of

25   establishing liability at trial in light of conflicting expert testimony between his own expert witnesses

26   and SolarCity's expert witnesses.   In this "battle of experts," it is virtually impossible to predict with

27   any certainty which testimony would be credited, and ultimately, which expert version would be

28

1   accepted by the jury.  The experience of Plaintiff's counsel has taught them that these considerations

2   can make the ultimate outcome of a trial highly uncertain.

3          Moreover, even if Plaintiff were to prevail at trial, the class would face additional risks if

4   SolarCity appeals or moves for a new trial.  For example, in *In re Apple Computer Sec. Litig.*, 1991

5   U.S. Dist. LEXIS 15608 (N.D. Cal. Sept. 6, 1991), the jury rendered a verdict for plaintiffs after an

6   extended trial.  Based on the jury's findings, recoverable damages would have exceeded $100

7   million.  However, weeks later, Judge Ware overturned the verdict, entering judgment

8   notwithstanding the verdict for the individual defendants, and ordered a new trial with respect to the

9   corporate defendant.  By settling, Plaintiff and the Class avoid these risks, as well as the delays and

10  risks of the appellate process.

11         **C.     Risk Of Maintaining Class Action Status**

12         In addition to the risks of continuing the litigation, Plaintiff would also face risks in

13  certifying a class and maintaining that class status through trial.  Even assuming that the Court were

14  to grant Plaintiff's motion for class certification, the class could still be decertified at any time.  *See*

15  *In re Netflix Privacy Litig.*, 2013 WL 1120801, at *6 (N.D. Cal. Mar. 18, 2013) ("The notion that a

16  district court could decertify a class at any time is one that weighs in favor of settlement.") (internal

17  citations omitted).  From their prior experience, Plaintiff's counsel anticipates that SolarCity would

18  likely move for reconsideration, attempt to appeal the Court's decision pursuant to Rule 23(f), and/or

19  move for decertification at a later date.  Here, the Settlement Agreement eliminates these risks by

20  ensuring class members a recovery that is "certain and immediate, eliminating the risk that class

21  members would be left without any recovery . . . at all."  *Fulford v. Logitech, Inc.*, 2010 U.S. Dist.

22  LEXIS 29042, at *8 (N.D. Cal. Mar. 5, 2010).

23         **D.     The Extent Of Discovery And Status Of Proceedings**

24         Under this factor, courts evaluate whether class counsel had sufficient information to make

25  an informed decision about the merits of the case.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d

26  454, 459 (9th Cir. 2000).  Here, this matter has fully progressed through fact discovery.

27  Accordingly, as discussed above, Plaintiff's counsel has received, examined, and analyzed

28  information, documents, and materials that enabled them to assess the likelihood of success on the

merits.  These efforts include serving interrogatories and requests for production, reviewing over 30,000 pages of responsive documents, analyzing call logs with millions of calls on them and taking the depositions of four current or former SolarCity employees as well an expert witness, extensive consultations with Plaintiff's own experts, and significant legal research and briefing.  The parties also attended an in-person mediation with the Hon. Morton Denlow (Ret.).  The Settlement Agreement is plainly the result of fully-informed negotiations.

### E.      Experience And Views Of Counsel

"The recommendations of plaintiff's counsel should be given a presumption of reasonableness."  *In re Omnivision Techns., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008).  Deference to Plaintiff's counsel's evaluation of the Settlement is appropriate because "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation."  *Rodriguez*, 563 F.3d at 967 (citing *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

Here, the Settlement was negotiated by counsel with extensive experience in consumer class action litigation.  *See* Arisohn Decl. Ex. B (firm resume of Bursor & Fisher, P.A.).  Based on their collective experience, Class Counsel concluded that the Settlement Agreement provides exceptional results for the class while sparing the class from the uncertainties of continued and protracted litigation.

### V.      THE COURT SHOULD PROVISIONALLY CERTIFY THE SETTLEMENT CLASS FOR THE PURPOSES OF PRELIMINARY APPROVAL

The Ninth Circuit has recognized that certifying a settlement class to resolve consumer lawsuits is a common occurrence.  *Hanlon*, 150 F.3d at 1019.  When presented with a proposed settlement prior to the class certification stage, a court must determine whether the putative settlement class satisfies the requirements for class certification under Rule 23.  *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval.").  In assessing those class certification requirements, a court may properly consider that there will be no trial.  *Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if

tried, would present intractable management problems … for the proposal is that there be no trial.").

Here, Plaintiff has already submitted substantial briefing, with accompanying expert declarations, explaining why class certification is appropriate under the factors of Rule 23(a) and (b)(3):

> (1) Plaintiff's Memorandum of Points and Authorities in Support of Motion for Class Certification, dated December 14, 2016 (ECF No. 137);
>
> - Declaration of Randall A. Snyder (ECF No. 137-2);
>
> - Corrected Report of Anya Verkhovskaya (ECF No. 141);
>
> (2) Plaintiff's Reply In Further Support of Motion For Class Certification (ECF No. 139);
>
> - Supplemental Declaration of Randall A. Snyder (ECF No. 139-2);
>
> (3) Plaintiff's Memorandum Of Points And Authorities In Support Of Motion To Exclude The Declaration, Expert Report And Testimony Of Ray Horak (ECF No. 140);
>
> (4) Plaintiff's Opposition To Defendant's Motion To Exclude The Expert Report And Testimony Of Randall A. Snyder (ECF No. 138); and
>
> (5) Plaintiff's Opposition To Defendant's Motion To Strike Portions Of Plaintiff's Reply In Further Support Of Motion For Class Certification (ECF No. 153).

Accordingly, Plaintiff respectfully refers the Court to his prior briefing and accompanying expert declarations concerning the propriety of class certification here.

## VI.   THE PROPOSED NOTICE PROGRAM PROVIDES ADEQUATE NOTICE AND SHOULD BE APPROVED

Once preliminary approval of a class action settlement is granted, notice must be directed to class members.  For class actions certified under Rule 23(b)(3), including settlement classes like this one, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  In addition, Rule 23(e)(1) applies to any class settlement and requires the Court to "direct notice in a reasonable manner to all class members who would be bound by a proposal."   Fed. R. Civ. P. 23(e)(1).

When a court is presented with a classwide settlement prior to the certification stage, the class certification notice and notice of settlement may be combined in the same notice.  *Manual,*

§ 21.633 at 321-22 ("For economy, the notice under Rule 23(c)(2) and the Rule 23(e) notice are sometimes combined.").  This notice allows the settlement class members to decide whether to opt out, participate in the class, or object to the settlement.  *Id.*

The requirements for the content of class notices for (b)(3) classes are specified in Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).  Each of the proposed forms of notice, including the Long Form and Short Form notices, meet all of these requirements, as detailed in the following table:

| Requirement | Long Form Notice | Summary Notice |
|---|---|---|
| "The nature of the action."  Fed. R. Civ. P. 23(c)(2)(B)(i). | First introductory bullet; Q&A nos. 2 and 5. | ¶ 1 |
| "The definition of the class certified."  Fed. R. Civ. P. 23(c)(2)(B)(ii). | Second introductory bullet; Q&A no. 4. | ¶ 2 |
| "The class claims, issues, or defenses."  Fed. R. Civ. P. 23(c)(2)(B)(iii). | First introductory bullet; Q&A nos. 3 and 6. | ¶ 1 |
| "That a class member may enter an appearance through an attorney if the member so desires."  Fed. R. Civ. P. 23(c)(2)(B)(iv). | Q&A no. 10 and 11. | ¶ 6 |
| "That the court will exclude from the class any member who requests exclusion."  Fed. R. Civ. P. 23(c)(2)(B)(v). | Table of "Your Legal Rights and Options;" Q&A nos. 14 and 15. | ¶ 5 |
| "The time and manner for requesting exclusion."  Fed. R. Civ. P. 23(c)(2)(B)(vi). | Q&A no. 15. | ¶ 5 |
| "The binding effect of a class judgment on members under Rule 23(c)(3)."  Fed. R. Civ. P. 23(c)(2)(B)(vii). | Table of "Your Legal Rights and Options"; Fourth introductory bullet; Q&A nos. 13 and 14. | ¶ 5 |

In addition to meeting the specific legal requirements of Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii), the proposed notices are based on the Federal Judicial Center's model forms for notice of pendency of a class action.  FJC prepared these models at the request of the Subcommittee on Class Actions of the U.S. judicial branch's Advisory Committee on the Federal Rules of Civil Procedure.  *See* www.fjc.gov.  The FJC models are designed to illustrate how attorneys and judges might comply

with Fed. R. Civ. P. 23(c)(2)(B)'s requirement that class action notices "must concisely and clearly state in plain, easily understood language" specific information about the nature and terms of a class action and how it might affect potential class members' rights.  *See* www.fjc.gov.  FJC explained its methodology for preparing these models as follows:

> We began this project by studying empirical research and commentary on the plain language drafting of legal documents.  We then tested several notices from recently closed class actions by presenting them to nonlawyers, asking them to point out any unclear terms, and testing their comprehension of various subjects. Through this process, we identified areas where reader comprehension was low.  We found, for example, that nonlawyers were often confused at the outset by use of the terms "class" and "class action."  Combining information from the pilot test with principles gleaned from psycholinguistic research, we drafted preliminary illustrative class action notices and forms. We then asked a lawyer-linguist to evaluate them for readability and redrafted the notices in light of his suggestions.

*Id.*  FJC then tested the redrafted model notices "before focus groups composed of ordinary citizens from diverse backgrounds" and also through surveys "[u]sing objective comprehension measures." *Id.*

Based on FJC's testing, the Plaintiff and Class Counsel believe that each of the proposed class notices, which are very closely based on FJC models, with the format and content adopted almost verbatim in most instances, are accurate, balanced, and comprehensible.  The Notices accurately inform Settlement Class Members of the salient terms of the Settlement Agreement, the Settlement Class to be certified, the final approval hearing and the rights of all parties, including the rights to file objections and to opt out of the class.  The Parties in this case have created and agreed to perform the following forms of notice, which will satisfy both the substantive and manner of distribution requirements of Rule 23 and due process.  See Exs. A and B to the Settlement Agreement, at Arisohn Decl. Ex. A.

**U.S. Mail Notice:**  To the extent that SolarCity possesses and can identify through reasonable means the name and contact information for any person it believes to be a Settlement Class Member, SolarCity shall provide that information to the Settlement Administrator within fourteen (14) calendar days after the Court enters the Preliminary Approval Order.  Subject to Court

1  approval, within thirty (30) days after the Court enters the Preliminary Approval Order, the

2  Settlement Administrator shall send direct notice substantially in the form of the Summary Notice in

3  Exhibit B to the Settlement Agreement, Arisohn Decl. Ex. A, via U.S. Postal Service, to the names

4  and addresses provided by SolarCity to the Settlement Administrator.

5          **Settlement Website:**  The parties will post a copy of the Notice (Exs. A and B) on a website

6  to be maintained by the Administrator, which will additionally contain the settlement documents, an

7  online claim form, a list of important dates, and any other information to which the parties may

8  agree.  The website shall also contain a Settlement Email Address and Settlement Telephone

9  Number, where Settlement Class Members can submit questions and receive further information and

10 assistance.

11         **CAFA Notice:**  The parties shall also cause to be disseminated the notice to public officials

12 required by the Class Action Fairness Act ("CAFA") in accordance with the provisions of that Act.

13 *See* Settlement Agreement § 7.4.

14         This proposed method of giving notice is appropriate because it provides a fair opportunity

15 for members of the Settlement Class to obtain full disclosure of the conditions of the Settlement

16 Agreement and to make an informed decision regarding the proposed Settlement.  Thus, the notices

17 and the procedures embodied in the notices amply satisfy the requirements of due process.

18 **VII.   CONCLUSION**

19         For the foregoing reasons, Plaintiff respectfully requests that the Court approve the

20 Settlement Agreement, provisionally certify the Settlement Class for the purposes of preliminary

21 approval, approve the proposed notice plan, and enter the [Proposed] Order Preliminarily Approving

22 Class Action Settlement, submitted herewith.

23

24 Dated:  July 14, 2017                    Respectfully submitted,

25                                          **BURSOR & FISHER, P.A.**

26

                                           By:  /s/ *Joshua D. Arisohn*
27                                               Joshua D. Arisohn

28                                          Scott A. Bursor (State Bar No. 276006)

Joshua D. Arisohn (*Admitted Pro Hac Vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
         jarisohn@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan, Esq. (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Tel: (619) 272-7014
Fax: (619) 330-1819
Email: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff*