UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE ALBINO LUCERO JR., on Behalf of Himself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOLARCITY CORP.,<br><br>Defendant. | Case No.   3:15-cv-05107-RS<br><br>[~~PROPOSED~~] **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY, AND APPROVING NOTICE PLAN**<br><br>Hon. Richard Seeborg<br>Action Filed: November 6, 2015 |

WHEREAS, a class action is pending before the Court entitled *Lucero v. SolarCity Corp.*, Case No. 3:15-cv-05107-RS, alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*;

WHEREAS, on June 1, 2016, a separate action, styled *Gibbs and Colby v. SolarCity Corp.*, 4:16-cv-11010-DHH (D. Mass.) ("*Gibbs*"), was filed by Carole Gibbs and Arthur Colby (the *Gibbs* plaintiffs), also alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*;

WHEREAS, on July 27, 2016, counsel for *Lucero* plaintiff Jose Albino Lucero Jr. ("Plaintiff") filed a motion to intervene in *Gibbs* and to transfer it to the Northern District of California;

WHEREAS, Representative Plaintiff, the Settlement Class Members, and Defendant SolarCity Corporation ("Defendant" or "SolarCity") have determined to settle all claims asserted against Defendant with prejudice on the terms and conditions set forth in the Class Action Settlement Agreement (the "Agreement") and fully, finally, and forever resolve, discharge, and settle the Released Claims against the Released Parties upon the terms and conditions set forth therein, subject to the approval of this Court (the "Settlement");

WHEREAS, Plaintiff having made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement of the Litigation, in accordance with the Agreement, certifying the Settlement Class for purposes of settlement only, and allowing notice to Settlement Class Members as more fully described herein;

This matter coming before the Court upon the agreement of the Parties, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS**:

1. Terms and phrases in this order shall have the same meaning as ascribed to them in the Agreement.

2. The Parties have moved the Court for an order approving the settlement of the Litigation in accordance with the Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Litigation

with prejudice against Plaintiff, and the Court having read and considered the Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 17 of this Order.

3. This Court finds that it has jurisdiction over the subject matter of this Litigation and over all Parties to the Litigation, including the Settlement Class.

4. The Court finds that, subject to the Final Approval Hearing, the Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class as to their claims against Defendant.  The Court further finds that the Agreement substantially fulfills the purposes and objectives of the class action, and provides beneficial relief to the Settlement Class.  The Court also finds that the Agreement (i) is the result of arms' length negotiations involving experienced counsel made with the assistance of the Hon. Morton Denlow (Ret.); (ii) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (iii) meets all applicable requirements of Federal Rule of Civil Procedure 23 for settlement purposes only, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that Mr. Lucero and his counsel adequately represent the interests of the Settlement Class, and a settlement class action is a superior method of adjudicating this Litigation; (iv) meets all other applicable requirements of law, including the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (e) is not a finding or admission of liability by Defendant.

5. For purposes of settlement only, the Court certifies the following class as defined in the Agreement:

> all  individuals in the United States, from November 6, 2011 to the date the class notice is disseminated, who received from or on behalf of Defendant: (1) one or more calls on their cellphones, or (2) at least two telemarketing calls during any 12-month period where their phone numbers appeared on a National or State Do Not Call Registry or Solar City's Internal Do Not Call List more than 15 days before the calls.

6. For purposes of settlement only:  (a) Bursor & Fisher, P.A and Nathan & Associates, APC are appointed Class Counsel for the Settlement Class; and (b) Plaintiff Jose Albino Lucero Jr.

is named Class Representative.  The Court finds that these counsel are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff Jose Albino Lucero Jr. will adequately protect the interests of the Settlement Class.

7. Should the Agreement not receive the Court's final approval, should the Court's final approval order be reversed, remanded, or modified in any material way by any court, or should the Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representative and the Settlement Class would once again bear the burden of establishing the propriety of class certification.  In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Agreement shall be considered as a factor in connection with any class certification issue(s).

8. Pursuant to the Agreement, Epiq Class Action and Claims Solutions, Inc. is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this order.

9. The Court approves, as to form, method, and content, the Notice, Summary Notice, and Claim Form to be provided to the Settlement Class as set forth in the Agreement and Exhibits A, B and D thereto, as well as the Addendum to the Agreement.  The Court finds that such notice complies with the requirements of Fed. R. Civ. P. 23 and due process, and constitutes the best notice practicable under the circumstances.  The Court further finds that the notice is reasonably calculated to, under all circumstances, apprise Settlement Class Members of the pendency of this Litigation, the certification of the Settlement Class for purposes of the Settlement, the terms of the Agreement, and the right of members to object to the Settlement or to exclude themselves from the Settlement Class.  The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

10. Pursuant to Paragraph 7.3.1 of the Agreement, the notice shall be provided as follows:  The Settlement Administrator shall within thirty (30) days following the entry of this order activate the Class Settlement Website, which will provide information about the Settlement, and

post the settlement documents and case-related documents such as this order and the Settlement Agreement, Notice, Summary Notice, and Claim Form.

11. Within thirty (30) days following the entry of this order, the Settlement Administrator shall provide direct notice to Settlement Class Members as set forth in the Agreement and the Addendum to the Agreement.  The Settlement Administrator has also complied with the requirements of 28 U.S.C. § 1715 by serving notice of the proposed Settlement upon the appropriate government officials within ten (10) days after the Settlement Agreement was filed with the Court.

12. Settlement Class Members who wish to receive a payment under the Agreement must complete and submit a valid Claim Form.  All Claim Forms must be postmarked or received by the Settlement Administrator no later than the Claims Deadline.

13. Settlement Class Members who wish to exclude themselves from the Settlement Class may submit a request for exclusion by sending a written request to the Settlement Administrator postmarked on or before the Opt-Out Deadline, which will be specified in the Notice.  A request for exclusion must be signed by the Settlement Class Member, and must include the Settlement Class Member's name, address, and the telephone number that allegedly received a call from or on behalf of Defendant during the Class Period, and must clearly state that the Person wishes to be excluded from the Litigation and Agreement.  A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid.

14. Any Settlement Class Member who submits a valid and timely request for exclusion (i) shall not be bound by the terms of the Agreement or by the Final Approval Order and Judgment; (ii) shall be deemed to have waived any rights or benefits under the Agreement; and (iii) may not file an objection to the Settlement.  However, any Settlement Class Member who fails to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement, the Court's order granting class certification for settlement purposes, and the Final Approval Order and Judgment, regardless of whether he or she has requested exclusion from the Settlement Class.

15. Any Class Member who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Agreement, to the Final Approval Order and

Judgment being entered as to Defendant in accordance with the terms of the Agreement, to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the awards sought by the Class Representative or *Gibbs* plaintiffs as set forth in the Notice and Agreement.  At least 14 days prior to the Opt-Out Deadline, papers supporting the Fee Award shall be filed with the Court and posted to the Settlement Website.  Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.

16.  To object, a Settlement Class Member must sign and file or mail to Class Action Clerk, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102, a written objection no later than the Opt Out Deadline.  By the same date (based on postmark), a Settlement Class Member must also serve a copy on Class Counsel, Counsel for Defendant, and the Settlement Administrator at the addresses set forth in the Notice.  To be valid, the objection must include:  (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member, including the date(s) and phone number(s) at which he or she received call(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement.  If, in addition to submitting a written objection to the Settlement, the objector wishes to appear and be heard at the Final Approval Hearing, the objector must file and serve upon Class Counsel, Counsel for Defendant, and the Settlement Administrator by the Opt-Out Deadline a notice of intention to appear with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear.

17.  All objections and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Opt-Out Deadline, the Person making an objection submits copies of such papers to the Court by filing them in person at any location of the United States District Court for the Northern District of California, or mailing the objection to the Class Action Clerk, United States District Court, 450 Golden Gate Avenue, San

Francisco, CA 94102.  Settlement Class Members who fail to submit and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Agreement at the Final Approval Hearing, or from seeking review of this Agreement by appeal or other means and shall be deemed to have waived his, her, or its objections and be forever barred from making any such objections in the Litigation or any other litigation or proceeding.  By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

18. The Final Approval Hearing shall be held before this Court on January 18, 2018 at 1:30 p.m., San Francisco Courthouse, Courtroom 3, 17th floor, 450 Golden Gate Avenue, San Francisco, CA 94102 to consider:  (i) whether the proposed settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be given final approval by the Court; (ii) whether the Final Approval Order and Judgment should be entered; (iii) whether to award payment of attorneys' fees and expenses to Class Counsel; and (iv) whether to award payment of the requested incentive awards.

19. Papers in support of final approval of the Agreement shall be filed with the Court no later than 14 days before the Final Approval Hearing.

20. In order to protect its jurisdiction to consider the fairness of this Agreement and to enter a Final Approval Order and Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all Settlement Class Members, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court or any forum that seeks to address any Released Party's or Settlement Class Member's rights or claims relating to, or arising out of, any of the Released Claims.

21. Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Litigation and/or Agreement, whether favorable or unfavorable.

22. In the event that the Agreement is terminated pursuant to the provisions of the Agreement, then (i) the Agreement shall be null and void, and shall have no further force and effect with respect to any Party in this Litigation, and shall not be used in this Litigation or in any other

1  proceeding for any purpose; (ii) all negotiations, proceedings, and statements made in connection
2  therewith shall be without prejudice to any person or Party hereto, shall not be deemed or construed
3  to be an admission by any Party of any act, matter, or proposition, and shall not be used in any
4  manner or for any purpose in any subsequent proceeding in this Litigation or in any other litigation
5  in any court or other proceeding; and (iii) other than as expressly preserved by the Agreement in the
6  event of its termination, the Agreement shall have no further force and effect with respect to any
7  Party and shall not be used in the Litigation or any other proceeding for any purpose.

8      23.    The Court reserves the right to adjourn the date of the Final Approval Hearing
9  without further notice to the members of the Settlement Class, and retains jurisdiction to consider
10 all further applications arising out of or connected with the proposed Settlement.  The Court may
11 approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate,
12 without further notice to the Settlement Class.  The Parties may, without further approval from the
13 Court, agree to and adopt such amendments, modifications, and expansions of the Agreement and
14 its implementing documents (including all Exhibits to the Agreement) so long as they are consistent
15 in all material respects with this order and do not affect the rights of the Settlement Class.

17  IT IS SO ORDERED.

19  DATED: September 15, 2017

                              THE HONORABLE RICHARD SEEBORG
                              UNITED STATES DISTRICT JUDGE