**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
               ykrivoshey@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Telephone: (619)272-7014
Facsimile:  (6190330-1819
E-Mail: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff, Jose Albino Lucero Jr.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MORRIS, JOSE ALBINO LUCERO JR. and DAVID HALL on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOLARCITY CORP. and LEAD GENESIS, INC.,<br><br>Defendants | Case No. 3:15-cv-05107-RS<br><br>**DECLARATION REUBEN D. NATHAN IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES** |

DECLARATION OF REUBEN NATHAN IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
CASE NO. 3:15-CV-05107-RS

1   I, Reuben D. Nathan, declare as follows:

2       1.    I am an attorney duly licensed to practice in California before all courts. I am the
3   senior partner of the firm, Nathan & Associates, APC, one of the Class Counsel appointed by this
4   Court on September 15, 2017 by its Order preliminarily approving the proposed settlement of this
5   litigation (the "Settlement").

6       2.    I actively participated in all aspects of this action, including negotiation of the
7   Settlement, and am fully familiar with the proceedings being resolved. I have personal knowledge
8   of the facts set forth in this declaration, and, if called as a witness, and could and would
9   competently testify thereto under oath.

10      3.    I submit this declaration in support of Plaintiffs' Notice of Motion And Motion For
11  Final Approval Of Class Action Settlement and for an Award of Attorneys' Fees, Costs and
12  Expenses, and Incentive Awards to the Proposed Class Representatives.

13      4.    This declaration summarizes the work performed by Nathan & Associates, APC in
14  this litigation. Given my role in this litigation, I have personal and extensive knowledge of the legal
15  services rendered by the attorneys requesting fees and expenses.

16      5.    Class Counsel have dedicated significant time and resources to litigating this case
17  on behalf of the Settlement Class. Their legal services were performed on a wholly contingent fee
18  basis. Therefore, Class Counsel has assumed the risk of non-payment in litigating and prosecuting
19  this action.

20      6.    The work that Nathan & Associates, APC has committed to this case has been
21  substantial. Among other efforts, Nathan & Associates, APC has:

22  (a) Conducted an extensive pre-suit investigation that laid the groundwork for a
23  comprehensive complaint;

24  (b) Corresponded with and interviewed the class representative injured by Defendant's
25  practices;

26  (c) Reviewed all documents on file with this Court, including all discovery, that was
27  conducted prior to serving as class counsel on the case;

28

(d) Researched and drafted portions of Plaintiffs' various memorandums of law including the motion for interim lead counsel;

(e) Appeared at deposition(s);

(f) Responded to meet and confer letter and responded to voluminous discovery;

(g) Engaged in/reviewed final draft of the Second Amended Complaint;

(h) Engaged in extensive discovery, including but not limited to propounding and reviewing discovery by and between the parties (including over 13,000 pages of documents) produced by Defendant;

(i) Assisted with the preparation and development of a joint discovery plan;

(j) Participated in drafting/editing plaintiff's mediation statement for Judge Denlow;

(j) Participated in a full-day settlement conference with defense counsel with Judge Denlow;

(k) Reviewed Plaintiffs' Motion to Certify Class, Opposition to Brief, and Reply Brief in support of the Motion to Certify the Class;

(l) Continued ongoing settlement discussions with defense counsel after mediation.

**I.      THE BACKGROUND AND EXPERIENCE OF CLASS COUNSEL**

7.      I graduated from Western University in 1999.  I began my practice with the firm of Azimy & Nathan, LLP, which grew into a 9-person attorney firm with 12 staff members located in Irvine, California until 2010.  Since the time, I have operated as a solo practitioner.

8.      I have served as class counsel in jurisdictions in the United States. Some examples are below:

   a.      *Reid v. Diedrich Coffee, Inc., et al*., U.S. District Court, Central District of California, Case No.: SACV06-888 AG (MLGx);

   b.      *Scerca v. Town & Country, et al.,* U.S. District Court, Central District of California, Case No.: SACV06-889 AG (MLGx);

   c.      *Hilliard v. Ameriquest, et al. and Torok v. Ameriquest, et al.,* U.S. District

Court Central District of California, Case No.: SACV06-892 JVS (ANx);

      d.    *Strich v. Solstice Capital*, *et al.,* U.S. District Court Central District of California, Case No.: CV05-8757 SGL (RNBx);

      e.    *The Parking Concepts Wage & Hour Cases*, Los Angeles County Superior Court, Case No.: JCCP 4531;

      f.    *Robert Griffin et al. v 725 Baker LLC*, Orange County County Superior Court, Case No.: 30-2010-00397655-CU-OE-CXC;

      g.    *Leon v. Allied Exhaust Systems*, Los Angeles Superior Court, Case No.: BC438653;

      h.    *De Los Santos v. Lala's Argentine Grill,* Los Angeles Superior Court, Case No.: BC472215;

      i.    *Duarte v. Heroes Restaurants, Inc.,* Orange County Superior Court, Case No.: 30-2012-00581304;

      j.    *Brihn v. PJ Orange County One, L.P.,* Orange County Superior Court Case No.: 30-2010-00386818;

      k.    *Lopez v. My World Enterprises, Inc*., Los Angeles Superior Court, Case No. BC506687;

      l.    *Tran v. Paramount Equity Mortgage, LLC*, Orange County Superior Court, Case No. 30-2015-00862912

      m.    *Soto v. Wild Planet Food, Inc. et al*., Northern District of California, Case No. 5:15-cv-05082.

    9.    A copy of my firm's resume, which sets forth detailed information about my practice and the qualifications of Nathan & Associates, APC is attached as **Exhibit A**.

## II.    CLASS COUNSEL'S LODESTAR AND EXPENSES

    10.    Attached as **Exhibit B** are my firm detailed billing diaries for this case. I have personally reviewed all of my firm's time entries, and have used billing judgment to ensure that

duplicative or unnecessary time has been excluded and that only time reasonably devoted to the litigation has been included. The time and descriptions displayed in these records were regularly and contemporaneously recorded by me and the other timekeepers of the firm pursuant to firm policy and have been maintained in the computerized records of my firm.

11. As of October 31, 2017, Nathan & Associates, APC expended 184.4 hours in this case. Nathan & Associates, APC's lodestar fee in *Morris v. Solar City Corporation, et al..*, based on current billing rates, is $124,470.00.

12. In addition to the time enumerated above, I estimate that Class Counsel will incur an additional 10-15 hours of future work in connection with coordinating with the settlement administrator, monitoring settlement administration, and responding to Class member inquiries.

13. My firm incurred $712.27 in expenses in connection with the litigation. This expenses was necessary to prosecute this litigation. The expenses in the amount of $712.27, which incurred by my firm as a result of $227.09 for a round trip flight to Vegas for 30(b)(6) deposition, $347.88 for round trip flight to Chicago for mediation with Judge Denlow, and $137.30 for hotel charges related to overnight stay in Chicago for the mediation. I have reviewed the expenses records of co-counsel, and it is my opinion that all expenses were carefully and reasonably expended, and they reflect market rates for various categories of expenses incurred. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

14. Based on my knowledge and experience, the hourly rates charged by my firm are within the range of market rates charged by attorneys of equivalent experience, skill, and expertise. These are the same hourly rates that we actually charge to our regular hourly clients who have retained us for non-contingent matters, and which are actually paid by those clients. I have personal knowledge of the range of hourly rates typically charged by counsel in our field in California and I have weighted the market rates into account and have aligned my rate with that of the market.

15. Non-contingent market rates charged by attorneys in California are as follows: (1) by the attorneys' fee applications of counsel of record; (2) by discussing fees with other attorneys; (3) by obtaining declarations regarding prevailing market rates filed by other attorneys seeking fees; and (4) by reviewing attorneys' fee applications and awards in other cases, as well as surveys and articles on attorney's fees in the legal newspapers and treatises. Comparable hourly rates include:

   i. *Williams v. H&R Block Enterprises, Inc.*, Alameda County Superior Ct. No. RG08366506, Order of Final Approval and Judgment filed November 8, 2012, a wage and hour class

action, in which the court found the hourly rates of $785, $775, and $750 reasonable for the more senior class counsel.

ii. *Pierce v. County of Orange*, 905 F. Supp. 2d 1017 (C.D. Cal. 2012), a civil rights class action brought by pre-trial detainees, in which the court approved a lodestar- based, *inter alia*, on 2011 rates of $850 and $825 per hour.

iii. *Holloway et. al. v. Best Buy Co., Inc.*, No. 05-5056 PJH (N.D. Cal. 2011) (Order dated November 9, 2011), a class action alleging that Best Buy discriminated against female, African American and Latino employees by denying them promotions and lucrative sales positions, in which the court approved lodestar-based rates of up to $825 per hour.

16. Surveys also justify my firm's hourly rate:

i. Similarly, on February 25, 2011, the Wall Street Journal published an on-line article entitled "Top Billers." That article listed the 2010 and/or 2009 hourly rates for more than 125 attorneys, in a variety of practice areas and cases, who charged $1,000 per hour or more. Indeed, the article specifically lists *eleven* (11) Gibson Dunn & Crutcher attorneys billing at $1,000 per hour or more.

ii. The Westlaw Court Express Legal Billing Reports for May, August, and December 2009 show that as far back as 2009, attorneys with as little as 19 years of experience were charging $800 per hour or more, and that the rates requested here are well within the range of those reported. Again, current rates are significantly higher.

17. My hourly rate is $675.00 and I have no associates working for my firm.

18. My hourly rate of $675.00 has been supported by other court's issuing an award at the requested rate, which are not at a discount. As recent as May 2017, Judge Kim Dunning of the Orange County Superior Court granted a final approval motion based on my hourly rate in *Santoli v. Paramount Mortgage, LLC, et al.*, OCSC Case No. 30-2015-00827323. Again, in September 2017, Judge Labson-Freeman of the Northern District Court of California granted final approval and approved my hourly rate of $675.00 in the case Soto v. Wild Planet Foods, Inc., et al. Case No. 15-cv-05802.

19. My fee application, in any case, before any court of law, has never been reduced.

20. My firm undertook this representation on a contingent basis recognizing that the risk of non-payment has been high throughout this litigation. I recognized that there were substantial

uncertainties in the viability of this case as a class action. A realistic assessment shows that the risks in the resolution of the liability issues, protracted litigation in this action as well as the probable appeals process, are great.  We undertook this representation on a wholly contingent basis recognizing that the risk of non-payment has been high throughout this litigation. There were substantial uncertainties in the viability of this case as a class action, as well as substantial uncertainties in the merits of the underlying claims. Although we believed the case to be meritorious, a realistic assessment shows that the risks inherent in the resolution of the liability issues, protracted litigation in this action as well as the probable appeals process, are great.

21. If this case had not resolved through settlement, I would have vigorously prosecuted the case through class certification, summary judgment, trial, and appeal.  My firm was therefore at great risk for non-payment.

22. I did not negotiate attorneys' fees with Solar City Corporation. The Settlement Agreement does not have a "clear sailing" provision. The Settlement Agreement does permit my firm to *request* up to one-third of the settlement fund for our attorneys' fees, but Solar City Corporation is free to oppose this request.

23. Due to the commitment of time and capital required to litigate this action, my firm had to forego significant other work in late 2016 and 2017, including non-contingent fee related work.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of November 2017, at San Diego, California.

By: ___*/s/ Reuben D. Nathan*___
     Reuben D. Nathan

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Telephone: (619)272-7014
Facsimile: (619)330-1819
E-Mail:   rnathan@nathanlawpractice.com

*Attorneys for Plaintiff, Jose Albino Lucero Jr.*

# EXHIBIT A

# NATHAN & ASSOCIATES, APC

600 W. Broadway, Suite 700, San Diego, California 92101
Tel: (619)272-7014 ▪ Fax: (619)330-1819

## FIRM RESUME

**REUBEN D. NATHAN**

Reuben D. Nathan received his formal education in England and obtained his Juris Doctor from Western State in 1999.  Reuben D. Nathan was admitted to the State Bar of California in 2000.  He is also a member of the bars of the United States Court of Appeals for the Ninth Circuit and the United States District Courts for the Northern, Central, Southern, and Eastern Districts of California. Reuben D. Nathan has an active practice in consumer class actions and complex business litigation.  Prior to founding Nathan & Associates, APC in 2012, Reuben Nathan was the senior partner/managing partner of Azimy & Nathan, LLP a 9-person attorney firm located in Irvine, California.  Reuben Nathan has actively been involved in numerous representative actions that resulted in multi-million dollar recoveries for both employees and consumers, including, but not limited to: *In re Automobile Advertising Cases*, J.C.C.P 4149; *Reid v. Diedrich Coffee, Inc.*, Case No.: SACV06-888 AG; *Scerca v. Town & Country*, Case No.: SACV06-889 AG;; *Griffin v. 725 Baker, LLC,* Case No.: 30-2010-00397655; *The Parking Concepts Wage and Hour Cases*, Case No.: J.C.C.P 4531; *Leon v. Allied Exhaust Systems*, Case No.: BC438653; *De Los Santos v. Lala's Argentine Grill*, Case No.: BC472215; *Duarte v. Heroes Restaurants, Inc.,* Case No.: 30-2012-00581304; *Brihn v. PJ Orange County One, L.P.,* Case No.: 30-2010-00386818; *Gutierrez v. Umami Burger, et al*., Case No. Case No.: BC476329; *Torok v. Ameriquest*, Case No.: SACV06-892 JVS; *Strich v. Solstice Capital,* Case No.: CV05-8757 SGL*; Taylor v. Loandepot.com, llc*, et al., Case No. 30-2015-008468925.  Reuben D. Nathan has consistently been named a Super Lawyer in the area of class actions since 2013, and received legal awards such as Class Action Lawyer of the Year and other similar awards as an attorney, and is a member of several legal organizations.

# EXHIBIT B

Nathan Associates, APC - SolarCity Corporation.
Billing Diaries Through October 30, 2017

| DATE | MATTER | TKPR | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 3/25/16 | Solar City Corp. | RN | Initial Client Meeting: David Hall | 0.5 | $675.00 | $337.50 |
| 3/29/16 | Solar City Corp. | RN | Meeting with David Hall | 7.2 | $675.00 | $4,860.00 |
| 4/2/16 | Solar City Corp. | RN | Draft Hall v. Solar City Corp., et al. class action complaint | 2.2 | $675.00 | $1,485.00 |
| 4/3/16 | Solar City Corp. | RN | Finalize Hall complaint | 3.4 | $675.00 | $2,295.00 |
| 4/4/16 | Solar City Corp. | RN | Research other Solar City TCPA cases pending - Morris v. Solar City | 3.1 | $675.00 | $2,092.50 |
| 4/4/16 | Solar City Corp. | RN | Review Motion to Dimiss Morris v. Solar City Corp. (SC) and supporting and opposition | 3.4 | $675.00 | $2,295.00 |
| 4/7/16 | Solar City Corp. | RN | Meeting with Tim Fisher (TF) Solar City discuss Morris v. Solar City, et al. | 0.4 | $675.00 | $270.00 |
| 4/8/16 | Solar City Corp. | RN | RN email TF re: Morris v. Solar City, et al. Possible joint prosecution (JP) | 0.2 | $675.00 | $135.00 |
| 4/8/16 | Solar City Corp. | RN | TF email to RN re: JP | 0.1 | $675.00 | $67.50 |
| 4/12/16 | Solar City Corp. | RN | Review Discovery dispute letter Morris v. Solar City, et al. | 0.9 | $675.00 | $607.50 |
| 4/20/16 | Solar City Corp. | RN | RN email to TF re: JP | 0.1 | $675.00 | $67.50 |
| 4/22/16 | Solar City Corp. | RN | Call with TM re: JP | 0.2 | $675.00 | $135.00 |
| 4/22/16 | Solar City Corp. | RN | RN email to TF re: JP | 0.1 | $675.00 | $67.50 |
| 4/27/16 | Solar City Corp. | RN | TF email to RN re: JP | 0.1 | $675.00 | $67.50 |
| 4/27/16 | Solar City Corp. | RN | Call with Joshua Arisohn (JA) | 0.4 | $675.00 | $270.00 |
| 4/27/16 | Solar City Corp. | RN | Review JPA | 0.5 | $675.00 | $337.50 |
| 5/2/16 | Solar City Corp. | RN | RN email to JA and return fully executed JPA | 0.1 | $675.00 | $67.50 |
| 5/9/16 | Solar City Corp. | RN | Review David Hall file in prep for call with JA | 0.7 | $675.00 | $472.50 |
| 5/9/16 | Solar City Corp. | RN | RN email to JA re: David Hall data for call logs SC | 0.1 | $675.00 | $67.50 |
| 5/23/16 | Solar City Corp. | RN | Review proposed second amended complaint | 1.8 | $675.00 | $1,215.00 |
| 5/24/16 | Solar City Corp. | RN | Review RPC Rule 2-200(A) | 0.9 | $675.00 | $607.50 |
| 5/24/16 | Solar City Corp. | RN | RN email to JA re: 2-200(A) | 0.2 | $675.00 | $135.00 |
| 6/17/16 | Solar City Corp. | RN | JA email to RN re: Gibbs | 0.1 | $675.00 | $67.50 |
| 6/17/16 | Solar City Corp. | RN | JA email to RN re: interim counsel | 0.1 | $675.00 | $67.50 |
| 6/18/17 | Solar City Corp. | RN | Research and review Gibbs docket and complaint | 2.2 | $675.00 | $1,485.00 |
| 6/21/17 | Solar City Corp. | RN | RN email to JA re: request for prior discovery Morris | 0.1 | $675.00 | $67.50 |
| 6/24/16 | Solar City Corp. | RN | Review Morris v. SC discovery | 4.4 | $675.00 | $2,970.00 |
| 6/25/16 | Solar City Corp. | RN | SC discovery responses to P's RPD and Interrogatories | 1.8 | $675.00 | $1,215.00 |
| 6/28/16 | Solar City Corp. | RN | RN call with JA re: Gibbs | 0.3 | $675.00 | $202.50 |

Nathan Associates, APC - SolarCity Corporation.
Billing Diaries Through October 30, 2017

| Date | Client | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 6/30/16 | Solar City Corp. | RN | Review Plaintiff's request for production of docs and interrogatories lead genesys (LG) | 2.1 | $675.00 | $1,417.50 |
| 6-Jul | Solar City Corp. | RN | Draft interim lead counsel motion and declarations | 6.8 | $675.00 | $4,590.00 |
| 7/7/16 | Solar City Corp. | RN | RN email to JA re: lead interim counsel | 0.1 | $675.00 | $67.50 |
| 7/23/16 | Solar City Corp. | RN | Nikki Sachdeva to RN re: Stip to appoint lead counsel | 0.1 | $675.00 | $67.50 |
| 7/25/16 | Solar City Corp. | RN | Jeff Rosenfeld to JA/RN re: Stip interim counsel | 0.1 | $675.00 | $67.50 |
| 7/27/16 | Solar City Corp. | RN | Review Stip by SC | 0.3 | $675.00 | $202.50 |
| 7/28/16 | Solar City Corp. | RN | JA email to RN re: SC discovery | 0.1 | $675.00 | $67.50 |
| 8/3/16 | Solar City Corp. | RN | Review Opp to motion for interim counsel | 2.1 | $675.00 | $1,417.50 |
| 8/11/16 | Solar City Corp. | RN | Review SC answer to second amended complaint | 0.7 | $675.00 | $472.50 |
| 8/17/16 | Solar City Corp. | RN | Review Gibbs v. Solar City re: SC Motion to Dimiss (MTD) | 2.1 | $675.00 | $1,417.50 |
| 8/22/16 | Solar City Corp. | RN | JA email to RN (and response by RN) re: discovery LG | 0.3 | $675.00 | $202.50 |
| 8/25/16 | Solar City Corp. | RN | JA email to RN re: discovery SC (and response by RN) | 0.3 | $675.00 | $202.50 |
| 9/14/16 | Solar City Corp. | RN | Review Opp and Relpy to Gibbs MTD | 3 | $675.00 | $2,025.00 |
| 9/19/16 | Solar City Corp. | RN | JA email to RN re: SC discovery | 0.1 | $675.00 | $67.50 |
| 9/22/16 | Solar City Corp. | RN | JA to Jonathan Direnfeld (JD) re: SC discovery | 0.1 | $675.00 | $67.50 |
| 9/22/16 | Solar City Corp. | RN | JA to RN re: SC discovery | 0.1 | $675.00 | $67.50 |
| 9/30/16 | Solar City Corp. | RN | David Hall response to discovery propounded by LG | 1.4 | $675.00 | $945.00 |
| 10/2/16 | Solar City Corp. | RN | David Hall response to discovery propounded by LG | 1.9 | $675.00 | $1,282.50 |
| 10/5/16 | Solar City Corp. | RN | JA to RN re: discovery David Hall | 0.1 | $675.00 | $67.50 |
| 10/7/16 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 6.1 | $675.00 | $4,117.50 |
| 10/1016 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 2.8 | $675.00 | $1,890.00 |
| 10/11/16 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 8.1 | $675.00 | $5,467.50 |
| 10/12/16 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 7.3 | $675.00 | $4,927.50 |
| 10/12/16 | Solar City Corp. | RN | Randy Luskey (RL) email to JA/RN re: SC disocvery | 0.1 | $675.00 | $67.50 |
| 10/13/16 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 4.8 | $675.00 | $3,240.00 |
| 10/14/16 | Solar City Corp. | RN | RN email to JA re: David Hall deposition | 2.7 | $675.00 | $1,822.50 |
| 10/14/16 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 6.9 | $675.00 | $4,657.50 |
| 10/15/16 | Solar City Corp. | RN | Meet and Confer from LG | 2.8 | $675.00 | $1,890.00 |
| 10/16/16 | Solar City Corp. | RN | Call with David Hall re: prepare for deposition | 2.8 | $675.00 | $1,890.00 |
| 10/17/16 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 3.9 | $675.00 | $2,632.50 |

Nathan Associates, APC - SolarCity Corporation.
Billing Diaries Through October 30, 2017

| Date | Client | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 10/18/16 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 4.1 | $675.00 | $2,767.50 |
| 10/19/16 | Solar City Corp. | RN | JD email to JA/RN re: Discovery letter and deposition notice | 0.3 | $675.00 | $202.50 |
| 10/19/16 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 5.5 | $675.00 | $3,713 |
| 10/20/16 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 4.2 | $675.00 | $2,835.00 |
| 10/25/16 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 6.6 | $675.00 | $4,455.00 |
| 10/24/16 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 4.9 | $675.00 | $3,307.50 |
| 10/25/16 | Solar City Corp. | RN | Review e-discovery Relativity re: SC | 2.2 | $675.00 | $1,485.00 |
| 10/27/16 | Solar City Corp. | RN | RN call to JA re: discovery | 0.3 | $675.00 | $202.50 |
| 11/1/16 | Solar City Corp. | RN | JD email to JA/RN re: SC discovery | 0.1 | $675.00 | $67.50 |
| 11/2/16 | Solar City Corp. | RN | RN call with JA re: SC discovery | 0.2 | $675.00 | $135.00 |
| 11/10/16 | Solar City Corp. | RN | Attend deposition Las Vegas re: 30b6 SC | 11.5 | $675.00 | $7,762.50 |
| 11/23/16 | Solar City Corp. | RN | Call with David Hall re: amended discovery responses | 0.9 | $675.00 | $607.50 |
| 11/3/16 | Solar City Corp. | RN | JD email to JA/RN re: SC discovery | 0.1 | $675.00 | $67.50 |
| 11/23/16 | Solar City Corp. | RN | Review File and David Hall's call log and consent related issues | 1.8 | $675.00 | $1,215.00 |
| 11/30/16 | Solar City Corp. | RN | Call with David Hall re: update | 0.6 | $675.00 | $405.00 |
| 12/1/16 | Solar City Corp. | RN | Call to JA re: David Hall | 0.2 | $675.00 | $135.00 |
| 12/1/16 | Solar City Corp. | RN | Prepare and file dismissal for David Hall | 1.1 | $675.00 | $742.50 |
| 12/6/16 | Solar City Corp. | RN | RN to JA re: SC discovery | 0.1 | $675.00 | $67.50 |
| 12/9/16 | Solar City Corp. | RN | Jason Wu to JA re: Lucero deposition and disocvery requests | 0.2 | $675.00 | $135.00 |
| 12/14/16 | Solar City Corp. | RN | Review motion to class cert. and declarations | 5.3 | $675.00 | $3,577.50 |
| 12/16/16 | Solar City Corp. | RN | JA call to RN re: Gibbs and mediation | 0.3 | $675.00 | $202.50 |
| 12/1/16 | Solar City Corp. | RN | RN email to JA re: Gibbs (and impact on mediation) | 0.1 | $675.00 | $67.50 |
| 12/21/16 | Solar City Corp. | RN | JA email to RN re: Gibbs | 0.1 | $675.00 | $67.50 |
| 12/21/16 | Solar City Corp. | RN | RN email to JA re: Gibbs | 0.1 | $675.00 | $67.50 |
| 12/30/16 | Solar City Corp. | RN | JA email to RN re: JPA Gibbs | 0.1 | $675.00 | $67.50 |
| 1/6/17 | Solar City Corp. | RN | Review Plaintiff's Mediation brief | 1.1 | $675.00 | $742.50 |
| 1/10/17 | Solar City Corp. | RN | Conference call with Steven Woodrow (SW) and JA | 0.3 | $675.00 | $202.50 |
| 1/10/17 | Solar City Corp. | RN | SW email to RN/JA re: mediation brief | 1.6 | $675.00 | $1,080.00 |
| 1/11/17 | Solar City Corp. | RN | Review mediation checklist | 1.7 | $675.00 | $1,147.50 |
| 1/11/17 | Solar City Corp. | RN | Review joint discovery letter re: Plaintiff outstanding responses to SC production | 0.8 | $675.00 | $540.00 |

Nathan Associates, APC - SolarCity Corporation.
Billing Diaries Through October 30, 2017

| Date | Client | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 1/27/17 | Solar City Corp. | RN | Review SC opposition to motion for class cert. and supporting decs | 5.2 | $675.00 | $3,510.00 |
| 1/28/17 | Solar City Corp. | RN | Review Defendant's motion to exclude plaintiff's expert | 1.2 | $675.00 | $810.00 |
| 1/29/17 | Solar City Corp. | RN | Review file and prepare for mediation | 4.6 | $675.00 | $3,105.00 |
| 1/30-31/2017 | Solar City Corp. | RN | Attend mediation in Chicago with Judge Denlow | 16.5 | $675.00 | $11,137.50 |
| 1/31/17 | Solar City Corp. | RN | JA email to Elyse Echtman (EE) re: class def | 0.1 | $675.00 | $67.50 |
| 1/31/17 | Solar City Corp. | RN | EE email to JA/RN re: SC class def | 0.1 | $675.00 | $67.50 |
| 2/16/17 | Solar City Corp. | RN | JA email to RN (and response from RN) re: depo of George Morris | 0.3 | $675.00 | $202.50 |
| 2/17/17 | Solar City Corp. | RN | RN call to RL re: settlement discussion | 0.5 | $675.00 | $337.50 |
| 2/20/17 | Solar City Corp. | RN | RN call to RL re: settlement discussion | 0.3 | $675.00 | $202.50 |
| 2/23/17 | Solar City Corp. | RN | RN call to RL and Christine Sarchio (CS) re: settlement | 0.4 | $675.00 | $270.00 |
| 3/3/17 | Solar City Corp. | RN | RN call to RL re: settlement | 0.3 | $675.00 | $202.50 |
| 3/14/17 | Solar City Corp. | RN | RN call to RL re: settlement | 0.7 | $675.00 | $472.50 |
| 3/27/17 | Solar City Corp. | RN | RN call to RL re: settlement | 0.2 | $675.00 | $135.00 |
| 4/6/17 | Solar City Corp. | RN | JA to RN re: settlement discussions | 0.1 | $675.00 | $67.50 |
| 4/27/16 | Solar City Corp. | RN | JA call to RN re: settlement | 0.1 | $675.00 | $67.50 |
| 6/1/17 | Solar City Corp. | RN | Review settlement agreement, claim form, and notice and make notes/edits | 2.8 | $675.00 | $1,890.00 |
| 6/8/17 | Solar City Corp. | RN | JA email to RN re: settlement | 0.1 | $675.00 | $67.50 |
| 7/10/17 | Solar City Corp. | RN | JA email to RN re: settlement | 0.1 | $675.00 | $67.50 |
| | | | | | | |
| TOTAL | | | | 184.4 | | $124,470.00 |