**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Joshua D. Arisohn (*Admitted Pro Hac Vice*)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com
        jarisohn@bursor.com

*Attorneys for Plaintiff*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBINO LUCERO JR., on Behalf of Himself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SOLARCITY CORP.,<br><br>Defendant. | Case No. 3:15-cv-05107-RS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: January 18, 2018<br>Time: 1:30 PM<br>Courtroom 3, 17th Floor<br><br>Hon. Richard Seeborg |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 18, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard by the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 3, 17th Floor, in the courtroom of the Honorable Richard Seeborg, Plaintiff will and hereby does move, pursuant to Fed. R. Civ. P. 23(e), for the Court to grant final approval of the proposed Settlement Agreement.

This motion is made on the grounds that final approval of the proposed class action settlement is proper, given that each requirement of Rule 23(e) has been met.

This motion is based on the attached Memorandum of Points and Authorities, the Declaration Of Ricky Borges, the pleadings and papers on file herein, and any other written and oral arguments that may be presented to the Court.

### CIVIL RULE 7-4(a)(3) STATEMENT OF ISSUE TO BE DECIDED

Whether the Court should grant final approval of the proposed class action settlement pursuant to Fed. R. Civ. P. 23(e).

Dated: January 4, 2018         Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Joshua D. Arisohn*
        Joshua D. Arisohn

Scott A. Bursor (State Bar No. 276006)
Joshua D. Arisohn (*Admitted Pro Hac Vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com
            jarisohn@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700

E-Mail: ltfisher@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Tel: (619) 272-7014
Fax: (619) 330-1819
Email: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**PAGE(S)**

I. INTRODUCTION ........................................................................................................... 1

II. CLASS CERTIFICATION ............................................................................................. 1

    A. The Requirements Of Rule 23(a) Are Met ......................................................... 2

    B. The Requirements Of Rule 23(b) Are Met ......................................................... 3

III. THE SETTLEMENT AGREEMENT IS FAIR, ADEQUATE, AND REASONABLE ................................................................................................................. 3

    A. Fulfillment Of The Notice Plan .......................................................................... 4

    B. Relief To The Class ............................................................................................. 6

    C. Injunctive Relief Is Not Necessary ..................................................................... 7

IV. CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Abdeljalil v. Gen. Elec. Capital Corp.*,
  306 F.R.D. 303 (S.D. Cal. 2015) .................................................................................. 9

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ..................................................................................................... 2

*Balschmiter v. TD Auto Fin. LLC*,
  303 F.R.D. 508 (E.D. Wis. 2014) ................................................................................ 9

*Bayat v. Bank of the W.*,
  2015 WL 1744342 (N.D. Cal. Apr. 15, 2015) ...................................................... 5, 7, 9

*Blackwell v. Skywest Airlines, Inc.*,
  245 F.R.D. 453 (S.D. Cal. 2007) ................................................................................. 9

*Carbajal v. Capital One*,
  219 F.R.D. 437 (N.D. Ill. 2004) .................................................................................. 8

*Charvat v. Travel Servs.*,
  2015 WL 76901 (N.D. Ill. Jan. 5, 2015) ..................................................................... 7

*Connelly v. Hilton Grand Vacations Co.*,
  294 F.R.D. 574 (S.D. Cal. 2013) ................................................................................. 9

*Couser v. Comenity Bank*,
  125 F. Supp. 3d 1034 (S.D. Cal. 2015) .................................................................... 6, 9

*Ferrington v. McAfee, Inc.*,
  2012 WL 1156399 (N.D. Cal. Apr. 6, 2012) ............................................................... 5

*Gehrich v. Chase Bank USA, N.A.*,
  316 F.R.D. 215 (N.D. Ill. 2016) .................................................................................. 7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................. 1, 3, 5

*Hashw v. Dep't Stores Nat'l Bank*,
  182 F. Supp. 3d 935 (D. Minn. 2016) ......................................................................... 6

*Hughes v. Kore of Indiana Enter., Inc.*,
  731 F.3d 672 (7th Cir. 2013) ....................................................................................... 8

*In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*,
  789 F. Supp. 2d 935 (N.D. Ill. 2011) ....................................................................... 5, 6

*In re Capital One Tel. Consumer Prot. Act Litig.*,
  80 F. Supp. 3d 781 (N.D. Ill. 2015) ............................................................................ 6

*In re Netflix Privacy Litig.*,
  2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) ............................................................ 2

*In re Syncor ERISA Litig.*,
   516 F.3d 1095 (9th Cir. 2008) .................................................................................. 9

*Kolinek v. Walgreen Co.*,
   311 F.R.D. 483 (N.D. Ill. 2015) ................................................................................ 7

*Lilly v. Jamba Juice Co.*,
   308 F.R.D. 231 (N.D. Cal. 2014) .............................................................................. 8

*Nance v. Humane Soc'y of Pulaski Cnty.*,
   2015 WL 6638836 (E.D. Ark. Sept. 29, 2015) ........................................................ 7

*O'Connor v. Uber Techs., Inc.*,
   201 F. Supp. 3d 1110 (N.D. Cal. 2016) .................................................................... 8

*Rose v. Bank of Am. Corp.*,
   2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) ......................................................... 6

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .................................................................................... 2

*True Health Chiropractic Inc. v. McKesson Corp.*,
   2016 WL 8925144 (N.D. Cal. Aug. 22, 2016) ......................................................... 9

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011) .......................................................................................... 2, 8

*Wolin v. Jaguar Land Rover N. Am., LLC*,
   617 F.3d 1168 (9th Cir. 2010) .................................................................................. 3

*Wright v. Nationstar Mortgage LLC*,
   2016 WL 4505169 (N.D. Ill. Aug. 29, 2016) ........................................................... 7

**STATUTES**

47 U.S.C. § 227 ................................................................................................................ 1

47 U.S.C. § 227(b)(3)(B) ................................................................................................. 9

**RULES**

Fed. R. Civ. P. 23 ............................................................................................................ 1

Fed. R. Civ. P. 23(a) .................................................................................................... 2, 3

Fed. R. Civ. P. 23(a)(2) ................................................................................................... 3

Fed. R. Civ. P. 23(a)(3) ................................................................................................... 3

Fed. R. Civ. P. 23(b) .................................................................................................... 2, 3

Fed. R. Civ. P. 23(b)(3) ................................................................................................... 3

Plaintiff Jose Albino Lucero Jr. ("Plaintiff" or "Class Representative") respectfully submits this memorandum in support of Plaintiff's Motion for Final Approval of Class Action Settlement.

## I. INTRODUCTION

This is a class action suit brought by Plaintiff on behalf of himself and all others similarly situated against Defendant SolarCity Corp. ("Defendant" or "SolarCity") for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

This Court granted preliminary approval of the Settlement on September 15, 2017. Order Granting Preliminary Approval Of Class Action Settlement, Certifying Settlement Class For Settlement Purposes Only, And Approving Notice Plan (ECF No. 176) ("Order Granting Preliminary Approval"). The Settlement Class encompasses:

> all individuals in the United States, from November 6, 2011 to the date the class notice is disseminated, who received from or on behalf of Defendant: (1) one or more calls on their cellphones, or (2) at least two telemarketing calls during any 12-month period where their phone numbers appeared on a National or State Do Not Call Registry or Solar City's Internal Do Not Call List more than 15 days before the calls.

7/14/17 Arisohn Decl. Ex. A at Section 1.1.35. Under the terms of the Settlement, SolarCity will pay $15 million into a Settlement Fund for the settlement of all claims in this action. *Id.* at Section 4.1. The monetary benefits afforded the Class through the Settlement Agreement fulfills the purpose of this action, is in-line with agreements approved in comparable cases nationwide, and far exceeds what is required for final approval. In addition, in accordance with the notice program approved by the Court, direct mail notice was sent to 91% of the Class and there have been few exclusions or objections. Decl. Of Ricky Borges Regarding Notice ("Borges Decl.") ¶¶ 8, 16-17. As such, the Settlement not only satisfies Rule 23's "fair, reasonable, and adequate" standard, it is an outstanding result for Plaintiff and the Settlement Class. The Court should grant final approval.

## II. CLASS CERTIFICATION

The Ninth Circuit has recognized that certifying a settlement class to resolve consumer lawsuits is a common occurrence. *Hanlon*, 150 F.3d at 1019. When presented with a proposed settlement, a court must first determine whether the proposed settlement class satisfies the requirements for class certification under Rule 23. In assessing those class certification

requirements, a court may properly consider that there will be no trial. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

In its Order Granting Preliminary Approval, this Court concluded that class certification was appropriate and conditionally certified the Settlement Class for settlement purposes. Order Granting Preliminary Approval ¶¶ 4-5. Notably, no objections have challenged that conclusion. Thus, the Court may rely on the same rationale as explained in its Order to find that class certification is appropriate under Fed. R. Civ. P. 23(a) and (b) in connection with final approval. *See In re Netflix Privacy Litig.*, 2013 WL 1120801 at *3 (N.D. Cal. Mar. 18, 2013) ("Because the Objections do not appear to raise a viable challenge to th[e] conclusion [that certification of a settlement class is appropriate], the Court will rely on the rationale for class certification as explained in the Preliminary Approval Order."). Here, for the same reasons set forth below and in the Order Granting Preliminary Approval, the Settlement Class meets the requirements of Rule 23(a) and (b).

**A.     The Requirements Of Rule 23(a) Are Met**

To achieve class certification, the proposed class must meet the numerosity, commonality, typicality, and adequacy of representation requirements of Federal Rule of Civil Procedure 23(a). *See Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003). In its Order Granting Preliminary Approval, the Court already concluded that Rule 23(a)'s requirements have been met. Order Granting Preliminary Approval ¶¶ 4-5.

First, the class definition is estimated to cover several million people, rendering the class "so numerous that joinder of all members is impracticable." *See id.* ¶ 4 ("the Settlement Class is sufficiently numerous").

Second, all of the Class Members' claims arise from a common nucleus of facts and are based on the same legal theories. Each Class Member received calls from SolarCity that allegedly violated the TCPA. That "common contention" is "capable of classwide resolution . . . meaning that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011); Fed. R.

Civ. P. 23(a)(2). Accordingly, "there are questions of law and fact common to members of the Settlement Class that predominate. . . ." Order Granting Preliminary Approval ¶ 4. Thus, the claims are capable of class-wide resolution in keeping with Federal Rule of Civil Procedure 23(a)(2).

Third, the claims of the Class Representative are typical of the Class' claims because, like all other members of the Settlement Class, Mr. Lucero alleged that he received telemarketing calls from Defendant. Accordingly, this Court concluded that "Mr. Lucero and his counsel adequately represent the interests of the Settlement Class. . . ." Order Granting Preliminary Approval ¶ 4; Fed. R. Civ. P. 23(a)(3); 7/14/17 Arisohn Decl., Ex. B (ECF No. 1717-1) (Bursor & Fisher's firm resume); 11/12/17 Nathan Decl., Ex. A (ECF No. 179-2) (Nathan & Associates' firm resume). Accordingly, each of Rule 23(a)'s requirements for class certification is met.

### B. The Requirements Of Rule 23(b) Are Met

Under Rule 23(b)(3), the court must find "that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). As this Court already found, "there are questions of law and fact common to members of the Settlement Class that predominate. . . ." Order Granting Preliminary Approval ¶ 4. Accordingly, Rule 23(b)(3)'s predominance requirement is met. *See Hanlon*, 150 F.3d at 1022.

As to the superiority requirement, the alternative to class certification in this case would be either millions of separate proceedings, or abandonment of claims by most Class Members because the amount of individual recovery would be relatively small. Additionally, separate proceedings by individual Class Members would create significant expense and a risk of inconsistent judgments. Thus, as this Court already found, "a settlement class action is a superior method of adjudicating this litigation." Order Granting Preliminary Approval ¶ 4; *see also Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010).

### III. THE SETTLEMENT AGREEMENT IS FAIR, ADEQUATE, AND REASONABLE

In its motion for preliminary approval, Class Counsel already briefed the first six of the factors enumerated in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Pl.'s Mot. For Prelim. Approv. Of Class Action Settlement (ECF No. 171) at 7-10 (discussing (1) the strength

of plaintiff's case; (2) the risk of continuing litigation; (3) the risk of maintaining class action status; (4) the amount offered in settlement; (5) the extent of discovery and status of proceedings; and (6) the experience and views of counsel). Accordingly, Plaintiff respectfully refers the Court to his prior briefing and accompanying declarations concerning the application of the *Hanlon* factors. In addition, the following subsections will update the Court on the fulfillment of the notice plan and respond to criticisms raised by the objectors in opposition to final approval.

### A. Fulfillment Of The Notice Plan

The Parties agreed to a notice plan, which the Court approved in its Preliminary Approval Order. Order Granting Preliminary Approval ¶¶ 9-11. The approved notice plan informed the Settlement Class of their rights and followed a comprehensive plan for delivery of notice by U.S. postal mail, as well as a settlement website and a toll-free hotline, and was the best notice practicable given the circumstances of this action. Borges Decl. ¶¶ 12, 18-19, Exs. 2-3, 6. Furthermore, the notices accurately informed Class Members of the salient terms of the Settlement Agreement, the date of the final approval hearing and the rights of all parties, including the rights to file objections and to opt out of the Class. *Id.* ¶¶ 16-17, Exs. 2-3, 6. This method of giving notice was appropriate because it provided a fair opportunity for members of the Settlement Class to learn about the Settlement Agreement and to make an informed decision regarding the proposed Settlement. Thus, the notices and the procedures embodied in the notices amply satisfy the requirements of due process.

As part of the Settlement, the parties selected Epiq Class Action & Mass Tort Solutions, Inc. ("Epiq") as the claims administrator. On September 15, 2017, the Court granted preliminary approval of the settlement, and it appointed Epiq as the administrator in this settlement. Order Granting Preliminary Approval ¶ 8. Epiq is a preeminent claims administration firm with experience administering more than 1,000 settlements. Borges Decl. ¶ 2 ("Epiq has administered more than 1,000 settlements, including some of the largest and most complex cases ever settled."). Simply put, Epiq is a sophisticated claims administrator with the necessary experience to publish notice and process claims.

In accordance with the notice program approved by the Court, Epiq sent postcard notice by

direct physical mail to 3,233,594 class members. *Id.* ¶ 8. The class is comprised of 3,537,879 members, which means that direct notice was sent to "approximately 91% of the Settlement Class." *Id.* As of December 29, 2017, 111,939 class members had filed claims in this case, amounting to a claims rate of 3.16%. Given that the claim period will remain open until April 16, 2018, the claims rate in this case falls well within the expected and acceptable range for this type of case. *See, e.g., Ferrington v. McAfee, Inc.*, 2012 WL 1156399, *4 (N.D. Cal. Apr. 6, 2012) ("[T]he prevailing rule of thumb with respect to consumer class actions is [a claims rate of] 3–5 percent."); *Bayat v. Bank of the W.*, 2015 WL 1744342, at *1 (N.D. Cal. Apr. 15, 2015) (approving TCPA settlement with "claims rate for the monetary relief portion of the settlement of roughly 1.9%"); *Arthur v. SLM Corp.*, No. C10-0198 JLR (W.D. Wash. Aug. 8, 2012) (ECF No. 249 at 2-3 (approving TCPA settlement with a claims rate of approximately 2%). There have also been 93 exclusions and 4 objections, which represents a total of just 0.0027% of the class. Borges Decl. ¶¶ 16-17; *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 965 (N.D. Ill. 2011) (finding that opt-out or objection by 0.01% of class members "remarkably low").

Objector Bruce Rorty writes that he did not receive notice until "December 14, or 15 2017" and that "[t]his late delivery meant that [he] had to cancel Friday evening plans. . . ." Rorty Obj. at 1. As set out in the Borges Declaration, however, Mr. Rorty was first sent postcard notice on October 16, 2017. Borges Decl. ¶ 17. That notice was returned as undeliverable, and with additional address research, Epiq was able to re-mail Mr. Rorty notice on December 7, 2017. *Id.* Mr. Rorty's objection was postmarked on December 15, 2017. *Id.* Accordingly, rather than demonstrate any problems with the notice plan or its execution, Mr. Rorty's objection shows that it was well constructed and carried out diligently. Indeed, Epiq went above and beyond to get Mr. Rorty notice of the settlement within the period necessary for him to object or opt out despite his change of address.[1]

Objector Zoe Sharp writes that "the administration process makes it incredibly difficult to opt out or object" because these requests must be made in writing and not by email. Sharp Obj. at 1.

---

[1] Mr. Rorty's objection is postmarked December 15, 2017, and is therefore timely. Mr. Rorty also submitted an exclusion, but it is postmarked December 16, 2017 and is not timely.

1  But the Class Settlement employs the same mechanisms for exclusions and objections that are used
2  in most class action settlements.  Indeed, the Northern District Of California's Procedural Guidance
3  for Class Action Settlements (the "Procedural Guidance"), suggests that "[t]he notice should instruct
4  class members who wish to exclude themselves from the settlement to *send a letter* only to the
5  settlement administrator. . . ."  Procedural Guidance, Available at
6  http://www.cand.uscourts.gov/ClassActionSettlementGuidance (last checked Jan. 3, 2018)
7  (emphasis added).  Likewise, the Procedural Guidance suggests language for class notices that states
8  "You may object to the proposed settlement *in writing*."  *Id.* (emphasis added).  Here, the Settlement
9  Agreement follows these provisions to a tee and thus provides for acceptable means to both opt-out
10 and object.

### B. Relief To The Class

Objector Robert C. Pegg objects to final approval of the Settlement Agreement "because it provides next to nothing to individual settlement class members." Pegg Obj. at 1.  Likewise, objector Zoe Sharp complains about "petty compensation for class members (who were barely harmed, based on statutory damages)." Sharp Obj. at 1.  Contrary to these objections, class members in this case will receive compensation that far exceeds the recovery for class members in the vast majority of TCPA class actions.

Based on the current number of claims, and assuming that Plaintiff's requests for fees is granted in full, class members who have submitted claims are each slated to receive $77.29.  Few TCPA class actions have provided class members with more relief.  *See, e.g.*, *Rose v. Bank of Am. Corp.*, 2014 WL 4273358, *10 (N.D. Cal. Aug. 29, 2014) (approving $20 to $40 per claimant); *Kazemi v. Payless Shoesource, Inc.*, No. 09-cv-5142, dkt. 94 (N.D. Cal. Apr. 2, 2012) (providing for a $25 merchandise voucher to each class member); *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 944 (D. Minn. 2016) (approving a TCPA settlement that yielded $33.20 per claimant); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 790 (N.D. Ill. 2015) ("$34.60 per claimant recovery in this case does not seem so miniscule in light of the fact that class members did not suffer any actual damages beyond a few unpleasant phone calls. . . ."); *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1044 (S.D. Cal. 2015) ("Although Class Members are only expected to

recover approximately $13.75, the Court finds that in light of the large number of Class Member claimants and high claims rate, the amount of the Settlement Fund weighs in favor of approving the Settlement."); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493 (N.D. Ill. 2015) ("[T]hirty dollars per claimant" is "within the range of recoveries" in TCPA class actions") (omitting quotation marks and citations); *Wright v. Nationstar Mortgage LLC*, 2016 WL 4505169, at *8 (N.D. Ill. Aug. 29, 2016) ("And the $45 recovery per claimant is also in line with other TCPA settlements."); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) (recovery of $52.50 "falls well within the range of recoveries in other recent TCPA class actions"); *Charvat v. Travel Servs.*, 2015 WL 76901, at *1 (N.D. Ill. Jan. 5, 2015) (noting a "*pro rata* settlement award distribution of $48.37").

Because the Settlement provides a substantial monetary benefit to Class Members above and beyond that recovered in the vast majority of TCPA cases, the Pegg and Sharp objections should be overruled.

### C.   Injunctive Relief Is Not Necessary

Objector Scott Dodson "lodge[s] a small objection to this settlement based on its lack of injunctive relief against SolarCity."  Dodson Obj. at 1.  According to Mr. Dodson, while "compensation is nice," injunctive relief is also necessary "to prevent the harassing and unlawful calls from continuing in the future."  *Id.* at 1, 3.  This objection is without merit.

Plaintiff's goal in seeking a settlement in this case was to maximize the amount of monetary relief for the class.  In this endeavor, Plaintiff was tremendously successful.  The common fund is comprised of $15 million and, assuming that Plaintiff's fee application is granted in full, each class member making a claim is currently slated to receive $77.29.  But every settlement is a compromise. Here, obtaining injunctive relief would have risked securing less monetary relief.  That would have been a dubious negotiating tactic given that injunctive relief in TCPA cases is often "largely illusory."  *Bayat v. Bank of the W.*, 2015 WL 1744342, at *6 (N.D. Cal. Apr. 15, 2015).  Moreover, injunctive relief would be of little to no value to the class given that Defendant is already legally obligated to comply with the requirements of the TCPA.  *Nance v. Humane Soc'y of Pulaski Cnty.*, 2015 WL 6638836, at *4 (E.D. Ark. Sept. 29, 2015) ("injunctive relief that requires a party to simply obey the law is not appropriate").

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT                           7
CASE NO. 15-CV-05107-RS

Mr. Dodson also appears to misunderstand two crucial aspects of the Settlement Agreement. First, he argues that the settlement "effectively enjoins class members from participating in a lawsuit demanding injunctive relief in the future." Dodson Obj. at 4. Second, Mr. Dodson suggests that, absent injunctive relief, Defendant has no incentive to improve its compliance policies and procedures. These views are both incorrect. By its very terms, the Settlement Agreement limits "Released Claims" to those that "were brought in the Litigation or could have been brought in the Litigation or relat[e] in any way to telephone calls by, from, or on behalf of SolarCity to Settlement Class Members." 7/14/17 Arisohn Decl. Ex. A at Section 1.1.28. As such, the claims released are limited to those that arise out of telephone calls made during the class period: "November 6, 2011 to the date the class notice is disseminated." *Id.* at 7. Here, class notice was disseminated on October 16, 2017. Borges Decl. ¶ 12. Accordingly, if SolarCity makes any telephone calls after that date that violate the TCPA, including to members of the Class in this case, those calls could subject it to another multi-million dollar class action lawsuit. As such, even without injunctive relief, Defendant has every incentive in the world going forward to avoid placing telephone calls that violate the TCPA. *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1134 (N.D. Cal. 2016) ("By providing fair compensation to the class members . . . and substantial monetary relief, a settlement not only vindicates the rights of the class members . . . , but may have a deterrent effect upon the defendant"); *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 238 (N.D. Cal. 2014) ("A class action, like litigation in general, has a deterrent as well as a compensatory objective.") (quoting *Hughes v. Kore of Indiana Enter., Inc.*, 731 F.3d 672, 677 (7th Cir. 2013)); *Carbajal v. Capital One*, 219 F.R.D. 437, 443 (N.D. Ill. 2004) ("the threat of a class action has a potent deterrent effect").

Notably, it is unclear whether injunctive relief would even be available in this case if Plaintiff pressed forward. Indeed, in opposition to Plaintiff's motion for class certification, Defendant wrote the following:

> The Supreme Court rejected such a tactic in *Wal–Mart Stores, Inc. v. Dukes*, holding that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." 564 U.S. at 360-61; *Blackwell v. Skywest Airlines, Inc.*, 245 F.R.D. 453, 466 (S.D. Cal. 2007) (plaintiff must show that monetary damages merely incidental to

> injunctive relief).  Here, each class member can independently claim statutory damages under the TCPA, and Lucero expressly seeks statutory damages of $500 for each of the purported "millions" of alleged violations.  47 U.S.C. § 227(b)(3)(B).  "Thus Plaintiff['s] TCPA claims are ineligible for Rule 23(b)(2) certification, regardless of Plaintiff['s] parallel request for injunctive relief." *Connelly* [*v. Hilton Grand Vacations Co.*], 294 F.R.D. [574,] at 579 [(S.D. Cal. 2013)]; *see also Abdeljalil v. Gen. Elec. Capital Corp.*, 306 F.R.D. 303 (S.D. Cal. 2015).

Def. SolarCity Corp.'s Opp'n to Mot. For Class Cert. (ECF No. 144) at 25; *True Health Chiropractic Inc. v. McKesson Corp.*, 2016 WL 8925144, at *3 (N.D. Cal. Aug. 22, 2016) (injunctive relief class "under Rule 23(b)(2) impermissible" because "each plaintiff is independently entitled to statutory damages"); *Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 516 (E.D. Wis. 2014) ("[P]ermitting certification under Rule 23(b)(2) in TCPA cases would impermissibly allow the monetary tail to wag[ ] the injunction dog.") (internal quotation marks omitted).  While Plaintiff contested this position, the availability of injunctive relief in this case was far from a foregone conclusion.  Accordingly, even if this litigation continues to trial and Plaintiff is successful, he might very well not be able to obtain any injunctive relief for the class at all.  As such, Plaintiff was entirely justified foregoing essentially worthless injunctive relief in order to maximize monetary benefits for the class.  *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1047 (S.D. Cal. 2015) (approving TCPA class settlement even though the settlement did "not provide for injunctive or any other type of non-monetary relief"); *Bayat*, 2015 WL 1744342, at *6 ("Despite the minimal injunctive relief on offer in this settlement, the Court is convinced that the total class recovery obtained here is sufficient to approve the settlement, especially in light of the 'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" ) (quoting *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008)).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court overrule the objections, grant final approval to the Settlement Agreement, certify the Settlement Class, and enter the Final Approval Order in the form submitted herewith.

| | |
|---|---|
| Dated: January 4, 2018 | Respectfully submitted,<br>**BURSOR & FISHER, P.A.**<br><br>By:  /s/ *Joshua D. Arisohn*<br>         Joshua D. Arisohn<br><br>Scott A. Bursor (State Bar No. 276006)<br>Joshua D. Arisohn (*Admitted Pro Hac Vice*)<br>888 Seventh Avenue<br>New York, NY  10019<br>Telephone: (212) 989-9113<br>Facsimile:  (212) 989-9163<br>E-Mail: scott@bursor.com<br>            jarisohn@bursor.com<br><br>**BURSOR & FISHER, P.A.**<br>L. Timothy Fisher (State Bar No. 191626)<br>1990 North California Boulevard, Suite 940<br>Walnut Creek, CA  94596<br>Telephone: (925) 300-4455<br>Facsimile:  (925) 407-2700<br>E-Mail: ltfisher@bursor.com<br><br>**NATHAN & ASSOCIATES, APC**<br>Reuben D. Nathan (State Bar No. 208436)<br>600 W. Broadway, Suite 700<br>San Diego, California 92101<br>Tel: (619) 272-7014<br>Fax: (619) 330-1819<br>Email: rnathan@nathanlawpractice.com<br><br>*Attorneys for Plaintiff* |