UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE ALBINO LUCERO JR.,

    Plaintiff,

v.

SOLARCITY CORP., et al.,

    Defendants.

Case No. 15-cv-05107-RS

**ORDER GRANTING MOTION FOR ATTORNEY FEES AND INCENTIVE AWARDS**

The application of plaintiff's counsel to recover attorney fees was heard in conjunction with the motion for final approval of the parties' settlement of this class action.[1] Ninth Circuit law is settled that in a "common fund" case such as this one, it generally is appropriate to award fees either on the basis of a so-called "lodestar" calculation or by applying a "percentage of the fund" to determine the fee amount. *See e.g. In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method."); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method.").

---

[1] At the hearing, the Court stated its intent to grant final approval of the settlement. That decision will be memorialized in writing upon the parties' submission of a revised proposed order granting the motion and a proposed judgment.

Counsel seeks a fee award in the amount of $5 million, representing one-third of the settlement fund.[2] The Ninth Circuit recognizes a 25% "benchmark" to be a useful starting point for analysis of percentage-based fee awards in common fund cases. *Vizcaino*, 290 F.3d at 1047–48. All the circumstances of the case, however, must be taken into consideration. *Id.* Additionally, even where "the primary basis of the fee award remains the percentage method, the lodestar may provide a useful perspective on the reasonableness of a given percentage award." *Id.* at 1050.

Here, plaintiff's counsel achieved a favorable settlement projected to provide a substantial estimated cash payout per class member, although that estimate is based on the assumption that only a small fraction of the class will submit claims. The matter was vigorously and well-defended, and presented substantial risk to plaintiffs. That said, the litigation did not involve novel issues nor did it proceed in an unusual manner or direction. Furthermore, the fee request represents what would be a 4.1 multiplier to the asserted lodestar, even assuming no reduction to the hours or rates claimed would be in order. While a multiplier in that range may be permissible in some circumstances, plaintiffs have not shown it to be warranted here, or that an upward departure from the 25% benchmark is appropriate to that degree. Rather, upon review of the entire record, including counsel's contingent risk, delay in payment, skill demonstrated, and results achieved, the Court finds an upward adjustment to a 30% recovery is warranted here. Although there may sometimes be sound reasons to apply such a percentage to the class's *net* recovery after deducting administration costs and incentive awards, in this instance an appropriate award can be calculated by applying the percentage to the $15 million settlement fund. Accordingly, the fee application will be granted in the amount of $4,500,000, which, as previously noted, is inclusive of all expenses and costs incurred by counsel.

---

[2] The motion also separately requests "reimbursement of $144,628.85 in out-of-pocket expenses." That claim will be subsumed in the fees awarded under this order, as appears to have been contemplated in the parties" settlement agreement. See settlement agreement, para. 6.1 ("Class Counsel shall apply to the Court for attorney's fees, expenses, and costs, totaling up to one-third of the Settlement Fund.")

The representative plaintiffs in this action and in the related action that is encompassed in the settlement also seek incentive awards of $5000 each, for a total of $15,000. *Radcliffe v. Experion Information Solutions*, 715 F.3d 1157 (9th Cir. 2013) teaches that making incentive awards, "should not become routine practice" and that they must be "scrutinize[d]" carefully, so that they "do not undermine the adequacy of the class representatives." 715 F. 3d at 1160. The greater the disparity between the awards and the recovery by other class members, the more cause there is for concern. *Id.* Given the estimated recovery of individual class members, and all other circumstances here, an appropriate incentive award to the representative plaintiffs is $2500 each, for a total of $7500.

**IT IS SO ORDERED**.

Dated: January 26, 2018

_____
RICHARD SEEBORG
United States District Judge