1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              NORTHERN DISTRICT OF CALIFORNIA

10                             SAN FRANCISCO DIVISION

11

12   JOSE ALBINO LUCERO JR., on Behalf of          Case No.    3:15-cv-05107-RS
     Himself and all Others Similarly Situated,
13                                                 [~~PROPOSED~~] **ORDER GRANTING**
                           Plaintiff,              **FINAL APPROVAL OF CLASS**
14                                                 **ACTION SETTLEMENT**
             vs.
15                                                 Hon. Richard Seeborg
     SOLARCITY CORP.,                              Action Filed: November 6, 2015
16
                           Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

1    On September 15, 2017, this Court granted preliminary approval of the proposed class

2    action settlement between the parties ("Settlement Agreement").

3    The Court also provisionally certified a nationwide Settlement Class for settlement

4    purposes, approved the procedure for giving notice and forms of Notice, and set a final approval

5    hearing to take place on January 18, 2018.  The Settlement Class is defined as:

6    
> All individuals in the United States, from November 6, 2011 to the
> date the class notice is disseminated, who received from or on
> behalf of Defendant:  (1) one or more calls on their cellphones; or
> (2) at least two telemarketing calls during any 12-month period
> where their phone numbers appeared on a National or State Do Not
> Call Registry or SolarCity's Internal Do Not Call List more than 15
> days before the calls.

10   Settlement Class Members who excluded themselves from the Settlement, pursuant to the

11   procedures set forth in Section 10 of the Settlement Agreement, shall no longer thereafter be

12   Settlement Class Members and shall not be bound by the Settlement Agreement and shall not be

13   eligible to make a claim for any benefit under the terms of this Settlement Agreement.

14   On January 18, 2018, the Court held a duly noticed final approval hearing to consider:

15   (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and

16   adequate; (2) whether a judgment should be entered dismissing the complaint on the merits and

17   with prejudice in favor of the Defendant and against all persons or entities who are Settlement

18   Class members herein who have not requested exclusion from the Settlement Class; and

19   (3) whether and in what amount to award counsel for the Settlement Class as attorneys' fees and

20   expenses and whether and in what amount to make incentive awards.

21   The Court, having considered all matters submitted to it at the hearing and otherwise, and

22   it appearing that the Class Notice substantially in the form approved by the Court was given in the

23   manner that the Court ordered, and having considered and determined that the proposed

24   settlement of the claims of the Settlement Class Members against the Defendant, and the

25   attorneys' fees and expenses and incentive awards granted in the Court's January 26, 2018 Order,

26   are fair, reasonable and adequate, hereby ORDERS THAT:

27   1.    The Settlement Agreement, including the definitions contained therein, is

28   incorporated by reference into this Settlement Approval Order and Final Judgment.

2.   The Court finds that the prerequisites for a settlement class under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Representative Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) the Representative Plaintiff has and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

3.   Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action, for purposes of settlement, as a nationwide class action on behalf of:

> All individuals in the United States, from November 6, 2011 to the date the class notice was disseminated, who received from or on behalf of Defendant: (1) one or more calls on their cellphones, or (2) at least two telemarketing calls during any 12-month period where their phone numbers appeared on a National or State Do Not Call Registry or SolarCity's Internal Do Not Call List more than 15 days before the calls.

Settlement Class Members who excluded themselves from the Settlement, pursuant to the procedures set forth in Section 10 of the Settlement Agreement, shall no longer thereafter be Settlement Class Members and shall not be bound by this Settlement Agreement and shall not be eligible to make a claim for any benefit under the terms of this Settlement Agreement.

4.   The Court appoints Bursor & Fisher, P.A. and Nathan & Associates, APC as counsel for the Settlement Class.  The Court designates named plaintiff Jose Albino Lucero Jr. as the Class Representative.

5.   Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances.  The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other

1   applicable law, and constituted due and sufficient notice to all persons and entities entitled

2   thereto.

3       6.      The Court has reviewed and considered the objections to the Settlement received

4   and hereby overrules those objections.  Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the

5   Settlement Agreement is fair, reasonable and adequate, and accordingly, approves the Settlement

6   Agreement.

7       7.      Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards to Class Counsel

8   attorneys' fees and expenses in the amount of $4,500,000, which is inclusive of all expenses and

9   costs incurred by Class Counsel.  The Court also orders payment of incentive awards in the

10  amount of $2,500 each to Jose Albino Lucero Jr., Carole Gibbs, and Arthur Colby.  These

11  amounts are to be paid in the time and manner described in the Settlement Agreement, and the

12  Stipulation and Order Regarding Undertaking Re: Attorneys' Fees and Costs.

13      8.      The Action is hereby dismissed with prejudice and without costs entered for any

14  party except as set forth above.

15      9.      Representative Plaintiff and all Settlement Class Members (except any such person

16  who has filed a proper and timely request for exclusion) are hereby permanently barred and

17  enjoined from instituting, commencing or prosecuting, either directly or in any other capacity,

18  any and all of the Released Claims against the Released Parties.

19      10.     Without affecting the finality of the Settlement Approval Order and Final

20  Judgment in any way, this Court hereby retains continuing jurisdiction over:  (a) the disposition

21  of the settlement benefits; (b) the settling parties for purposes of construing, enforcing and

22  administering the Settlement Agreement; and (c) enforcement of the Stipulation and Order

23  Regarding Undertaking Re: Attorneys' Fees and Costs.

24

25

26

27

28

1    11.    Without further order of the Court, the settling parties may agree to reasonably

2  necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

3

4  DATED:    2/1/18

5    THE HONORABLE RICHARD SEEBORG
   UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28