Scott Dodson
3286 Sweet Drive
Lafayette, CA 94549
(925) 285-1445
Dodson@alumni.duke.edu

FILED
FEB 07 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

February 5, 2017

The Honorable Richard Seeborg
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

RE:     *Lucero v. SolarCity Corp.*, No. 3:15-cv-05107-RS

Dear Judge Seeborg:

    I am a class member in the above-captioned lawsuit. In December, I properly and timely objected to the proposed settlement on the grounds that it lacked any provision for injunctive or prospective relief while appearing to bar future claims for injunctive relief. I write to request that your final approval order clarify that the settlement does not bar any claims or relief based on calls made after the close of the class period.

    I continue to disagree that the settlement is fair, adequate, and reasonable for the reasons stated in my objection. However, at the fairness hearing, you overruled my objection, and I will not rehash those arguments here. I have preserved my right to appeal and can do so after the final judgment has been entered.

    Here, I simply ask that your final approval order make clear that the settlement does not release any rights, remedies, claims, or demands based on calls made after the close of the class period. The reason why this clarification is important is that the settlement is, at best, ambiguous on this point.

    The settlement agreement purports to bar any class member from pursuing any claim or demand "related to" the Released Claims.[1] Released Claims include "any and all claims, liabilities, [and] demands . . . brought in the Litigation."[2] One of the claims brought in the litigation was a demand for injunctive relief "prohibiting such violations of the TCPA by Defendants in the future."[3] Thus, the settlement agreement could be construed to bar a class member's demand for injunctive relief based on calls made after close of the class period.[4]

---

[1] *See* Proposed Settlement Agreement ¶ 9; *see also id.* ¶ 10.4.3(v) (seeking a proposed order to "permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction related to the Released Claims").
[2] *Id.* ¶ 1.1.28.
[3] Second Amended Class Complaint ¶¶ 2, 54, 59; *id.* at 13.
[4] Further, Released Claims include all claims "relating in any way to telephone calls by, from, or on behalf of SolarCity to Settlement Class Members" without limiting the calls to those made during the class period. *See* Proposed Settlement Agreement ¶ 1.1.28.

Fortunately, it appears that this is *not* the intent of the parties. Class counsel has asserted that "the claims released are limited to those that arise out of telephone calls made during the class period . . . . Accordingly, if SolarCity makes any telephone calls after that date that violate the TCPA, including to members of the Class in this case, those calls could subject it to another multi-million dollar class action lawsuit."[5]

For these reasons, I request that the final approval order include language clarifying that the settlement does not release claims or relief based on calls made outside the class period. Such language would resolve the ambiguity in the settlement agreement and conform to the understanding of the parties.

Respectfully submitted,

Scott Dodson

cc:

Scott A. Bursor
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019

Tiffany Cheung
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105

Lucero v. SolarCity TCPA Settlement
P.O. Box 4655
Portland, OR 97208-4655

Class Action Clerk
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

---

[5] *See* Plaintiff's Notice of Motion and Motion for Final Approval of Class Action Settlement 8 (Jan. 4, 2018). I note that class counsel and SolarCity failed to serve their responses to my objection on me as required by the settlement agreement. *See* Proposed Settlement Agreement ¶ 10.3.1 ("Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than ten (10) days prior to the Final Approval Hearing. The Settling Party so responding shall file a copy of the response with the Court, and *shall serve a copy, by hand or overnight delivery, to the objector* (or counsel for the objector)." (emphasis added)).